UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | PRISONER |
| | : | NO. 3:00CV2253(JCH)(HBF) |
| VS. | : | |
| | : | |
| C.O. DRUMMOND, ET AL. | : | JULY 16, 2004 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING RE EXHAUSTION

The defendants in the above-captioned matter respectfully move for an evidentiary hearing to the Court for the purpose of determining whether or not the plaintiff exhausted his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The defendants seek this hearing prior to the time and expense of a jury trial on the merits.

**Background:**

The plaintiff, an inmate, initiated this matter in November of 2000, initially acting *pro se.* In July of 2002, the defendants filed a Motion to Dismiss this action based on the plaintiff's failure to exhaust his administrative remedies. See Docket Nos. 30-31, 34, 46-50.[1] The defendants filed numerous Affidavits in support of the motion, as well as a copy of the plaintiff's deposition transcript in order to demonstrate that the plaintiff had not exhausted his administrative remedies. The plaintiff filed an opposing Affidavit. The Court denied the Motion to Dismiss, noting, "In this Circuit, failure to exhaust administrative remedies is considered an affirmative defense that must be pleaded and provided by the defendants. *Jenkins v. Haubert,*

179 F.3d 19, 28-29 (2d Cir. 1999)…; *Reyes v. Punzal*, 206 F. Supp.2d 431, 433 (W.D.N.Y. 2002)." See Ruling, Docket No. 52, p. 7. The Court noted that in order to prevail on their motion, "the defendants must show that there is no genuine issue of material fact regarding whether Barile exhausted his administrative remedies before commencing this action." Ruling, p. 7. The Court also noted that, in the context of ruling on that motion, the court was obligated to "resolve all ambiguities and draw all inferences in favor of the non-moving party." Ruling, p. 3. In issuing its ruling, the Court appropriately noted that the Affidavits of the defendants and the plaintiff were in contrast to one another with regard to the filing of institutional grievances, thus "resolution of this issue requires a credibility determination by the finder of fact." Ruling, p. 8.

The defendants now seek a hearing to the Court solely on the issue of exhaustion of administrative remedies. The plaintiff opposes, arguing that the plaintiff is entitled to a determination by a jury at the time of trial regarding whether or not he filed grievances in accordance with Department of Correction Administrative Directive 9.6,

**Argument:**

The Prison Litigation Reform Act (hereinafter "PLRA") states, in seemingly simple language, "No action shall be brought with respect to prison conditions under § 1983 … or any other federal law … by a prisoner …, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute is subject to interpretation on the manner in which exhaustion is to be determined as well as at what stage of any given action. For example,

---

[1] The defendants later moved for summary judgment on the merits. See Docket Nos. 64-84. This motion was ultimately granted in part and denied in part, leaving the four remaining defendants: Barry Drummond, Ossie Channer, Tony Villarini and Robin Maciag.

while nearly every Circuit Court has now, after several years, determined that exhaustion is not a jurisdictional hurdle, Section 1997e(a) has challenged circuit and district courts alike in this and a variety of issues.  *Richardson v. Goord,* 347 F.3d 431, 434 (2d Cir. 2003); *Harris v. Totten,* 244 F. Supp.2d 229 (S.D.N.Y. 2003).[2]

Numerous procedural questions persist in the "thicket of jurisprudence on the issue of exhaustion under the PLRA." *Scott v. Gardner,* 287 F. Supp.2d 477 (S.D.N.Y. 2003).[3] Courts disagree on whether and under what circumstances a case can be dismissed pursuant to Rule 12(b)(6) for failure to exhaust.  The Sixth Circuit, for example, requires plaintiff inmates to attach grievance forms to a complaint or be subject to dismissal, essentially making the exhaustion requirement a heightened pleading standard.  *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002).   Other courts have conferred the exhaustion requirement with various procedural statuses:  a "condition precedent to filing" and an affirmative defense.  *See, e.g., Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir.), *cert. denied sub nom Alameida, Dir., Ca DOC v. Wyatt,* 2003 U.S. LEXIS 5499 (2003); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam); *Jackson v. District of Columbia,* 89 F. Supp.2d 48, 55-56 (D.D.C 2000); *Gregory v. PHS Inc.,* 2001 U.S. Dist. LEXIS 15765 (D. Del. 2001).   While the Second Circuit has never specifically

---

[2] The *Harris* court cited *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995) (citing *DiLaura v. Power Auth.*, 982 F.2d 73, 79 (2d Cir. 1992)) ("If a party fails to exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist.");  *Long v. Lafko,* 2001 U.S. Dist. LEXIS 10808, 2001 WL 863422, at *1 (S.D.N.Y. July 31, 2001)("Courts in the Second Circuit have treated failure to exhaust administrative remedies under the PLRA as implicating a court's subject matter jurisdiction.").

[3] The Second Circuit is currently addressing various other issues involving exhaustion not addressed within the language of the statute.  *See Giano v. Goord*, Docket No. 02-0105; *Ortiz v. McBride*, Docket No. 02-0088; *Hemphill v. State of New York*, Docket No. 02-0164;  *Abney v. Dep't of Corrections*, 02-0241; and *Johnson v. Reno*, Docket No. 02-0145.

addressed this issue, the conclusion that exhaustion is an affirmative defense is widely attributed to the dicta in *Jenkins v. Haubert,* 179 F.3d 18, 28-29 (2d Cir. 1999) (referencing exhaustion as an affirmative defense but not considering the nature of the exhaustion requirement specifically).

While the procedural status of the exhaustion requirement is a question related to the issue presented in this case, it is not dispositive of it. This case presents a situation which, judging from the available caselaw, has not been widely litigated but is not unheard of, that is, a case in which the issue of exhaustion turns on a question of credibility not suitable for resolution absent testimony, determinations of credibility and a finding of facts. There are some cases in which this or similar situations have been addressed.

The Ninth Circuit has, like the Second, concluded that "Section 1997e(a) creates a defense--defendants have the burden of raising and proving exhaustion." *Wyatt, supra,* 315 F.3d at 1119; *Rumbles v. Hill,* 182 F.3d 1064, 1068 (9th Cir. 1999), *cert. den.,* 528 U.S. 1074 (2000). The conclusion that exhaustion is an affirmative defense is not tantamount within the Ninth Circuit, however, with the notion that no credibility determination regarding exhaustion may be made until a trial upon the merits of the case. Rather, the Ninth Circuit generally holds that, while exhaustion is a defense, "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt, supra,* 315 F.3d at 1119. This is based upon the principle "that summary judgment is on the merits … whereas dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Id.* (internal citations, quotations omitted). Consistent with this sensible approach, the Ninth Circuit

holds that "[i]n deciding a Motion to Dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-1120.

Thus, while a plaintiff has the right to a jury trial on issues going to the merits of a case, "[t]he court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case." *Rivera v. Hamlet,* 2003 U.S. Dist. LEXIS 21387 (N.D.Cal. 2003) (resolving factual issues pursuant to the PLRA), *citing Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368-69 (9th Cir. 1988).

In a case in New York, given the Magistrate Judge's finding that summary judgment was inappropriate when genuine issues of fact existed with regard to exhaustion pursuant to the PLRA, the Court ruled in a similar fashion, stating, "[D]isputed issues of fact exist which preclude summary judgment." *Crawford v. Braun,* 2002 U.S. Dist. LEXIS 23318 (S.D.N.Y. 2002), attached. Rather than send the disputed issues of fact to the jury at the time of trial, however, the District Court concluded "Because exhaustion is a threshold question, see, e.g., *Porter,* …, the Court respectfully refers the question of whether Plaintiff did, in fact, exhaust his administrative remedies to Magistrate Francis for a hearing on the issue and further report and recommendation." *Id.* at *9.

Another Court made a similar decision in a prisoner case given that the question of whether the inmate had complied with the exhaustion requirement was "sharply disputed" by the parties. *Johnson v. Garraghty,* 57 F. Supp.2d 321, 329 (E.D. Va. 1999).[4] In the face of this factual dispute on an issue outside of the merits of the plaintiff's claims, the Court concluded:

---

[4] The factual dispute in *Johnson v. Garraghty* was similar to the dispute here: "Plaintiff contends that defendants prevented him from utilizing the prison grievance system.…Defendants

> **This merits an evidentiary hearing**.  Accordingly, this matter will be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), to determine whether plaintiff exhausted all available administrative remedies and, if not, whether defendants prevented him from doing so such that the exhaustion requirement should be deemed satisfied.

*Id.* (emphasis added).[5]

One New York case, while acknowledging that "[e]xhaustion is a threshold issue", summarily concludes in a contrary manner, stating that, if evidence offered on a motion regarding exhaustion demonstrates material issues of fact, those issues are "for resolution by a jury." *Preslar v. Tan,* 2003 U.S. Dist. LEXIS 2688 (W.D.N.Y. 2003), attached.  For this conclusion, the *Preslar* court cites to another case, *Boomer v. Grant,* which does not mention the merits of a jury trial as opposed to a hearing to the Court on the issue of exhaustion, but rather concludes that the evidence offered in support of summary judgment "creates issues of fact regarding [plaintiff's] exhaustion of his administrative remedies" which preclude summary judgment.  *Boomer v. Grant,* 2002 U.S. Dist. LEXIS 20704 (S.D.N.Y. 2002), attached.

Defendants urge that the approach used by the courts such as the court in *Crawford* and *Johnson, supra,* in holding an evidentiary hearing to determine whether exhaustion has occurred prior to a trial on the merits, is far more sensible.  A hearing to the Court on the singular issue of exhaustion should not be lengthy, and is far more cost-efficient than the trial to a jury it may

---

flatly deny this contention, claiming that no defendant or … staff member interfered in any way with plaintiff's ability to prosecute his grievances."

[5]     Other courts, recognizing that exhaustion is a "threshold issue" have broken the process of discovery and/or dispositive motions into phases, first addressing exhaustion and then the merits of a case.  *See, e.g., Skelton v. Bowles,* 2002 U.S. Dist. LEXIS 23433 (N.D. Tex. 2002), attached. *See also Scott v. Gardner,* 287 F. Supp.2d 477 (S.D.N.Y. 2003)(Noting that while exhaustion is not a "jurisdictional predicate" it should be resolved as early as possible. *Id.* at 484.  In the case at hand, the Court converted defendants' 12(b)(1) motion into a Motion for Summary Judgment for the purpose of determining exhaustion only. Ruling, p. 1-2.).

obviate. Moreover, a hearing to the Court is consistent with the language of the Prison Litigation Reform Act, which states that "no action shall be brought" until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). This phrase "no action shall be brought" would be meaningless were a court to consider the exhaustion requirement in exactly the same light as any other issue going to the merits of the case, rather than as a threshold issue.

The plaintiff's position, that a plaintiff has a right to have a jury decide disputed issues of fact going to the exhaustion issue, ignores the reality that many prisoner lawsuits seek only injunctive or declaratory relief. In those cases, and in cases in which a jury is waived, the Court is more than able to determine issues of fact relative to exhaustion on the merits. Such a determination is analogous to an evidentiary hearing in order to determine facts that go to standing, diversity jurisdiction, or personal jurisdiction. Courts have the discretion to and do take evidence at preliminary hearings in order to determine such issues, separate and apart from the merits of the case. When a fact-bound jurisdictional question arises, courts possess considerable discretion in hearing evidence and weighing the proof. *Valentin v. Hosp. Bellas Vista,* 254 F.3d 358, 364 (1st Cir. 2002); *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994). The Court's discretion in determining whether a hearing is needed is broad. *Maynard v. Dixon,* 943 F.2d 407, 4411-12 (4th Cir. 1991), *cert. denied,* 502 U.S. 1110 (1992), citing, C. Wright, A. Miller & E. Cooper, 17A Federal Practice and Procedure: <u>Jurisdiction</u> 2d § 4268.3, at 505-17 (1988)).

Indeed, in such a hearing to determine the facts which might tend to support jurisdiction or other preliminary matters, "no presumptive truthfulness attaches to plaintiff's allegations" and the Court can find the facts as it determines they exist. *Barrett Computer Services, Inc. v. PDA,*

7

*Inc.,* 884 F.2d 214 (5th Cir. 1989); *Mortensen v. First Fed. Sav. & Loan Ass'n.,* 549 F.2d 884, 891 (3d Cir. 1977). The standard on appeal is whether the factual determinations found by the trial court were clearly erroneous. *Anderson v. City of Bessemer City,* 470 U.S. 564, 572 (1985).

The hearing defendants advocate in this instance is not only consistent with the language of the statute and with common sense, but with the Second Circuit's decision in *Neal v. Goord* as well. 267 F.3d 116 (2d Cir. 2001).[6] In *Neal,* the Court held that the District Court had erred when it dismissed a case on exhaustion grounds "without first providing notice and an opportunity to be heard as to the availability and applicability of any administrative remedies." *Id.* at 123. An opportunity to be heard on the exhaustion issue may be due a party in the event disputed factual assertions preclude a finding by documentary evidence alone, but this right to be heard does not translate into a right to a trial by jury at the time of a trial on the merits. The exhaustion requirement is a preliminary issue, separate and distinct from a determination of a cause of action on the merits, and one this Court is well within its discretion to hear evidence upon and decide.

---

[6] *See also Snider v. Melendez,* 199 F.3d 108, 112-113 (2d Cir. 1999) (Discussing benefits of opportunity to be heard in terms of judicial efficiency.)

8

DEFENDANTS,
Officer Drummond, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
    Lynn D. Wittenbrink
    Assistant Attorney General
    Federal Bar No. ct08575
    110 Sherman Street
    Hartford, CT  06105
    Telephone No.:  (860) 808-5450
    Fax No.:  (860) 808-5591
    lynn.wittenbrink@po.state.ct.us


## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 16th day of July, 2004:

Henry K. Snyder
Daniel J. Richert
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT  06904


_____/s/_____
Lynn D. Wittenbrink