UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | |
| Plaintiff, | : | PRISONER |
| | : | CIVIL NO. 3:00CV2253 (JCH)(HBF) |
| v. | : | |
| | : | |
| C.O. DRUMMOND, ET AL., | : | AUGUST 27, 2004 |
| Defendant. | : | |

## MOTION FOR LEAVE TO FILE SUR-REPLY TO
## DEFENDANTS' MOTION FOR EVIDENTIARY HEARING

Plaintiff Keith Barile ("Plaintiff"), by his attorneys Pillsbury Winthrop LLP, hereby

respectfully moves for permission to file a sur-reply brief in order to address case law cited by

Defendants for the first time in their Reply Memorandum in Support of Hearing.  A brief sur-

reply is attached hereto as Exhibit A.

Respectfully submitted,

PLAINTIFF
KEITH BARILE

By: _____
Henry K. Snyder (ct 17242)
Daniel J. Richert (ct 25302)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT  06904
Tel. 203-348-2300
Fax. 203-965-8226
hsnyder@pillsburywinthrop.com
drichert@pillsburywinthrop.com

110163960v1

## CERTIFICATE OF SERVICE

I certify that on this 27th day of August, 2004, I caused an original copy of the attached

Motion for Leave to File Sur-Reply to Defendants' Motion for Evidentiary Hearing to be served

by First Class U.S. Mail and facsimile upon the following counsel for Defendants:


Steven R. Strom, Esq.
Lynn D. Wittenbrink, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT  06105

Daniel J. Richert (ct 25302)

110163960v1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | |
| | : | PRISONER |
| Plaintiff, | : | CIVIL NO. 3:00CV2253 (JCH)(HBF) |
| | : | |
| v. | : | |
| | : | |
| C.O. DRUMMOND, ET AL., | : | AUGUST 27, 2004 |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANTS' MOTION FOR HEARING**

Plaintiff respectfully submits this brief sur-reply to address a case cited for the first time in Defendants' Reply, *Aponte v. Arrington*, No. 3:99CV847(WWE), and to address five recent decisions from the Second Circuit, also cited for the first time in Defendants' Reply.

**I.      *Aponte* is Procedurally Distinct from the Case at Bar**

In their Reply, Defendants cite to two rulings from *Aponte v. Arrington*, No. 3:99CV847 (WWE), for the proposition that the exhaustion defense may be evaluated at a pre-trial hearing. What Defendants fail to address is the fact that in *Aponte* the evidentiary hearing took place ***prior to and as part of*** the Court's summary judgment decision. Here, Defendants are seeking a hearing ***after*** the Court has already ruled on summary judgment. This Court has already considered evidence on the exhaustion issue and held that evaluation of this affirmative defense must go to the finder of fact. In this case the Plaintiff has elected for the jury, and not the Court, to be the finder of fact. Neither *Aponte* nor any other case cited by Defendants entitle them to a second bite at the apple.

## II.    Recent Second Circuit Decisions are Not on Point

In their Reply, Defendants cite to five recent decisions from the Second Circuit: *Oritz v. McBride*, No. 02-0088, 2004 U.S. App. LEXIS 17234 (2d Cir. Aug. 18, 2004); *Giano v. Goord*, No. 02-0105, 2004 U.S. App. LEXIS 17235 (2d Cir. Aug. 18, 2004); *Hemphill v. State of New York*, 2004 U.S. App. LEXIS 17237 (2d Cir. Aug. 18, 2004); *Johnson v. Trestman*, No. 02-0145, 2004 U.S. App. LEXIS 17236 (2d Cir. Aug. 18, 2004); and *Abney v. Dep't. of Correction*, 02-0241, 2004 U.S. App. LEXIS 17238 (2d Cir. Aug. 18, 2004).

Defendants concede that "none of these decisions specifically address the issue presented in this case" and Defendants emphasize what these cases don't say.[1]  Plaintiff respectfully posits that it is Defendants that "misunderstand" the issue at hand.  The issue before the Court is not whether exhaustion is a preliminary issue or whether exhaustion issues must always go to a jury. The issue at hand is whether Defendants are entitled to revisit an issue prior to trial, after it has already been ruled upon by the Court at summary judgment.  Defendants are not so entitled, and accordingly, their Motion for Evidentiary Hearing must be denied.

Respectfully submitted,

PLAINTIFF
KEITH BARILE,

By: _____

Henry K. Snyder (ct 17242)
Daniel J. Richert (ct 25302)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT  06904
Tel. 203-348-2300
Fax. 203-965-8226
hsnyder@pillsburywinthrop.com
drichert@pillsburywinthrop.com

---

[1]  Defendants stress that "at no point … is any mention made of any implicit requirement … regarding exhaustion."

2