UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH BARILE | : |
| Plaintiff, | : CIVIL NO. 3:00CV2253 (JCH)(HBF) |
| v. | : |
| C.O. DRUMMOND, ET AL., | : NOVEMBER 29, 2004 |
| Defendant. | : |

**EMERGENCY MOTION FOR WAIVER OF BOND REQUIREMENT
PURSUANT TO LOCAL RULE 83.3(b)**

Plaintiff Keith Barile ("Plaintiff"), by his attorneys Pillsbury Winthrop LLP, hereby respectfully requests that this Court waive, pursuant to Local Rule of Civil Procedure 83.3(b) the requirement that he post a $500.00 bond pursuant to the Order entered by the Clerk on November 9, 2004 (the "Order").

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff has been incarcerated since this action commenced and is currently an inmate at Cheshire Correctional Institution. (Affidavit of Keith Barile ("Barile Aff."), submitted herewith, at ¶ 5.) Plaintiff initiated this action *pro se* because he was unable to afford an attorney. (Barile Aff. at ¶ 6.) Because Plaintiff could not afford the filing fee, he filed a motion to proceed in this action in forma pauperis. (Barile Aff. at ¶ 7; Court Docket at Entry 1.) This motion was granted by the Court on January 5, 2001. (Barile Aff. at ¶ 7; Court Docket at Entry 5.) Money has been periodically deducted from Plaintiff's inmate account to pay for the filing fee for this action. (Barile Aff. at ¶ 8.) Because, among other things, Plaintiff was unable to afford an attorney, he

110165318v1

made several requests to the Court for the appointment of counsel. (Barile Aff. at ¶ 9; Court Docket at Entries 4, 7, 8, 9, 27, 28, 29, 38, 55, 56, 59, 60, 61.) On December 9, 2003, Plaintiff was appointed pro bono counsel by this Court. (Barile Aff. at ¶ 10; Court Docket at Entry 86.) As of November 19, 2004, Plaintiff's financial resources constituted approximately eleven dollars. (Barile Aff. at ¶ 11.) While Plaintiff works at Cheshire Correctional Institution, he is paid only 75 cents per day. (Barile Aff. at ¶ 12.) It would be an extreme financial hardship for Plaintiff to post a bond of $500.00. (Barile Aff. at ¶ 13.)

Despite knowing (or having access to) the foregoing information, on November 5, 2004, Defendants filed a Motion for Security of Costs seeking a requirement that Plaintiff post a bond of $500.00 "pursuant to Rule 8(a) of the Local Rules of Civil Procedure" (the "Motion"). On November 9, 2004, the Clerk entered the Order, pursuant to Local Rule of Civil Procedure 83.3(a), requiring that Plaintiff post a bond $500.00 before December 9, 2004.

## ARGUMENT

### A.  Court Has Authority to Waive Bond Requirement

Local Rule of Civil Procedure 83.3(b) provides that "[u]pon good cause shown, the Court may modify or waive the requirements of this Rule." Plaintiff respectfully posits that good cause exists for waiver of the bond requirement set forth in the Order. As set forth herein and in Plaintiff's Affidavit, Plaintiff has extremely limited financial resources, only earns a limited wage, and it would be an extreme financial hardship for him to post a bond pursuant to the Order. *Cf. Greenwich Bd. of Educ. v. Torok*, No. Civ.A.3:03-CV1407JCH, 2003 WL 22429016, at *3 n.7 (D.Conn. Oct 22, 2003) (waiving bond requirement under Federal Rule 65(c) where counsel for the defendants represented that defendants did not have the necessary financial resources) (citing *Pharmaceutical Society v. New York State Dep't of Soc. Servs.*, 50 F.3d 1168,

1174-75 (2d Cir. 1995) (upholding waiver of bond requirement based on lack of financial resources and fact that litigation was ultimately in public interest)). Accordingly, Plaintiff respectfully requests that the Court waive the bond requirement pursuant to Local Rule of Civil Procedure 83.3(b).

### B. Defendants Failed to Cite Authority for Grant of Bond Requirement

Defendants filed the Motion without citing any relevant authority as to why a bond should be required in this case. In the Motion, Defendants asked for a bond "pursuant to Local Rule 8(a) of the Local Rules of Civil Procedure." Local Rule 8(a) concerns Rules of Pleading and does not deal with bonds. Defendants' Motion does not state why a bond is required and only notes that the bond should be "security for costs" without mentioning any costs or why Defendants would be entitled to reimbursement from Plaintiff for said costs. Nonetheless, the clerk interpreted Defendants' Motion as an application pursuant to Local Rule 83.3(a) (despite no mention of such Rule) and entered the Order.

Also in the Motion, Defendants cite to 42 U.S.C. § 1915(b)(2)[1] and *Whitfield v. Scully*, 241 F.3d 264 (2d Cir. 2001). These authorities are not on point and, at a minimum, demonstrate that Defendants failed to address relevant facts in their Motion. Neither the statute cited nor *Whitfield* deals with the imposition of a bond. Rather, *Whitfield* and 28 U.S.C. § 1915(b)(2) concern the re-payment of court filing fees by prisoner litigants. As set forth herein and in Plaintiff's Affidavit, money has already been deducted from his prisoner account to pay for the filing fee for this action. The authority cited by Defendants has nothing to do with a bond requirement and instead addresses an issue that Defendants fail to note has already been addressed by Plaintiff.

---

[1] The statute cited by Defendants has been transferred. Plaintiff assumes Defendants intended to cite to 28 U.S.C. 1915.

3

110165318v1

C.  **Defendants Should Be Required to Pay for Cost of Opposing the Motion and Order**

Defendants filed the Motion even though they knew (or should have known) that Plaintiff did not have the financial resources to post a bond. Defendants' conduct has needlessly and unreasonably required pro bono counsel to respond to the Motion and Order, and consequently incur costs. Plaintiff respectfully requests that the Court enter an order, pursuant to its inherent authority, 28 U.S.C. § 1927, or other applicable law, directing Defendants and/or their counsel to pay for the costs incurred by pro bono counsel in opposing the Motion. *See generally Siderpali, S.P.A. v. Judal Industries, Inc.*, 833 F. Supp. 1023 (S.D.N.Y. 1993) (awarding attorneys' fees and costs incurred in opposing unnecessary motion).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his Emergency Motion for Waiver of Bond Requirement Pursuant to Local Rule 83.3(b) be granted.

Respectfully submitted,

PLAINTIFF
KEITH BARILE

By: _____
Henry K. Snyder (ct 17242)
Daniel J. Richert (ct 25302)
Kenneth A. Newby (ct 26319)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT 06904
Tel. 203-348-2300
Fax. 203-965-8226
hsnyder@pillsburywinthrop.com
drichert@pillsburywinthrop.com
knewby@pillsburywinthrop.com

110165318v1

## CERTIFICATE OF SERVICE

I certify that on this 29th day of November, 2004, I caused an original copy of the attached Emergency Motion for Waiver of Bond Requirement Pursuant to Local Rule 83.3(b) to be served by First Class U.S. Mail and facsimile upon the following counsel for Defendants:

Steven R. Strom, Esq.
Lynn D. Wittenbrink, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT  06105

Daniel J. Richert (ct 25302)

110165318v1