UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | |
| Plaintiff, | : | CIVIL NO. 3:00CV2253 (HBF) |
| v. | : | |
| C.O. DRUMMOND, ET AL., | : | JANUARY 4, 2005 |
| Defendants. | : | |

**PLAINTIFF KEITH BARILE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE FOR AN ORDER PRECLUDING EVIDENCE OF THE CRIMINAL HISTORY OF KEITH BARILE AND ANTHONY CRUMP**

Plaintiff Keith Barile ("Plaintiff" or "Barile"), through his attorneys, Pillsbury Winthrop LLP, respectfully submits this memorandum of law in support of his motion in limine for an order precluding evidence at trial pursuant to Rules 401, 402, 403, 404, 608, and 609 of the Federal Rules of Evidence (hereinafter the "Motion"). Plaintiff seeks to preclude Defendants from introducing any evidence regarding his criminal history or the criminal history of Anthony Crump ("Crump"), a witness for Plaintiff. Due to the similarity of legal issues involved, Plaintiff is submitting one Motion in Limine related to the criminal backgrounds of both Barile and Crump. This Court should grant Plaintiff's motion because (i) evidence of Barile and Crump's criminal backgrounds is not relevant to any issue in this litigation, (ii) any probative value of such evidence is substantially outweighed by its prejudicial effect and, in fact, would serve to confuse the jury, (iii) such evidence is presumptively inadmissible when the convictions do not involve dishonesty or false statement; and (iv) such evidence is presumptively inadmissible when

110166097v1

ten years have passed since the date of the conviction or the conviction was not punishable by death or imprisonment in excess of one year. Simply put, it would be unfair and prejudicial to "taint the well" with Barile and Crump's prior convictions so that, in fact, they effectively are on trial rather than Defendants. Accordingly, Plaintiff's Motion in Limine must be granted in its entirety.

## STATEMENT OF FACTS

This case arises out of violations of Plaintiff's civil rights committed in March of 1999 by Defendants. Plaintiff, an inmate currently incarcerated at Cheshire Correctional Center, is serving an eighteen year sentence for first degree robbery, first degree kidnapping and second degree assault. Richert Dec. at ¶2, Ex. A at 58, 79; ¶4, Ex. C.[1] Barile also has prior convictions for drug possession, larceny, burglary, criminal mischief, miscellaneous misdemeanors, a twenty (20) year old conviction for criminal impersonation and a fourteen (14) year old conviction for issuing a bad check. Richert Dec. at ¶5, Ex. D.

On March 13, 1999, while incarcerated at Hartford Correctional Center, Plaintiff was assaulted by a hostile inmate after Defendant Drummond intentionally, and with deliberate indifference, left Plaintiff alone in an unsupervised room with, *inter alia*, the hostile inmate. Plaintiff suffered a broken arm in the attack, which placed him in severe pain. After the attack, Plaintiff repeatedly requested to be treated by a doctor, but such requests were denied by prison personnel for five days, including Defendants Ossie Channer, Robin Maciag, and Antonio Villarini. On March 18, 1999, Plaintiff was examined by Dr. James McKenna and treated for his broken arm. Thereafter, Plaintiff sought redress and followed the prison grievance procedure, filing several grievances in connection with the assault and the denial of medical care. After

---

[1] The exhibits referenced herein are described in the declaration of Daniel J. Richert, dated January 4, 2004, and submitted in support of this Motion and hereinafter referred to as "Richert Dec."

2

receiving no responses to his grievances, Plaintiff filed this lawsuit on or about November 27, 2000, asserting violations of 42 U.S.C. §1983.

Crump, another inmate, witnessed both the attack and relevant incidents involving Plaintiff, Defendant Drummond and the hostile inmate. At the time of this assault, Crump was serving time for 1995 convictions of two counts of possession of narcotics, reckless endangerment (a misdemeanor), and possession of narcotics. Richert Dec. at ¶3, Ex. B at 48.[2] Like Plaintiff, Crump also possesses a prior criminal history. Crump testified that in 1992 in Virginia, he was convicted of one count of possession of heroin with intent to distribute, two counts of possession of cocaine with intent to distribute, one count of possession of cocaine with intent to distribute in a school zone, one count of possession of heroin with an intent to distribute in a school zone, one count of misdemeanor assault, one count of possession of heroin and also for possession of a firearm. Richert Dec. at ¶3, Ex. B at 47-48. Prior to that time, Mr. Crump testified that he was convicted for sale of a controlled substance in 1988, and failure to appear (a misdemeanor), and possession of narcotics in 1991 in Connecticut. Richert Dec. at ¶3, Ex. B at 49.

## ARGUMENT

I. **Barile and Crump's Criminal Backgrounds are Not Relevant to Any Issue in this Litigation**

In order for evidence to be admissible, it must be relevant. *See* Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This case is about

---

[2] Specific dates and other information related to Crump's convictions is unavailable despite Plaintiff's good faith efforts to obtain a copy of Crump's "RAP Sheet." Richert Dec. at ¶6. Accordingly, Plaintiff has relied on Crump's deposition testimony concerning his criminal history and a true and accurate copy of the relevant deposition testimony is attached to the Richert Dec. at Ex. B.

3

110166097v1

whether Defendants violated Barile's civil rights by (i) failing to protect him from attack by another inmate due to their deliberate indifference to the danger posed to Barile and (ii) subsequently denying him medical care for his broken arm. Evidence of Barile and Crump's criminal convictions has nothing to do with the facts of this case and does not make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[3,4]

Directly on point is *Jolly v. Troisi*, No. 92 Civ. 5332 (DAB), 2000 U.S. Dist. LEXIS 6479 (May 9, 2000).[5] In *Jolly*, the Plaintiff was an inmate who brought a Section 1983 action against, *inter alia*, Corrections Officers for intentional violations of his civil rights. In *Jolly*, the Plaintiff sought to preclude evidence of his prior criminal history. The Court in *Jolly* stated the following on this issue:

> Evidence of Plaintiff's prior convictions for disorderly conduct, murder and burglary are not relevant to his claim that Defendants violated his constitutional rights. Accordingly, Defendants are hereby precluded from offering evidence concerning Plaintiff's prior criminal history.
>
> *Id.* at *6.

Here, as in *Jolly*, any evidence as to the criminal records of Barile and Crump evidence is irrelevant and Defendants should be precluded from introducing such evidence.

---

[3] Plaintiff notes at the outset that Barile and Crump's arrests that did not result in a conviction are not admissible under Rule 608(b) as specific instances of conduct. *See United States v. Leonardi*, 623 F.2d 746 (2d Cir. 1980) (trial court correctly barred evidence of arrests without convictions).

[4] For purposes of this Motion, Plaintiff assumes Defendants only seek to introduce evidence of Barile and Crump's criminal records for the purpose of impeachment. Pursuant to Federal Rule of Evidence 404, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

[5] A copy of the *Jolly* opinion is attached to the Richert Dec. as Exhibit E.

4

II.     **Any Probative Value of the Convictions is Substantially Outweighed by the Danger of Unfair Prejudice and Would only Prejudicially Overemphasize the Fact that the Jury Already Knows that Barile and Crump have been Convicted of Crimes**

Rule 609(a)(1) of the Federal Rules of Evidence authorizes the Court to exclude relevant evidence on the grounds of prejudice, confusion, or waste of time by incorporating Rule 403. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

All of Barile and Crump's prior convictions should be excluded because they offer little or no impeachment value. Numerous courts have recognized that convictions such as the various drug and larceny convictions of Barile and Crump bear little upon the credibility of the testifying witness, and these convictions consequently have little or no probative value. *United States v. Puco*, 453 F.2d 539, 543 (2d Cir. 1971) ("a narcotics conviction has little necessary bearing on the veracity of the accused as a witness"); *Jolly* at *6 (finding that prior convictions for disorderly conduct, murder and burglary were not relevant and probative value of conviction was outweighed by danger of unfair prejudice); *Eng v. Scully*, 146 F.R.D. 74, 78-79 (S.D.N.Y. 1993) (finding that probative value of prior convictions was substantially outweighed by the danger of unfair prejudice).

While the probative value of Barile and Crump's criminal histories is minimal, the potential for prejudice is great. Evidence of their other convictions would only serve to prejudicially overemphasize a fact that the jury will already know by virtue of other relevant facts in the case, Barile and Crump have been convicted of crimes. *Eng*, 146 F.R.D. at 78 ("The jury will have knowledge that Plaintiff is not of unblemished character; Plaintiff is presently a prisoner and will be at the time of the trial"). Cumulative testimony regarding the nature of those

5

crimes and convictions would only prejudice the jury by reinforcing the notion that these individuals are criminals who cannot be expected to tell the truth in this matter. Barile is the Plaintiff here and to permit introduction of evidence of other convictions would confuse the jury as to who is on trial. The danger in the jury making such a sweeping generalization about Barile and Crump is too great a risk to allow, and is not justified on any basis. Accordingly, because any probative value of Barile and Crump's criminal records is substantially outweighed by danger of unfair prejudice, Defendants must be precluded from introducing such evidence.

### III. The Convictions are Not Presumptively Admissible as Crimes Involving Dishonesty or False Statement

With the exception of Barile's twenty (20) year old conviction for criminal impersonation and fourteen (14) year old conviction for issuing a bad check[6], none of the crimes committed by Barile and Crump, which are the subject of this Motion, involve dishonesty or false statement. Therefore, none of these convictions are presumptively admissible under the second prong of Rule 609. *Eng*, 146 F.R.D. at 79 (finding prior crimes inadmissible and noting that Congressional intent was for the statute to "encompass crimes such as perjury, fraud, or other offenses in the nature of *crimen falsi* which involve deceit, untruthfulness, or falsification, thus bearing on propensity for truthfulness"). Accordingly, Defendants must be precluded from using evidence of these crimes.

### IV. Barile and Crump's Convictions That are More than Ten Years Old are Presumptively Inadmissible as Impeachment Evidence

Barile and Crump's convictions that are more than ten years old are presumptively inadmissible and should be excluded. *See* Fed. R. Evid. 609(b) ("Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed"). Barile has a series of convictions between 1982 and 1993, Richert Dec. at ¶5, Ex. D, including Barile's twenty year

---

[6] These crimes are addressed in section IV, *infra*.

old conviction for criminal impersonation and fourteen year old conviction for issuing a bad check.[7] All of Crump's convictions except two counts of possession of narcotics, one count of reckless endangerment (a misdemeanor), and one count of possession of narcotics in 1995 occurred between 1988 and 1992. These convictions are presumptively inadmissible since they occurred more than ten years ago. Richert Dec. at ¶3, Ex. B at 47-49.

Further, Barile's twenty year old conviction for criminal impersonation and fourteen year old conviction for issuing a bad check generate another possibility for prejudice. These misdemeanors appear to be isolated incidents occurring long ago, which have not ever been repeated by Barile. "Reference to a defendant's criminal record is always highly prejudicial. The average jury is unable, despite curative instructions, to limit the influence of a defendant's criminal record to the issue of credibility." *Puco*, 453 F.2d at 542 (excluding 21-year old narcotics conviction to impeach defendant). The introduction of these minor offenses would only distract the jury from its task without adding any real probative information to their deliberations. *Id.* at 543 ("recommendation by a distinguished Advisory Committee reflects the view that old convictions are not a meaningful index of propensity to lie"). Indeed, at best, admission of this evidence would only serve to confuse the jury as to the facts at issue in this case. Accordingly, Defendants must be precluded from introducing evidence of Barile's convictions for criminal impersonation and issuing a bad check, as well as any other convictions older than ten years.

---

[7] Importantly, Fed. R. Evid. 609(b) provides that the proponent of evidence of a conviction more than ten years old must give "the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Defendants have not provided Plaintiff with written notice of any intent to use Barile and Crump's convictions which exceed the ten year period, and accordingly Defendants, should not be allowed to use them as impeachment evidence at trial.

## CONCLUSION

For the foregoing reasons, Plaintiff Keith Barile respectfully requests that his Motion in Limine for an Order Precluding Evidence of the Criminal Histories of Keith Barile and Anthony Crump be granted in its entirety.

                                      Respectfully submitted,

                                      PLAINTIFF
                                      KEITH BARILE

By: _____
     Henry K. Snyder (ct 17242)
     Daniel J. Richert (ct 25302)
     Kenneth A. Newby (ct 26319)
     Pillsbury Winthrop LLP
     695 East Main Street
     Stamford, CT 06904
     Tel. 203-348-2300
     Fax. 203-965-8226
     hsnyder@pillsburywinthrop.com
     drichert@pillsburywinthrop.com
     knewby@pillsburywinthrop.com

110166097v1

## CERTIFICATE OF SERVICE

I certify that on this 4th day of January, 2005, I caused an original copy of the attached Memorandum of Law in Support of Plaintiff's Motion in Limine for an Order Precluding Evidence of the Criminal Histories of Keith Barile and Anthony Crump to be served by First Class U.S. Mail upon the following counsel for Defendants:

> Steven R. Strom, Esq.
> Lynn D. Wittenbrink, Esq.
> Attorney General's Office
> 110 Sherman Street
> Hartford, CT 06105

Daniel J. Richert (ct 25302)

110166097v1