UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | CIVIL NO. 3:00CV2253 (HBF) |
| | : | |
| v. | : | |
| | : | |
| BARRY DRUMMOND, ET AL. | : | JANUARY 4, 2005 |

### DEFENDANTS' MOTION IN LIMINE RE CRIMINAL CONVICTIONS UNDER RULE 609

Defendants respectfully move in Limine, pursuant to this Court's scheduling order, to admit in evidence the felony convictions of the plaintiff, Keith Barile and his proposed witness Anthony Crump, a former inmate and convicted felon, and any other present or former convicted felons who may be called to testify.

**Facts:**

Plaintiff, Keith Barile, has been convicted of Robbery in the First Degree (1999 conviction), Assault in the Second Degree (1999 conviction), six convictions of Kidnapping with a Firearm (1999 convictions), and six 1995 convictions for Burglary in the Third Degree, all felonies within the meaning of Rule 609 Fed. R. Evid.  The dates of the 1995 convictions are July 5, 1995 and on all of those 1995 felony convictions, the plaintiff was discharged with time served and five years probation.  He violated that probation in 1999, and on all of his sentences he then received 5 years in jail consecutive to his current sentence for, inter alia, kidnapping with a firearm, thus he is still serving his sentences for all of his felony convictions including the six 1995 burglary convictions.

Plaintiff's proposed witness, Anthony Crump, is also a convicted felon.  Mr. Crump has the following Connecticut convictions:  a December 1995 felony conviction for Possession of

Narcotics and a November 1995 felony conviction for Possession of Narcotics. On the November 1995 conviction, Mr. Crump violated his probation, and then served out a four year term of incarceration for that, starting in November of 1999. He also has a 1993 felony conviction for Possession of Narcotics, for which he was sentenced to 9 months, as well as a 1990 felony conviction for Possession of Narcotics, for which he received an 18 month sentence. He also has a 1989 felony conviction for Sale of a Controlled Substance, for which he received a two-year suspended sentence and three years of probation. Mr. Crump has a federal conviction for possession of a Firearm as a Convicted Felon in 1999. In addition, Mr. Crump has the following Virginia felony convictions: one 1992 conviction for Possession of Heroin with Intent to Distribute; two 1992 convictions for Possession of Cocaine with Intent to Distribute, one 1992 conviction for Possession of Cocaine with Intent to Distribute in a School Zone, and one 1992 conviction for Possession of Heroin with Intent to Distribute in a School Zone. Mr. Crump received a 6 year sentence for his Virginia convictions. Defendants are in the process of determining when Mr. Crump was released from custody in Virginia.

**Argument**

Both the plaintiff's felony convictions and the convictions of Anthony Crump should be admitted as evidence going to the lack of veracity of both. Such evidence is not merely relevant, but is necessary to allow the defendants their due process right to a defense in this case.

Rule 609(a) provides, in relevant part:

> For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime *shall* be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

(emphasis added).

A district court's ruling under Rule 609(a)(1) is reviewed for abuse of discretion. *See United States v. Pedroza*, 750 F.2d 187, 203 (2d Cir. 1984). A ruling under Rule 403, likewise, which is incorporated by Rule 609(a)(1), "will be reversed only upon a clear showing that a district court abused its discretion." *United States v. Simmons*, 923 F.2d 934, 948 (2d Cir.), *cert. denied*, 500 U.S. 919 (1991); *see also Purnell v. Lord*, 952 F.2d 679, 685 (2d Cir. 1992).

The Seventh Circuit states candidly, "The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992); *see also Young v Calhoun*, 1995 U.S. Dist. LEXIS 4555, 85 CIV. 7584 (SWK), 1995 WL 169020, at *4 (S.D.N.Y. Apr. 10, 1995) ("In the case at bar [§ 1983 action by prisoner against correctional officer], plaintiff's murder conviction is probative of his credibility since it removes any misperceptions that plaintiff is a model citizen."), *citing Gora*.

The defendants are familiar with the limits on such testimony, in that they are not permitted to elicit more than "the crime charged, the date, and the disposition." *James v. Tilghman*, 194 F.R.D. 402, 405 (D.Conn. 1999), *quoting Gora, supra and Bustamante v. Thedford,* 1995 U.S. Dist. LEXIS 2151, 1995 WL 76900, at *2 (N.D.Ill. Feb. 23, 1995)(in § 1983 action, "the fact of plaintiff's convictions, including the offense charged, the disposition, and the date of disposition may be admitted into evidence to attack plaintiff's credibility as a witness.").

When courts balance the probative value of criminal convictions against any prejudicial effect, they examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past

3

crime and the conduct at issue, and (4) the importance of the credibility of the witness. See 4 Weinstein's Federal Evidence § 609.04[2][a], at 609-20 (1997); *Hayes*, 553 F.2d 824, 828 (2d Cir. 1977).

In this case, and as to both the plaintiff and his witness, the first criteria, the impeachment value of the conviction, supports the introduction of the evidence. The plaintiff in this case portrays himself as a victim, one in need of particular protection from other inmates by correctional officials as a new inmate, and thus his convictions for crimes of violence as well as burglary are completely instructive to a jury attempting to discern the veracity of plaintiff's failure to protect claim. As for Mr. Crump, his numerous drug related convictions rank relatively high on the scale of veracity-related crimes, "although not so high as to fall clearly within the second prong of Rule 609(a)" (dealing with crimes of dishonesty). *Id.* at 828. In addition, the drug convictions bear on Crump's credibility since they shed light on any impression that he is a model citizen coming forward as a whistle-blower to address the alleged wrongs directed towards his fellow inmate. *See, e.g., Young v. Calhoun,* 1995 U.S. Dist. LEXIS 4555, No. 85 Civ. 7584, 1995 WL 169020, at *4 (S.D.N.Y. April 10, 1995).

The second criteria, that of time, does not preclude the introduction of the evidence for either the plaintiff or his witness. Barile was sentenced for his felony convictions in 1999 at the same time he was sentenced for violating probation for previous felony convictions and continues to serve his lengthy sentence at this time. The various Crump convictions, which vary by age, all have to do with the distribution or possession of drugs, with the exception of the felony gun conviction, and the older

4

Virginia convictions deal with such convictions in the vicinity of a school.  Given the highly probative value of these drug convictions, *see Hayes, supra,* their age is of little import.  This is especially true as these were not isolated convictions without any further, and now more recent, criminal convictions to follow.  *See United States v. Palumbo*, 401 F.2d 270 (2d Cir. 1968), *cert. denied*, 394 U.S. 947 (1969) (upholding use of 1929, 1937, 1946, 1945, and 1956 convictions for impeachment purposes in trial held in 1967).  Mr. Crump's 1995 felony convictions and 1999 federal felony conviction demonstrate that his propensity for criminal conduct, which, under the law implies a propensity for lack of candor within a courtroom setting, is well-established repetitive conduct.

> Rule 609(b) provides:
>
> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or *of the release of the witness from the confinement imposed for that conviction, whichever is the later date,* unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The defendants respectfully submit that the pattern of conduct of Mr. Crump makes even his older convictions admissible as probative and in furtherance of the interests of justice.

The third criteria, the dissimilarity of the conduct at issue and the conviction, weighs completely in favor of introducing the evidence in this matter. None of the convictions at issue bear any resemblance whatsoever to the issues of alleged deliberate indifference and alleged denial of medical care in this case.  *See Lewis*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (finding drug conviction admissible as impeachment evidence in civil rights action because excessive force allegations were not similar to prior conviction).

5

The fourth criteria, that of importance of the credibility of the witnesses, also militates in favor of introducing the convictions described above. Plaintiff and his witness, as opposed to the defendants and their witnesses, will testify to radically divergent versions of what occurred in March of 1999. Faced with these conflicting stories, the jury's central task will be to determine who is more credible. Plaintiff's credibility on the stand and that of his witness is therefore of decisive importance. *See, e.g., Cummings v. Malone*, 995 F.2d 817, 825 (8th Cir. 1993) (finding credibility of plaintiff "paramount" to defense in excessive force case); *Sango v. City of New York*, 1989 U.S. Dist. LEXIS 18212, No. 83 Civ. 5177, 1989 WL 86995, at *18 (E.D.N.Y. July 25, 1989) (McLaughlin, J.) (same).

To the extent that any undue prejudice may occur as a result of the introduction of these convictions, this Court can offset that danger by limiting Defendants' use of the conviction to the fact and date of the conviction. *See Cummings*, 995 F.2d at 825 (limiting cross-examination of plaintiff for impeachment purposes in civil rights action to name, date, and disposition of prior convictions); *Martino v. Korch,* 131 F. Supp.2d 313 (D. Conn. 2000) (Fitzsimmons, *J.)*; *Daniels v. Liozzo*, 986 F. Supp. 245, 250-51 (S.D.N.Y. 1997).

**CONCLUSION**

Because the convictions are admissible under Rule 609 F.R.E. and under the authority set forth herein, defendants' motion in limine to admit such convictions for the purpose of impeachment, and any other purpose permitted by the Federal Rules should be granted.

DEFENDANTS
Barry Drummond, et. al.

ATTORNEY GENERAL
RICHARD BLUMENTHAL


By:___/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct 08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591


## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of  January 2005:

> Henry K. Snyder
> Daniel J. Richert
> Kenneth A. Newby
> Pillsbury Winthrop LLP
> 695 East Main Street
> Stamford, CT 06904


___/s/_____
Lynn D. Wittenbrink
Assistant Attorney General