UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Keith Barile | : | 3:00CV2253(HBF) |
| v. | : | |
| Barry Drummond, et al | : | January 4, 2005 |

### MOTION IN LIMINE TO PRECLUDE CHARACTER AND ALLEGED BAD ACTS EVIDENCE

The defendants respectfully move this court in Limine for an order precluding the admission at trial of any testimony as to the character of the defendants by either the plaintiff or his witness Anthony Crump, a former inmate at Hartford Correctional Center. The defendants further seek an order prohibiting the plaintiff or Crump from testifying as to alleged bad acts related to the defendants that are not part of the incident that is the subject of this lawsuit. The defendants so move pursuant to the Federal Rules of Evidence 403, 404, 608 and 609.

**Facts:**

Mr. Crump testified in his deposition that considers the defendant Officer Drummond to be "a person that abuses authority." **Ex. A Crump Dep. p. 30, 32**. He testified that he make comments that were not "professional". **Ex. A 31.** He further testified as to Drummond "All he was there for was for the paycheck. He wouldn't care two pennies about what goes on with the individual, you now. That's the type of person he was." **Ex. A 31.** He also testified that he had issues with other people too, although he could not give particulars during his deposition. **Ex. A 31-32.** He further testified that Drummond had "attitude" as if he were superior. **Ex. A 32.**

Crump testified similarly about the defendant Officer Channer. **Ex. A 40.** Crump testified that Channer "picked on everybody. …Channer was the type of CO that every inmate

in the whole system don't like him, period, that's the type of guy he was." **Ex. A 40.** Crump claims that Channer would "talk about your mother…He would provoke you so bad that you would want to fight him…He is a bad cookie out of the whole bunch." **Ex. A 41.** Crump further claims Channer, who is black with origins from Jamaica, is racist in that he dislikes white people. **Ex. A 43.** He claimed, "He …rotten….But he would dog black people as well, but he would really dog the white people." **Ex. A 43.**

While Crump had no problems with the defendant then Medic Villarini, **ex. A 44,** he did claim that the defendant Maciag also had a superior attitude. **Ex. A 45.** Crump claims Maciag mistreated him because he "roamed around the jail." **Ex. A 45-46.** Crump claimed Maciag lied about him and got him put in a different job regarding where he was supposed to be. **Ex. A 46.**

He further testified that Drummond had a reputation for "telling lies" but his only source for this information was "like the grapevine." **Ex. A  61.** Channer was claimed to be both a liar and someone who had a reputation of confronting inmates. **Ex. A 62.**

**Argument:**

Rule 404(a) states that character evidence is not generally permissible, except as provided in Rules 608 and 609. Rule 608(a) provides, in pertinent part:

> (a) **Opinion and Reputation Evidence of Character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness…

Rule 608(b) provides:

> **(b)    Specific Instances of Conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be provided by extrinsic evidence. They may, however, in the discretion of the Court, if probative of

> truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Rule 403 provides the Court discretion to exclude evidence otherwise admissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury".

The defendants respectfully submit that the testimony described above, and any similar testimony, should be excluded for a variety of reasons.

### A. Improper Character Evidence

Crump's myriad negative opinions on the character of the defendants should be excluded under Rules 404 and 608(a). His opinions as to character are clearly prohibited by the rules. Moreover, the defendants urge the Court to take into account the context of his opinions—that of a prison context in which a person is held against his will is likely to engender negative opinions about persons employed within a correctional setting which would not be engendered in an otherwise free society.

### B. Improper Character Evidence for Truthfulness

Although the rules do permit testimony regarding another witness' reputation for veracity, again, the prejudicial value of opinions colored by the context of a correctional setting and its unique structure in terms of power and authority far outweighs any probative value such opinions might have. As such, the defendants respectfully urge this Court to exclude Crump's negative opinions about the defendants' propensity for truthfulness as more prejudicial than probative. The same is true even for Crump's specific allegation that Nurse Maciag did not like

3

him and lied about him being out of place, which would amount to nothing more than an attempt to impeach a witness' credibility through introduction of extrinsic evidence of specific bad acts, something expressly prohibited by Rule 608(b).

In addition, all of Crump's opinions lack the necessary foundation.

> In order to offer reputation evidence under Fed. R. Evid. 608(a), a party must establish that the character witness is qualified by having an "acquaintance with [the witness]," his "community" and "the circles in which he has moved, as to speak with authority of the terms in which generally [the witness] is regarded.

*U.S. v. Whitmore,* 359 F.3d 609, 616 (D.C. Cir. 2004), *quoting Michelson v. United States,* 335 U.S. 469, 478 (1948). Obviously, Crump has had no contact with the defendants in a true "community" sense, nor has he had any contact with them since his discharge from Hartford and corrections in 1999. This remote contact can be taken into account. *Id.*, *citing United States v. Watson,* 669 F.2d 1374, 1381 (11th Cir. 1982); *United States v. Lewis,* 482 F.2d 632, 640 n. 44 (D.C. Cir. 1973). While an identity of residence is not essential, the correctional setting provides no real identity of any sort of community between staff and inmates, as such is strictly prohibited within such a facility.

### CONCLUSION

The defendants urge this Court to use its discretion to prohibit the above-described testimony.

                                        DEFENDANTS
                                        Barry Drummond, et al

                                        RICHARD BLUMENTHAL
                                        ATTORNEY GENERAL


BY:     /s/_____
           Lynn D. Wittenbrink
           Assistant Attorney General
           110 Sherman Street
           Hartford, CT  06105
           Federal Bar #ct08575
           lynn.wittenbrink@po.state.ct.us
           Tel: (860) 808-5450
           Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of January 2005:

Daniel Richert
Pillsbury Winthrop, LLC
695 East Main Street
Stamford, CT  06904

                                                    _____/s/_____
                                                    Lynn D. Wittenbrink
                                                    Assistant Attorney General