UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | CIVIL NO. 3:00CV2253 (HBF) |
| | : | |
| VS. | : | |
| | : | |
| BARRY DRUMMOND, ET AL. | : | JANUARY 4, 2005 |

## MOTION TO BIFURCATE

This matter is currently scheduled for trial commencing February 1, 2005. The defendants, having previously moved for an evidentiary hearing before this court regarding the issue of plaintiff's failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act,[1] now move this Court for an order bifurcating the issue of exhaustion from the trial on the merits of plaintiff's allegations. The defendants move to bifurcate the preliminary issue of exhaustion from the merits. Defendants first seek that the Court alone consider the issue of exhaustion, and, in the alternative, seek to bifurcate this issue for the jury's consideration, having the jury first consider the lack of exhaustion and then consider the merits, if necessary.

---

[1] On July 16, 2004, defendants moved for an evidentiary hearing on exhaustion. The defendants noted that, while the court had ruled with regard to summary judgment that a genuine issue of fact existed in this matter on the subject of exhaustion, such a ruling does not preclude an evidentiary hearing to the Court in order to determine those facts, nor does it preclude bifurcation of this issue before the jury. Despite extensive briefing on the issue by both plaintiff and defendants (see docket nos. 92, 95, 100, 105), the Court has not yet issued a ruling of any sort, although the Court's clerk has informed that a ruling would be forthcoming.

### A. Hearing by Court to Determine Exhaustion Requirement

Defendants, having fully briefed this issue previously, note that the language of 42 U.S.C. § 1997e(a) states that, "*No action shall be brought* with respect to prison conditions under § 1983 … or any other federal law … by a prisoner…, *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendants urge that, despite the Second Circuit's characterization of lack of exhaustion as an Affirmative Defense in *Jenkins v. Haubert,* 179 F.3d 18, 28-29 (2d Cir. 1999) and elsewhere, the language of the Prison Litigation Reform Act as well as the United States Supreme Court's ruling in *Porter v. Nussle,* 534 U.S. 516, 532 (2002) make clear that exhaustion is a preliminary matter and not an affirmative defense to be presented by defendants offer a trial on the merits. Indeed, in its recent round of decisions regarding the Prison Litigation Reform Act, the Second Circuit stated, "[T]he District Court must first familiarize itself with the case and hear the position of the parties in *order to decide the exhaustion issue as a **preliminary** matter.*" *Ortiz v. McBride,* 380 F.3d 649, 659 (2d Cir. 2004) (emphasis added).

To burden the defendants with disproving the preliminary matter of exhaustion at the conclusion of plaintiff's case flies in the fact of the plain language of the statute as well. For this, as well as all the reasons set forth in their Memorandum of Law in Support of Motion for Evidentiary Hearing (Docket No. 92) and their Reply Memorandum of Law in Support of

Hearing (Docket No. 100), the defendants respectfully urge this Court to hold an evidentiary hearing prior to empanelling the jury and determine this issue.

The defendants respectfully note that, in this case, the plaintiff's own behavior has made the issue of exhaustion one that will be a complicated factual thicket to which a jury would apply the law. The plaintiff in this case submitted "recreated" grievances in opposition to the defendants' Motion for Summary Judgment on the issue of exhaustion without indicating to the Court that the grievances attached to his paperwork had never actually been submitted to the Department of Correction but were "recreated". The plaintiff claimed in his deposition, taken after the summary judgment motion was filed, that he had not misled the court as he had labeled the "recreated" grievances as "copies", although they were filled out by plaintiff in response to the defendants' motion and he alleges the originals were at that point missing, as were his original handwritten copies. See Plaintiff dep. pp. 35-36, attached.

This is exactly the sort of issue this Court alone can determine, leaving for a jury, if necessary, the liability issues. In *Wechsler v. Hunt Healthsystems, Ltd.,* 2003 U.S. Dist. LEXIS 13775 (S.D.N.Y. 2003), the District Court granted a motion to first conduct a bench trial on certain claims, saving for a jury fraudulent conveyance claims.

The defendants submit that the issue of exhaustion pursuant to the Prison Litigation Reform Act and *Porter v. Nussle,* which expressly recognized Connecticut's grievance system, is

one suited factual resolution by the Court, and accordingly move again for this Court itself to determine the preliminary factual issues surrounding plaintiff's alleged exhaustion in this matter prior to jury selection.

    **B.**    **Bifurcation**

In the alternative, in the event the Court is disinclined rule on the exhaustion issue, the defendants move that the jury hear this matter in two stages, that is, first deciding whether the plaintiff exhausted his administrative remedies and second, if still necessary, whether the plaintiff's case in chief has merit. The defendants respectfully submit that the Prison Litigation Reform Act was intended to prevent trials on matters lacking exhaustion of administrative remedies, that this is such a case, and that bifurcation addresses the aim of the Prison Litigation Reform Act in this regard.

Rule 1 of the Federal Rules of Civil Procedure states that such rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." "Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the District Court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004). Rule 42(b) sanctions bifurcation "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Rule 42(b). When the issues to be tried are

"clearly separable" bifurcation is considered well within the discretion of the District Court. *Palace Exploration Co. v. Petroleum Dev't. Co.,* 316 F.3d 1110, 1119 (10th Cir. 2003); *Simpson v. Pittsburgh Croning Corp.,* 901 F.2d 277, 283 (2d Cir. 1990); 9 Wright, et al, Federal Practice & Procedure, § 2388.  When issues overlap, on the other hand, bifurcation is not appropriate. *Weddingchannel.com, Inc. v. The Knot, Inc.,* 2004 U.S. Dist. LEXIS 25749 (S.D.N.Y. 2004).

In the Second Circuit, the moving party typically bears the burden of establishing that bifurcation is warranted.  *Dallas v. Goldberg,* 143 F. Supp.2d 312, 315 (S.D.N.Y. 2001).  The Second Circuit has noted that "bifurcated trials have frequently been employed with great success."  *In Re Master Key Antitrust Litig.,* 528 F.2d 5, 15 (2d Cir. 1975).  "Rule 42(b) does not call for a bright-line test; rather, a factual and legal analysis of each case informs the Court as to the propriety of separate trials."  *Bowers v. Navistar Int'l Transp. Corp.,*  1993 U.S. Dist. LEXIS 6129, No. 88 Civ. 8857, 1993 WL 159965 (S.D.N.Y. May 10, 1993);  *see also Guidi v. Inter-Continental Hotels Corp.,* 2003 U.S. Dist. LEXIS 5739 (S.D.N.Y. 2003) (granting motion to bifurcate liability from damages).

Such decisions are typically made on a case-by-case basis. *Real v. Bunn-O-Matic Corp.,* 195 F.R.D. 618, 619 (N.D. Ill. 2000).  Courts have looked at issues of judicial economy and prejudice, as well as the Seventh Amendment, in determining whether bifurcation is appropriate. *Houseman v. United States Aviation Underwriters,* 171 F.3d 117, 1121 (7th Cir. 1999).

Likewise, if a party is likely to prevail on a dispositive issue, bifurcation is sensible as economical in terms of the Court's time. *Id.* at 621. In addition, courts look at "whether bifurcation will lessen or eliminate the likelihood of juror confusion." *Lewis v. Triborough Bridge and Tunnel Auth.,* 2000 U.S. Dist. LEXIS 4982, No. 97 CIV. 0607, 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000).

An review of these factors vis-à-vis this case demonstrates the suitability of bifurcation in this matter. First, no party will be prejudiced by bifurcation in this matter. Exhaustion is a discrete subject, bearing little on the plaintiff's other claims. Economy and convenience, on the other hand, are likely to be promoted by bifurcation. "Bifurcation furthers convenience when the separable issues are substantially different." *United States v. Beaudet,* 2004 U.S. Dist. LEXIS 13952 (D. Minn. 2004). The fact that exhaustion can be determined with virtually no factual overlap is clear. The anticipated testimony regarding exhaustion would revolve around the facility grievance procedure and grievance personnel, who are wholly separate from the custodial defendants or the medical defendants, and thus the trial witnesses, other than the plaintiff, would be wholly separate. The testimony of the plaintiff would likewise be completely separate on the issue of exhaustion versus the liability issues. Defendants likewise submit that the exhaustion issue is likely to be dispositive, which promotes economy obviously, but that, even if it is not, there will be no detriment to judicial economy as there will be no duplication of evidence.

Likewise, as the issues of exhaustion and liability are wholly separate, it makes more sense for the jury to receive them singly, so that the jury does not mix the two during a single deliberation.

On balance, bifurcation in this case would be beneficial and promote economy.

                         DEFENDANTS,
                         Barry Drummond, et al.

                         RICHARD BLUMENTHAL
                         ATTORNEY GENERAL

BY:   /s/_____
     Lynn D. Wittenbrink
     Assistant Attorney General
     110 Sherman Street
     Hartford, CT  06105
     Federal Bar No. ct08575
     Telephone No.: (860) 808-5450
     Fax No.: (860) 808-5591
     E-Mail:  lynn.wittenbrink@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 4th day of January, 2004:

Daniel J. Richert, Esq.
Pillsbury Winthrop, LLP
695 East Main Street
Stamford, CT  06904

    __/s/_____
    Lynn D. Wittenbrink
    Assistant Attorney General