

FINANCIAL CENTRE  695 EAST MAIN STREET  P. O. BOX 6760  STAMFORD, CT  06904-6760  203.348.2300  F: 203.965.8226

January 14, 2005

**BY FEDERAL EXPRESS**

Henry K. Snyder
203.965.8234
hsnyder@pillsburywinthrop.com

Hon. Holly B. Fitzsimmons
United States Magistrate Judge
United States Courthouse
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

> Re: *Keith Barile v. Barry Drummond, et al.,*
> 3:00 CV 2253 (HBF)

Dear Judge Fitzsimmons:

I am writing on behalf of Plaintiff Keith Barile ("Plaintiff") in the above-referenced litigation with regard to a discovery dispute that has arisen as a result of Defendants' expert disclosure in violation of Federal Rule of Civil Procedure 26(a)(2)(C). The parties have conferred and attempted to resolve this issue on their own and have agreed to discuss the issue with your Honor at the pretrial hearing on January 19, 2005. I respectfully submit this letter brief to frame the issues for that discussion with your Honor. For the reasons set forth below, Plaintiff will request an order pursuant to Fed. R. Civ. P. 37(c)(1) precluding Plaintiff from offering expert testimony in this case, or in the alternative, an order compelling Defendants to produce their expert witnesses for deposition prior to February 1, 2005.

**Plaintiff's Last-Minute Expert Disclosure Violates**
**the Federal Rules of Civil Procedure**

Due to adjournment of prior trial dates, this Court has entered trial scheduling orders on multiple occasions. *See* Dkt. Nos. 98, (November 3, 2004 entry – no docket number), 112. Because these Scheduling Orders did not specifically set a schedule for expert disclosure, and the parties did not stipulate as to any such schedule, Fed. R. Civ. P. 26(a)(2)(C) provides that such disclosure must be made "at least 90 days before the trial date or *the date the case is to be ready for trial*" (emphasis supplied). Therefore, Plaintiff was required to disclose the identity of its expert witnesses and serve its expert reports on Plaintiff by no later than November 3, 2004.

On January 10, 2005, in a draft pre-trial memorandum, Defendants disclosed *for the first time* that they would seek to use Theresa Lantz, Mary Johnson, Charles Lee, former party and fact witness Christopher Coutant, former party and fact witness Kenneth Olszta, Defendant Barry Drummond, Defendant Ossie Channer, Dr. Edward Blanchette, and Fred Levesque as expert witnesses without any other disclosure as required by Fed. R. Civ. P. 26(a)(2)(b). On January

Hon. Holly B. Fitzsimmons
January 14, 2005
Page 2



13, 2005 Defendants added Dr. Daniel Bannish to their long list of expert witnesses. In a telephone conference with counsel for Plaintiff, defense counsel refused to offer their expert witnesses for depositions. Plaintiff objects to the use of these late-disclosed "experts" on the ground that, *inter alia*, Defendants violated Fed. R. Civ. P. 26(a)(2).

By disclosing their expert witnesses three weeks (or less, in the case of Dr. Bannish) before trial, failing to provide expert reports and refusing to submit these expert witnesses for deposition, Defendants are causing great prejudice to Plaintiff. Defendants should not be permitted to circumvent the Federal Rules of Civil Procedure.

**Plaintiff Would Be Prejudiced by Plaintiff's**
**Unjustified Late Expert Disclosure**

Pursuant to Fed. R. Civ. P. 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." The prejudice to Plaintiff that would result from Plaintiff's late expert disclosure is clear and undeniable. Because Plaintiff waited over two months past the November 3, 2004 deadline to make its expert disclosure, has not provided expert reports and admittedly will not allow the purported experts to be deposed, Plaintiff cannot properly prepare for trial.

Federal district courts in the Second Circuit and elsewhere have precluded the use of expert testimony under similar circumstances. *See, e.g., Choudhry v. Hosmer*, No. 02 Civ. 2540 (DC), 2003 WL 21361728, at *1-2 (S.D.N.Y. June 12, 2003) (precluding plaintiff from calling any expert witness was a warranted sanction where plaintiff missed deadlines and defendants would be prejudiced by delays and additional costs); *Lopez v. Louro*, No. 01 Civ. 2490 (JSM DF), 2002 WL 31682398, at *3 (S.D.N.Y. Nov. 27, 2002) (precluding expert report as untimely where nothing prevented party from making the required expert disclosure during the period set by the Scheduling Order, especially where discovery period had already been significantly extended, and adverse party was prejudiced since it would need time to respond to expert's testimony, causing yet further delay); *Fleet Capital Corp. v. Yamaha Motor Corp.*, No. 01 Civ. 1047 (AJP), 2002 WL 31108380, at * 3 (S.D.N.Y. Sept. 23, 2002) (barring expert testimony where plaintiff's failure to timely identify expert witness and deliver expert report prejudiced adversary who was "deprived of a chance to take the deposition of Fleet's expert or to retain an expert of its own to rebut Fleet's accounting expert").[1]

Moreover, the Second Circuit has held that it does not constitute an abuse of discretion for the district court to reject a party's "eleventh-hour attempt to designate an expert to be called" merely three weeks before trial and long after the court's deadline to designate expert witnesses without an adequate excuse. *S.E.C. v. Lorin*, 76 F.3d 458, 461 (2d Cir. 1996) (per curiam). *See*

---

[1] *See also Smith v. Union Pacific Railroad Co.*, 168 F.R.D. 626, 628-29 (N.D. Ill. 1996) (delivery of expert report on last day to complete all discovery was "so late that [other side]'s lawyers could not, without violating both Rule 26(b)(4) [which provides that an expert's deposition cannot be taken until after the report is provided] and this District Court's Standing Order [which required all discovery to be completed by the discovery closing date] depose [the expert]").

Hon. Holly B. Fitzsimmons
January 14, 2005
Page 3



*also Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000) (upholding district court's preclusion of expert witness's testimony where last minute announcement of expert three weeks before trial and after deadlines for disclosure of experts had passed caused surprise and delay and no adequate reason for delay offered); *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955, 961-63 (2d Cir. 1997) (upholding preclusion order where plaintiff missed deadline to present new expert witness report with no adequate explanation).

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 37(c)(1) precluding Defendants from offering expert testimony in this case. In the alternative, Plaintiff seeks an order compelling Defendants to produce their expert witnesses for deposition.

Very truly yours,

Henry K. Snyder

cc: Steven R. Strom, Esq. (via fax)
    Lynn D. Wittenbrink, Esq. (via fax)
    Daniel J. Richert, Esq.