UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH BARILE | : |
|             Plaintiff, | : CIVIL NO. 3:00CV2253 (HBF) |
| v. | : |
| C.O. DRUMMOND, ET AL., | : JANUARY 14, 2005 |
|             Defendants. | : |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE CHARACTER AND ALLEGED BAD ACTS EVIDENCE**

Plaintiff Keith Barile ("Plaintiff" or "Barile"), by his attorneys Pillsbury Winthrop LLP, hereby respectfully submits this memorandum in opposition to Defendants' Motion in Limine to Preclude Character and Alleged Bad Acts Evidence, dated January 4, 2005 (the "Motion"). As set forth herein, Defendants' Motion should be denied in its entirety because (i) opinion and reputation evidence as to truthfulness is admissible under Federal Rule of Evidence 608; (ii) any other character evidence may be used regarding the Defendants in accordance with Federal Rules of Evidence 404(a)(1) and 404(b). Accordingly Plaintiff and witness Anthony Crump ("Crump") should be permitted to provide opinion and reputation evidence regarding Defendants, as well as any other character evidence that complies with the Federal Rules of Evidence.

110166291v1

## ARGUMENT

A. **Evidence Regarding Truthfulness is Admissible**

As acknowledged in Defendants' Motion and the case law cited therein, Fed. R. Evid. 608(a) provides that opinion or reputation evidence may be used to attack the credibility of a witness's character for truthfulness or untruthfulness. *See United States v. Watson*, 669 F.2d 1374,1381-82 (11th Cir. 1982) (finding that district court erred in precluding opinion evidence; opinion evidence does not require "community" standard applied to reputation witnesses).

Defendants argue that such evidence should be excluded because its probative value is outweighed by prejudicial effect and because Crump had no contact with them in a "community." These assertions are belied by the facts. As Plaintiff and Crump were confined all of their waking hours in Defendants' place of employment, they: (i) spent all of their time in the "community" where Defendants worked full time; (ii) could form opinions as to Defendants' untruthfulness and (iii) could obtain a sense from the inmate community at Hartford Correctional Center ("HCC") of the reputation of Defendants for untruthfulness.

This evidence is highly probative of Defendants' credibility as a witness -- especially because the facts of this case involve a credibility determination as to events that took place at HCC. The Advisory Committee Notes to Rule 403 state that "'unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Here, there is no showing that allowing Barile and Crump to testify as to opinion and reputation of Defendants will create an undue tendency of suggesting decision on an improper basis. Accordingly, the probative value of this testimony is not substantially outweighed by the danger of unfair prejudice and the Motion must be denied.

110166291v1

### B. Character Evidence May Be Used under Rule 404

Defendants summarily state that Crump's "opinions as to character are clearly prohibited by the rules." To the contrary, Crump's opinions: (i) are admissible under Rule 608(a) as discussed above and (ii) are admissible under Rules 404(a)(1) and 404(b). Rule 404 clearly provides exceptions for the use of character evidence, and Plaintiff has the right to use character evidence in accordance with that Rule. For example, if evidence of a particular character trait of Plaintiff is allowed in under Rule 404(a)(2), Plaintiff may introduce the same evidence of Defendants pursuant to Rule 404(a)(1). Further, under Rule 404(b), Plaintiff is allowed to use evidence of other wrongs or acts to the extent it shows, motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Plaintiff reserves his right to use character evidence as is permitted under the Federal Rules of Evidence, and accordingly, the Motion should be denied.

110166291v1

## CONCLUSION

Forth the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion in Limine to Preclude Character and Alleged Bad Acts Evidence be denied in its entirety.

Respectfully submitted,

PLAINTIFF
KEITH BARILE

By: _____
Henry K. Snyder (ct 17242)
Daniel J. Richert (ct 25302)
Kenneth A. Newby (ct 26319)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT 06904
Tel. 203-348-2300
Fax. 203-965-8226
hsnyder@pillsburywinthrop.com
drichert@pillsburywinthrop.com
knewby@pillsbuywinthrop.com

## CERTIFICATE OF SERVICE

I certify that on this 14th day of January, 2005, I caused an original copy of the attached Defendants' Motion in Limine to Preclude Character and Alleged Bad Acts Evidence to be served by First Class U.S. Mail upon the following counsel for Defendants:

> Steven R. Strom, Esq.
> Lynn D. Wittenbrink, Esq.
> Attorney General's Office
> 110 Sherman Street
> Hartford, CT 06105

_____
Daniel J. Richert (ct 25302)