UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH BARILE | : |
| Plaintiff, | : CIVIL NO. 3:00CV2253 (HBF) |
| v. | : |
| C.O. DRUMMOND, ET AL., | : JANUARY 14, 2005 |
| Defendants. | : |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION IN LIMINE RE CRIMINAL CONVICTIONS UNDER RULE 609**

Plaintiff Keith Barile ("Plaintiff" or "Barile"), by his attorneys Pillsbury Winthrop LLP, hereby respectfully submits this memorandum in opposition to Defendants' Motion in Limine re Criminal Convictions Under Rule 609, dated January 4, 2005 (the "Motion"). As set forth herein, and as more fully detailed in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion in Limine for an Order Precluding Evidence of the Criminal Histories of Keith Barile and Anthony Crump, dated January 4, 2005 ("Plaintiff's Memorandum")[1], Defendants should be precluded from introducing any evidence regarding the criminal histories of Barile and Anthony Crump ("Crump"). Accordingly, Defendants' Motion must be denied in its entirety.

---

[1] Plaintiff's Memorandum is expressly incorporated by reference as if fully stated herein.

110166290v1

## ARGUMENT

**A.     Criminal Convictions Are Inadmissible**

As briefed in Plaintiff's Memorandum (Dkt. No. 115), evidence of the criminal records of Barile and Crump must be precluded from use at trial for the following reasons: (i) such evidence is irrelevant; (ii) any probative value of such evidence is substantially outweighed by its prejudicial effect; (iii) such evidence is presumptively inadmissible when the convictions do not involve dishonesty or false statement; and (iv) such evidence is inadmissible when ten years have passed since the date of the conviction.

Many of the convictions Defendants seek to admit in the Motion are older than ten years. For the reasons set forth herein and in Plaintiff's Memorandum, use of these convictions must be precluded. Fed. R. Evid. 609(b) requires sufficient advance written notice to use such evidence. Defendants' Motion was the first time written notice was given on any convictions. It is Plaintiff's position that Defendants have not given proper notice as to any 609(b) convictions, and certainly not to any convictions not disclosed in the Motion.

**B.     Case Law Cited by Defendants Supports Precluding Evidence of Criminal Convictions**

The applicable case law -- including many of the cases relied on by Defendants -- supports a finding that evidence of Barile and Crump's convictions should be precluded from use at trial. In the Motion, Defendants cite to *Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y. 1993). In *Lewis*, the Court acknowledges that crimes like those at issue here, drug crimes and assault, do not involve dishonesty or false statement. *Id.* at 482. As such, they are presumptively inadmissible. *See* Fed. R. Evid. 609. The *Lewis* Court went on to hold that the plaintiff inmate's assault conviction was inadmissible. *Id.* at 482. The Court noted, "[c]onvictions for crimes or

2

other bad acts that bear a close resemblance to actions alleged in the current case are likely to run afoul of Rule 404(b), because they cause unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Id.* at 483. This sort of prejudice is exactly what could improperly affect the jury -- that Plaintiff's past "convictions for crimes of violence" are "instructive to a jury" with regard to the attack on Barile. *See* Motion at 4. The fact that Barile was convicted of various theft crimes and one count of assault is irrelevant to the fact that Plaintiff was assaulted by another inmate on March 13, 1999. Defendants have shown their hand in the Motion -- that they want the jury to consider Plaintiff's "convictions for crimes in violence" and assume he wasn't "one in need of particular protection from other inmates." *Id.* This is all the more reason to preclude use of Barile's convictions.

Defendants also cite to *Daniels v. Loizzo*, 986 F. Supp. 245 (1997). In *Daniels*, the Court acknowledges that evidence of drug crimes is inadmissible unless ***specific facts*** can be shown that the particular conviction involved dishonesty or false statement. Defendants have not -- and cannot -- make such a specific factual showing as to any narcotics convictions of Crump or Barile and accordingly, Defendants may not use narcotics convictions to impeach Crump or Barile. As in *Lewis*, the court precluded use of assault convictions in a § 1983 case, stating: "[t]he felony assault convictions are also inadmissible under Rule 609(a)(1) because they closely resemble the conduct alleged in this excessive force lawsuit." *Id.* at 251. The *Daniels* court also excluded convictions older than ten years, noting that such convictions should be rarely used and only in exceptional circumstances. *Id.* at 252. The law cited by Defendants clearly shows that use of any of Barile and Crump's convictions should be precluded at trial.

Other cases cited by Defendants support the preclusion of evidence of Barile and Crump's criminal convictions. *See Young v. Calhoun*, No. 85 Civ. 7584, 1995 WL 169020, at *4

(S.D.N.Y. Apr. 10, 1995) (finding conviction over ten years old inadmissible, noting that "[t]he Second Circuit has recognized that Congress intended that convictions more than ten years old be admitted very rarely and only in exceptional circumstances") (quoting *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 34 (2d Cir. 1993)); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (robbery, assault and burglary are not crimes involving dishonesty); *Sango v. City of New York*, No. 83 Civ. 5177, 1989 WL 86995, at *17, *20 (E.D.N.Y. Jul. 25, 1989) (noting it is intended that convictions over ten years old be rarely admitted and only in exceptional circumstances; reserving right to bar use of convictions at trial). The law cited in Defendants' Motion bolsters Plaintiff's position and reaffirms a fundamental principle of evidence -- that convictions of crimes in excess of ten years old are prejudicial and should only be permitted into evidence in rare and exceptional circumstances. Accordingly, Defendants' Motion must be denied in its entirety, and Plaintiff's Motion in Limine must be granted in its entirety.

### C. If Conviction is Used to Impeach -- Which it Should Not -- Defendants May Only Use One Conviction

Defendants have conceded in their Motion that if a conviction is used for impeachment, then they are limited to inquiry into the crime charged, the date and the disposition. *See* Motion at 3.[2] *Young*, a case relied upon by Defendants, did not even go that far. The *Young* court refused to allow mention of the crime plaintiff committed, noting, "evidence concerning the type of crime for which he is incarcerated is not necessary to impeach his credibility." *Id.* at *4.

In the event evidence of a single felony conviction is introduced (and it should not be), evidence of others becomes redundant and loses any probative value they purportedly had. *See Lewis*, 149 F.R.D. at 482-83 ("[o]nce credibility is impeached by a prior felony conviction, the

---

[2] *Martino v. Korch*, 131 F. Supp. 2d 313 (D. Conn. 2000), a case decided by this Court (Fitzsimmons, J.) and cited by Defendants for this proposition, is distinguishable. The crimes allowed in *Martino* (stalking and witness tampering) are different from the case at bar and raise different issues relating to prejudice, age and probativeness.

4

110166290v1

incremental probative force of a second conviction is minimal"). Accordingly, if Defendants are allowed to introduce any evidence of Barile and Crump's convictions, such evidence should be further limited to that of a <u>single</u> felony for each, and Defendants should only be allowed to introduce the date and disposition of such felonies.

## CONCLUSION

Forth the foregoing reasons, and the reasons set forth in Plaintiff's Memorandum, Plaintiff respectfully requests that Defendants' Motion in Limine re Criminal Convictions Under Rule 609 be denied in its entirety, and that Plaintiff's Motion in Limine be granted in its entirety.

Respectfully submitted,

PLAINTIFF
KEITH BARILE

By: _____
Henry K. Snyder (ct 17242)
Daniel J. Richert (ct 25302)
Kenneth A. Newby (ct 26319)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT 06904
Tel. 203-348-2300
Fax. 203-965-8226
hsnyder@pillsburywinthrop.com
drichert@pillsburywinthrop.com
knewby@pillsbuywinthrop.com

5

## CERTIFICATE OF SERVICE

I certify that on this 14th day of January, 2005, I caused an original copy of the attached Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine re Criminal Convictions Under Rule 609 to be served by First Class U.S. Mail upon the following counsel for Defendants:

    Steven R. Strom, Esq.
    Lynn D. Wittenbrink, Esq.
    Attorney General's Office
    110 Sherman Street
    Hartford, CT  06105

                                Daniel J. Richert (ct 25302)

110166290v1