UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:00CV2253 (HBF) |
| | : | |
| v. | : | |
| | : | |
| C.O. DRUMMOND, ET AL., | : | JANUARY 14, 2005 |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO BIFURCATE**

Plaintiff Keith Barile ("Barile" or "Plaintiff"), by his attorneys Pillsbury Winthrop LLP,

respectfully submits this memorandum in opposition to Defendants' Motion to Bifurcate, dated

January 4, 2005 (the "Motion"). Defendants' Motion represents the **third time** that they have

raised this issue with the Court; consequently, Plaintiff shall briefly address the most recent

Motion and incorporate by reference Plaintiff's prior memoranda on the subject.[1] *See* Dkt Nos.

95, 101. Importantly, and as shown on page 2, *infra*, it was represented to counsel of record by

the Court's law clerk that the jury must decide the issue of exhaustion of administrative

remedies. Indeed, this latest effort by Defendants serves only to impermissibly harass the

Plaintiff and waste judicial resources. For all the reasons below as well as those argued in

Plaintiff's prior Memorandum in Opposition to Motion for Evidentiary Hearing re Exhaustion,

Defendants' Motion must be denied.

---

[1] *See* Docket Nos. 30, 31, 34, 35, 46, 47, 48, 49, 50, 51, 52, 53, 93, 95, 99, 100, 101, 103.

## FACTUAL AND PROCEDURAL BACKGROUND

### a.    Relevant Pleadings

On or about July 1, 2002, Defendants filed a Motion to Dismiss, alleging that Plaintiff

had failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a).  The

Court (Hall, J.) treated the Motion to Dismiss as a Motion for Summary Judgment pursuant to

Rules 12(b) and 56 of the Federal Rules of Civil Procedure and denied the motion, holding that

"resolution of this issue requires a credibility determination by the finder of fact."  Ruling on

Defendants' Motion to Dismiss, dated December 12, 2002 (Dkt. No. 53) at 8.  Notwithstanding

this ruling, on or about July 19, 2004, Defendants filed a "Motion for Evidentiary Hearing re:

Exhaustion" (Dkt. No. 93), seeking a second bite at the apple to bring before the Court for a

second time an issue it had already examined.

### b.    It Was Represented to Counsel of Record that the Jury Would Decide the Issue of Exhaustion of Administrative Remedies

While the Court has not made a formal ruling on this motion, in a conference call with

the Court, counsel for both Plaintiff and Defendants were notified by Sarah Nolan, Law Clerk to

Judge Fitzsimmons that the Court's position was that Defendants' Motion for Evidentiary

Hearing was denied on the basis that Judge Hall already decided the exhaustion issue belonged

before the jury. *See* Declaration of Daniel J. Richert, dated January 14, 2005 and submitted

herewith ("Richert Dec.") at Exhibit A.  On October 8, 2004, Lynn Wittenbrink, counsel for

Defendants and signatory to the Motion, sent the following email to Ms. Nolan:

> Ms. Nolan, Attorney Strom and I are still in the process of locating
> people and ensuring that they are available for trial.  I did have a
> question I forgot to ask Alyssa.  We had filed a motion for an
> evidentiary hearing to the Court on the issue of exhaustion.  Both
> sides filed fairly extensive memoranda on the issue.  I was

2

> wondering if there might be a ruling prior to the trial, or if we
> should proceed assuming that motion will not be granted. Thanks!
> Have a great weekend all. Lynn Wittenbrink

On October 13, 2004, Ms. Nolan replied:

> Dear Counsel,
> I will relay this latest information regarding rescheduling the trial
> to the Judge, and will get back to you if she has any further
> instructions.
> In regard to the request for a hearing on exhaustion of
> administrative remedies, Judge Hall has already ruled on the
> motion for summary judgment that resolution of the exhaustion
> issue requires a credibility determination by the finder of fact.
> ***Therefore, there must be findings of fact by the jury on that
> issue.*** I am not certain whether the Judge will issue a written
> ruling on this, or will do an endorsement, but I wanted to respond
> sooner rather than later.
>
> Best,
> Sarah
> Law Clerk to Judge Fitzsimmons

> (Richert Dec. at Ex. A) (emphasis supplied).

Now, Defendants inexplicably seek in their Motion, in disregard for the representation by

the Court, to have this trial "bifurcated" and have asked again for an evidentiary hearing before

the Court. In the alternative, Defendants belatedly and prejudicially seek (on the eve of trial) to

have the issue bifurcated pursuant to Federal Rule of Civil Procedure 42(b).

## ARGUMENT

### A.    Evidentiary Hearing

As more fully detailed in the prior memoranda filed by Plaintiff (and the email from Ms.

Nolan), an evidentiary hearing is improper. *See* Plaintiff's Memorandum in Opposition to

Defendants' Motion for Evidentiary Hearing, dated August 9, 2004 (Dkt. No. 95), Plaintiff's

Sur-Reply to Defendants' Motion for Hearing, dated August 27, 2004 (Dkt. No. 101) and this

3

Court's (Hall, J.) ruling on Defendants' Motion to Dismiss, dated December 12, 2002 (Dkt. No. 53); Richert Dec. at Ex. A. Plaintiff hereby incorporates all of the arguments contained in the above-referenced documents as if fully stated herein. In sum, an evidentiary hearing on whether Plaintiff has exhausted his administrative remedies is improper because the Court (Hall, J.) has already ruled that this issue must be decided by the jury.

## B.    Bifurcation Under Federal Rule of Civil Procedure 42(b)

Defendants, on the eve of trial and in the midst of heavy pre-trial briefing and trial preparation, now raise an issue for the first time that should have properly been raised almost five months ago when Defendants, at the Court's request, submitted their Motion for Evidentiary Hearing on **July 19, 2005**. As detailed below this case should not be bifurcated because: (i) bifurcation will result in undue prejudice to plaintiff; and (ii) there is an overlap of issues; and (iii) Defendants argument is not supported by the controlling case law -- in fact the law counsels against bifurcation.

### i.    Bifurcation Would Prejudice Plaintiff

It is well settled that bifurcation is the exception not the rule. *Fuji Machine Mfg. Co., Ltd. v. Hover-Davis, Inc.*, 982 F. Supp. 923, 924 (W.D.N.Y. 1997); *Monaghan v. SZS 33 Associates, L.P.*, 827 F. Supp. 245 (S.D.N.Y. 1993) (efficient judicial administration favors having one trial whenever possible). It is also established in the Second Circuit that a motion to bifurcate should be denied when it results in prejudice to the non-moving party. *Fuji Machine* at 924 (courts should not order separate trials when bifurcation would result in some form of prejudice); *Monaghan* at 245.

Filing their Motion on the eve of trial is unduly prejudicial to Plaintiff. It is simply too late -- the Court requested Defendants brief their concerns about dealing with exhaustion as a preliminary matter five months ago. Courts in this District have consistently held that motions filed on the eve of trial result in unmistakable prejudice toward the non-moving party. *See Moffitt v. Town of Brookfield*, 759 F. Supp. 94 (D. Conn. 1991) (to grant motion on the eve of trial would substantially prejudice non-moving party); *Pickwick Entertainment, Inc. v. Theiringer*, 898 F. Supp. 75, 78-79 (D. Conn. 1995) (denying motion to amend complaint). Accordingly, Defendants' Motion must be denied in its entirety.

### ii.    Bifurcation is Not Appropriate Because There is an Overlap of Issues and Witnesses

Bifurcation is not appropriate where issues and witnesses overlap. *See* Motion at 5; *Monaghan* at 245. If there is a preliminary trial on exhaustion in this case, Plaintiff will effectively have to testify twice about the conduct that was the subject of his grievances. Anthony Crump, a witness relevant to the underlying § 1983 claims, testified at his deposition that he was aware of grievances going unanswered. Mr. Crump is a witness that would have to testify at both trials. Defendants have indicated they wish to call Fred Kurtz, a former counselor at the prison, to testify regarding the underlying § 1983 claims. Mr. Kurtz also has knowledge of the grievance procedure and actually had access to inmate grievances at the time in question. It may be necessary for Mr. Kurtz to testify twice. These duplicative trials, issues and witnesses run counter to Defendants' argument and the purpose of Rule 42(b) to conserve judicial resources. *See Rush v. Oppenheimer & Co.*, 650 F. Supp. 682, 684 (S.D.N.Y. 1986) ("[t]he additional interest espoused in Rule 42(b) of 'convenience' and 'expedition and economy' weighs against the delay and cost of impanelling two juries and hearing testimony from [the same witnesses] before both"). Accordingly, the Motion must be denied in its entirety.

5

### iii.    Defendants' Own Case Law Advocates Denial of the Motion

Of the twelve cases cited by Defendants on the issue of bifurcation, nine clearly favor a denial of the Motion. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (holding "district court's decision to decline to bifurcate the trial comported with normal trial procedure"); *Palace Exploration Co. v. Petroleum Dev't. Co.*, 316 F.3d 1110, 1119-20 (10th Cir. 2003) (finding that bifurcation deprived plaintiff of right to jury trial); *Simpson v. Pittsburgh Croning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) (trial court "acted well within [its] discretion in denying bifurcation"); *Weddingchannel.com v. The Knot, Inc.*, No. 03 Civ. 7369, 2004 U.S. Dist. LEXIS 25749, at *10 (S.D.N.Y. Dec. 23, 2004) (denying motion to bifurcate); *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 316 (S.D.N.Y. 2001) (finding no basis for bifurcation in § 1983 case); *Bowers v. Navistar Int'l Transp. Corp.*, No. 88 Civ. 8857, 1993 U.S. Dist. LEXIS 6129, at *14 (S.D.N.Y. May 10, 1993) (denying motion to bifurcate); *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 621-23 (N.D. Ill. 2000) (denying motion to bifurcate, noting that separate trials are ordered only under extenuating circumstances and are inappropriate where there is a possibility that plaintiff will prevail on preliminary issue); *Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 CIV. 0607, 2000 U.S. Dist. LEXIS 4982, at *16 (S.D.N.Y. Apr. 19, 2000) (denying motion to bifurcate); *United States v. Beaudet*, No. 03-1132, 2004 U.S. Dist. LEXIS 13952, at *6 (D. Minn. Jul. 19, 2004) (denying motion to bifurcate). Indeed, the very case law relied on by the Defendants clearly shows that the Motion to Bifurcate must be denied in its entirety.

6

## CONCLUSION

Forth the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Bifurcate be denied in its entirety.

PLAINTIFF
KEITH BARILE

By: _____
  Henry K. Snyder (ct 17242)
  Daniel J. Richert (ct 25302)
  Kenneth A. Newby (ct 26319)
  Pillsbury Winthrop LLP
  695 East Main Street
  Stamford, CT  06904
  Tel. 203-348-2300
  Fax. 203-965-8226
  hsnyder@pillsburywinthrop.com
  drichert@pillsburywinthrop.com
  knewby@pillsburywinthrop.com

110166276v1

## CERTIFICATE OF SERVICE

I certify that on this 14th day of January, 2005, I caused an original copy of the attached

Plaintiff's Memorandum in Opposition to Defendants' Motion to Bifurcate to be served by First

Class U.S. Mail upon the following counsel for Defendants:

> Steven R. Strom, Esq.
> Lynn D. Wittenbrink, Esq.
> Attorney General's Office
> 110 Sherman Street
> Hartford, CT  06105

Daniel J. Richert (ct 25302)