UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH BARILE              :
                          :
                          :
v.                        :    CIV. NO. 3:00cv2253 (HBF)
                          :
                          :
                          :
C.O. DRUMMOND, et al.     :

### Ruling on Motion for Evidentiary Hearing

Defendants move for an evidentiary hearing to determine whether the plaintiff exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)a. [Doc. # 93.] Plaintiff objects to the hearing on the grounds that the issue of exhaustion was denied by the Court on summary judgment and must be decided by a jury. For the reasons discussed below, the defendants' motion is denied.

I.   Procedural Background

The plaintiff, Keith Barile, alleges that defendant Drummond failed to protect him from assault by another inmate when he was confined at the Hartford Correctional Center, and that all defendants failed to ensure that he received proper medical attention for a broken arm suffered in the assault. Defendants filed a "motion to dismiss" on the grounds that Barile failed to exhaust his administrative remedies prior to filing his federal

case.  Because the parties submitted affidavits, portions of the transcript of plaintiff's deposition, and documentary evidence, the Court converted the motion to a motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P. on the sole issue of exhaustion of administrative remedies.

In his opposition, Barile argued that he exhausted his administrative remedies, and attached "copies" of grievances he claims he filed concerning the assault and the lack of medical treatment.  He acknowledged that the "copies" were not actual copies of the originals, but were re-created by him from notes. He stated in his deposition, however, that he sent copies of the actual grievances to his sister and provided her address.[1] Defendants filed affidavits of correctional staff indicating that plaintiff did not file any grievances relating to the incidents underlying the complaint.

The Court found that the record contained evidence supporting both parties and denied the defendants' motion for summary judgment, finding: "Because the resolution of this issue requires a credibility determination by the finder of fact, the defendants have not shown that they are entitled to judgment as a matter of law on this issue." [Doc. # 53 at p. 8.] Defendants then filed the instant motion.

---

[1] He also stated that prison officials in Virginia should be able to confirm that he sent copies to his sister.

2

II.  Standard of Law

The Prison Litigation Reform Act, 42 U.S.C. § 1997(e)a, provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In the Second Circuit, it is well-settled that failure to exhaust administrative remedies is not jurisdictional, and is an affirmative defense that must be pleaded and proved by the defendants. <u>Ziemba v. Wezner</u>, 366 F.3d 161, 163 (2d Cir. 2004); <u>Jenkins v. Haubert</u>, 179 F.3d 19, 28-29 (2d Cir. 1999); <u>Torrence v. Pesanti</u>, 239 F. Supp. 2d. 230, 231-232 (D. Conn. 2003).

III. Discussion

The defendants urge the Court to hold an evidentiary hearing and make findings of fact to determine whether Barile exhausted his administrative remedies, prior to conducting a jury trial on the merits of his civil rights case.  Defendants argue that holding an evidentiary hearing at this stage of the proceeding would be efficient and would be consistent with the language of the PLRA that, "No action shall be brought. . . until such administrative remedies as are available are exhausted." Plaintiff, on the other hand, characterizes defendants' motion as

3

"seeking a second bite at the proverbial apple," [Pl.'s Opp. at p.1] and argues that once summary judgment has been denied on exhaustion, the jury must decide the issue.

In the Second Circuit, a court may conduct an evidentiary hearing on the issue of exhaustion as a part of ruling on a motion for summary judgment. See Aponte v. Arrington, No. 3:99cv847 (D.Conn. Jan. 5, 2003); Crawford v. Braun, 2002 U.S. Dist. LEXIS 23318, at *8 (S.D.N.Y. 2002). There is no precedent, however, for conducting such a hearing after the court has already considered the evidence presented and denied summary judgment. In Aponte, the Court had not yet ruled on summary judgment when it conducted the evidentiary hearing. In Crawford, the district judge declined to adopt the magistrate judge's recommendation to deny summary judgment on exhaustion, and ordered the magistrate judge to conduct a hearing and prepare a report and recommendation on that issue. In addition, at least one New York court has determined that the issue of exhaustion of administrative remedies is "a material issue of fact for resolution by the jury." Preslar v. Tan, No. 00-cv-6103, 2003 U.S. Dist. LEXIS 2688, at *18 (W.D.N.Y. Feb. 6, 2003)(citing Boomer v. Grant, 2002 WL 3144180, at *5 (S.D.N.Y. Oct. 29, 2002)).

Nevertheless, defendants argue that the denial of summary judgment does not preclude the Court from conducting an

4

evidentiary hearing and deciding this issue. They urge that this is the proper course based on several recent Second Circuit decisions on the PLRA's exhaustion requirement, see Ortiz v. McBride, No. 02-88, 2004 U.S. App. LEXIS 17234 (2d Cir. Aug. 18, 2004); Giano v. Goord, No. 02-105, 2004 U.S. App. LEXIS 17235 (2d Cir. Aug. 18, 2004); Hemphill v. State of New York, 2004 App. LEXIS 17237 (2d Cir. Aug 18, 2004); Johnson v. Trestman, 02-0145 (2d Cir. Aug. 18, 2004); Abney v. Dep't of Correction, 02-0241 (2d Cir. Aug 18, 2004). However, they acknowledge that, "none of these decisions specifically address the issue presented in this case." [Def.'s Reply at 5.] Indeed, in no case does the Second Circuit order an evidentiary hearing on exhaustion *after* the court has denied summary judgment and ruled that a credibility determination must be made on the issue. The Court agrees with plaintiff that to do so would, in essence, allow the parties to reargue an issue that has already been decided by the Court. Thus, under the circumstances presented here, where the Court has denied summary judgment on the grounds that a credibility determination must be made about whether plaintiff exhausted his administrative remedies, the question is properly submitted to the jury. Defendants' motion for an evidentiary hearing is therefore denied.

IV.  Conclusion

For the reasons discussed above, the defendants' motion for an evidentiary hearing [**doc. # 93]** is **DENIED**.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. # 97] on August 18, 2004, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 14th day of January 2005.

```
_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```