UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | 3:00cv2253(HBF) |
| v. | : | |
| BARRY DRUMMOND, ET AL | : | January 14, 2005 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PRECLUDING CONVICTIONS AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO ADMIT CONVICTION EVIDENCE**

Defendants rely on their previous submission, Docket No. 118, with regard to the admissibility of the criminal convictions of plaintiff, his witness Anthony Crump, and any other witness with a criminal conviction, and now reply to specific arguments plaintiff puts forth in an effort to preclude testimony. Defendants do not reiterate facts previously set forth, but represent the following additional facts.

**I.     Relevant Facts:**

The defendants already set forth the plaintiff and Crump's felony conviction records in their previous submission. Docket No. 118. Plaintiff has since alerted that he has a conviction for criminal impersonation and another conviction for issuing a bad check. These two convictions fall outside of the Court's discretion to exclude as they both go to dishonesty and false statement, and defendants intend to use those convictions.

The following other facts are highly relevant to this matter. Counsel for the plaintiff have asserted several times during depositions of Defendants and Defendants' witnesses that the plaintiff was a pre-trial Detainee at the time of the incidents in this complaint, and therefore entitled to a greater degree of protection by defendants. Plaintiff, through counsel, has also asserted several times during the depositions of

1

Defendants and Defendants' witnesses that plaintiff was a "new" inmate, new to Hartford Correctional Center and corrections generally.

The plaintiff is undisputedly white and his assailant, who is not a party, is also black. Two of the Defendants are black, Officers Channer and Drummond. Channer and Drummond are the two custodial defendants in this matter, the other two defendants are medical personnel.

Through the questioning of witnesses thus far, counsel for the plaintiff has created the impression it will be his position that plaintiff was an easy target and somehow a foreseeable victim by virtue of his physicality, his newness and the fact that he was pre-trial.[1] *See, e.g., portions of deposition of Drummond, attached.* Plaintiff, through counsel, has asked questions regarding the targeting of new inmates by more experienced inmates. *See, e.g., portions of dep. of Olszta, attached.*

**II.   ARGUMENT**

Plaintiff's numerous convictions, both felony and related to falseness, are not so prejudicial as to be precluded pursuant to Rule 403. The same is true of the witness Anthony Crump, who is prepared to testify in extremely negative terms about any and all correctional defendants and their application of correctional policies and procedures. See Docket No. 119, Ex. A.

---

[1] The witness Crump testified that the defendant Channer, who is black, does not like while people. See Docket No. 119, Exhibit A, dep. tr. Crump testified as to Channer, "He …rotten….But he would dog black people as well, but he would really dog the white people." Ex. A 43.

### A.     Federal Rules Generally Favor Admission

Defendants note first that the Federal Rules of Civil Procedure favor the admissibility of evidence absent a strong showing of prejudice. Often, "what is prejudicial to [one party] is beneficial to [the other]" but only *unfair* prejudice can be precluded within a court's discretion. *Wilson v. City of Aliceville,* 779 F.2d 631, 635 (11th Cir. 1986). "The Federal Rules favor placing even the nastier side of human nature before the jury if to do so would aid its search for truth." *Mullen v. Princess Anne Volunteer Fire Co.,* 853 F.2d 1130, 1135 (4th Cir. 1988).

As this Court is aware, the "Federal Rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Anderson,* 798 F.2d 919, 926 (7th Cir. 1986), *citing, Young v. Illinois v. Central Gulf Railroad Co.,* 618 F.2d 332, 337 (5th Cir. 1980); *see also United States v. Carranco,* 551 F.2d 1197 (10th Cir. 1977). "It is, as well, the general policy of the Federal Rules to favor the admission of relevant evidence, absent an *extremely strong showing that admission will lead to unfair prejudice.*" *Kehm v. The Proctor & Gamble Mnfcr. Co.,* 724 F.2d 613, 627-28 (8th Cir. 1983) (emphasis added), *citing United States v. Day,* 192 U.S. App. D.C. 252, 591 F.2d 861, 878 (D.C. Cir. 1978). The Second Circuit has long adhered to liberal admission of evidence, noting that the Federal Rules of Civil Procedure "provid[e] always for the widest rule of admissibility." *Dellefield v. Blockdel Realty Co.,* 128 F.2d 85, 93 (2d Cir. 1942). Indeed, even the United States Supreme Court has commented:

> The need to develop all relevant facts in the adversary system is both fundamental and comprehensive…. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.

*United States v. Nixon,* 418 U.S. 683, 709 (1974).

### 1. Barile's Crimes Involving Dishonesty and False Statement

Rule 609(a)(2) states:

[E]vidence that any witness has been convicted of a crime *shall* be admitted if it involved dishonesty or false statement, regardless of the punishment.

Thus, the discretion the Court enjoys under Rule 609(a)(1) regarding felony convictions generally is diminished in the context of the plaintiff Barile's convictions for both criminal impersonation and issuing a bad or false check. Crimes such as forgery and passing bad checks, which involve dishonest activity "are clearly admissible for the purposes of impeachment." *Wagner v. Firestone Tire & Rubber Co.,* 890 F.2d 652, 656 (3d Cir. 1989); *see also United States v. Dunson,* 142 F.3d 1213, 1215 (10th Cir. 1998); *Brundidge v. Buffalo,* 79 F. Supp.2d 219, 225 (W.D.N.Y. 1999).[2] Criminal impersonation is likewise the quintessential crime involving dishonesty, and is highly probative of credibility no matter its age. *See Martin v. National Railroad Passenger Corp.,* 1998 U.S. Dist. LEXIS 13979 *13 (S.D.N.Y.1998), *citing Kelly v. Fisher,* 1987 U.S. Dist. LEXIS 7947, *2, 1987 WL 16593 at *2 (S.D.N.Y. 1997).

"The crime of criminal impersonation is clearly one of crimen falsi." *Kelly v. Fisher, supra* *5. It is thus "controlled by Rule 609(a)(2) and is admissible for cross-examination purposes." *Id.* ***Furthermore, such a conviction is admissible despite any claims that it may be prejudicial to plaintiff. 'Rule 403 simply has no application***

---

[2] *See also United States v. Reece,* 797 F. Supp. 843, 847 (D. Col. 1992) (false swearing).

4

*where impeachment is sought through a crimen falsi.'" Id; accord United States v. Hayes,* 553 F.2d 824, 827 (2d Cir. 1997) ("evidence of conviction of a certain type of crime one involving 'dishonesty or false statement' must be admitted, with the trial court having no discretion, regardless of the seriousness of the offense or its prejudice to the defendant.'"); *Stone v. Bard,* 2003 U.S. Dist. LEXIS 22035 (S.D.N.Y. 2003); *Jones v. New York City Health & Hosp. Corp.* 2003 U.S. Dist. LEXIS 9183 (S.D.N.Y. 2003) ("the use of the word 'shall' suggests that a District Court has no discretion when the crime involved dishonesty or false statement." ).

Clearly, the plaintiff's convictions of "crimen falsi" are admissible pursuant to Rule 609(a)(2).

### 2. Barile's and Crump's Other Crimes

#### a. Relevant to Case in Chief

Barile's other crimes are highly relevant to this matter in which his credibility is so important, and the facts going to defendants' liability are entirely a question of credibility. Plaintiff claims that his convictions are irrelevant. Plaintiff attempts, through counsel, however, to portray himself as a foreseeable victim---a weak target at the mercy of hardened criminals. Plaintiff's extensive criminal convictions and criminal history are therefore relevant to the substance of plaintiff's claims, not just to impeach him for his lack of credibility. Plaintiff claims that the jury will be aware of Barile's history by virtue of his status as an inmate, and further evidence would only "overemphasize" his tainted character. Given the plaintiff's characterization as Barile as a pre-trial detainee in need of greater protection, however, this is not the case. Plaintiff cannot have it both ways, he cannot attempt to characterize himself as at a disadvantage

5

within prison walls and not allow the full picture of his person to be presented to the jury. Indeed, his conviction for assault is directly relevant to his characterization of himself as needing superlative protection from other inmates despite the lack of any direct threat by those other inmates.

### b. Relevant for Impeachment

Moreover, the Rule 609(a)(1) balancing test in this case, often applied to civil plaintiffs, is not in any way tipped in plaintiff's favor in this case as opposed to other similar cases. *See James v. Tilghman,* 194 F.R.D. 402 (2000); *Martino v. Korch,* 131 F. Supp.2d 313 (D. Conn. 1999). And an application of the balancing test set forth by the Second Circuit in *United States v. Hayes,* 553 F.2d 824, 828 (1977), (see defendants' previous brief for factor by factor application) falls squarely in favor of admitting plaintiff's and Crump's convictions. Notably, plaintiff ignores this test and rather claims a jury is unable to understand or apply a Court's curative instruction. Pl. Mem. at 6. The plaintiff claims the jury would be confused as to "who is on trial." This claim has no basis in the law, and is especially unpersuasive in light of plaintiff's claims of vulnerability.

Any potential prejudice will be minimized by the fact that defendants will keep in mind the standard instruction that the details of the crime cannot be gone in to and the Court's curative instruction. Moreover:

> Rule 403 does not precondition the admissibility of … evidence upon a guaranty that its use by the jury will be impeccable. It recognizes fully the value of limiting instructions.

*Miller v. Poretsky,* 595 F.2d 780, 795 (D.C.Cir. 1978).

For all the foregoing reasons, and for the reasons set forth previously, all of the convictions of Barile and Crump that are less than 10 years old as well as those of crimen falsi should be admitted.

>                     DEFENDANTS
>                     Barry Drummond, et al
>                     RICHARD BLUMENTHAL
>                     ATTORNEY GENERAL
> BY:
>
>                     _____/s/_____
>                     Lynn D. Wittenbrink
>                     Assistant Attorney General
>                     110 Sherman Street
>                     Hartford, CT 06105
>                     Federal Bar #ct08575
>                     lynn.wittenbrink@po.state.ct.us
>                     Tel: (860) 808-5450
>                     Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day of January 2005:
Daniel Richert
Pillsbury Winthrop, LLC
695 East Main Street
Stamford, CT 06904

>                     ___/s/_____
>                     Lynn D. Wittenbrink
>                     Assistant Attorney General