UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JAN 18  A 11: 45

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| KEITH BARILE | : CIVIL NO. 3:00CV2253 (HBF) |
| v. | : |
| BARRY DRUMMOND, ET AL. | : JANUARY 14, 2005 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S PRIOR LITIGATION

**I.   Introduction**

The plaintiff in this prisoner civil rights action under 42 U.S.C. § 1983 claims (1) deliberate indifference to his safety as to the defendant Officer Barry Drummond and (2) deliberate indifference to his serious medical needs in violation of his Fourteenth Amendment right to be free from cruel and unusual punishment as to defendants Channer, Villarini, Maciag. Plaintiff seeks compensatory and punitive damages from the defendants who are sued individually. Defendants have assert several affirmative defenses, including but not limited to plaintiff's failure to exhaust and qualified immunity. Defendants also claim they lack the requisite personal involvement to be held liable under § 1983.

In this case in which exhaustion of administrative remedies, particularly inmate grievances, is disputed by the parties, evidence of plaintiff's prior litigation is admissible because it is highly relevant and probative of a material fact in dispute, i.e., whether plaintiff exhausted administrative grievances. Defendants do not seek to introduce the evidence of dismissals of prior litigation in order to paint the plaintiff as a frequent litigator, but rather to demonstrate that plaintiff did not actually exhaust his administrative remedies in this matter, and

his "recreated copies" are an attempt to perpetrate a fraud upon this Court. The plaintiff was educated in this attempt by the Fourth Circuit's rulings on his other litigation, and the fact that plaintiff received the rulings in his Fourth Circuit cases when he did is relevant to his credibility on this issue.

Moreover, if the Court feels that evidence pertaining to plaintiff's previous multiple litigation may cause prejudice with the jury, a curative instruction can be used. If the Court is disinclined to rely on a curative instruction, defendants submit that it has been their position consistently that the entire issue of exhaustion should be dealt with by the Court prior to the trial on the merits. The Court could hear the issue of exhaustion and consider the plaintiff exhibits related to the Virginia lawsuit and the jury need not see the Virginia material at all. Exhaustion is an issue the Court can and should deal with. The disputed exhibits are not relevant to the merits of this case, but only to the issue of exhaustion, and this would be an excellent solution.

## II.     Background and Facts Relating to Exhaustion Exhibit

The plaintiff filed this action in November of 2000 complaining about events allegedly occurring in March of 1999. Docket No. 1. In his original complaint, the plaintiff did not allege that he had exhausted his administrative remedies. He also filed two lawsuits in the District Court for the Western District of Virginia. These suits are captioned: *Barile v. Armstrong*, 7:00CV680(JLK), (filed August 30, 2000), [https://ecf.vawd.uscourts.gov/cgi-bin/iquery.pl?6597273316940458-L_924_0-0-26608] and *Barile v. Young*, 7:00CV706(JLK) (filed September 8, 2000) [https://ecf.vawd.uscourts.gov/cgi-bin/iquery.pl?6597273316940458-L_924_0-0-26634]. According to the PACER docket sheets, of which this Court may take judicial notice, plaintiff's first Virginia lawsuit, *Barile v. Armstrong*, was dismissed *sua sponte* on August 30, 2000 for failure to exhaust, the docket sheet stating as follows: "ORDER,

Dismissing w/out prejudice for failure to comply exhaustion requirements under [42 USC §] 1997e for filing a prisoner civil rights action in federal court, and Striking this case from the active docket of this court." Plaintiff filed a motion for reconsideration of the dismissal, which was denied on October 26, 2000.

In plaintiff's second Virginia lawsuit, *Barile v. Young*, the Virginia Attorney General's office moved to dismiss for failure to comply with exhaustion requirements under 42 USC §1997e, and on July 24, 2001 Judge Kiser granted the motion, the docket sheet stating in relevant part as follows: "granting defts' [17-1] motion to Dismiss and Dismissing this action purs to 42 USC 1997e(a) signed by Senior Judge Jackson L. Kiser ) [EOD Date 7/24/01]." Plaintiff filed an appeal to the Fourth Circuit which affirmed and the dismissal for failure to exhaust on March 25, 2002.

The defendants in the instant lawsuit moved to dismiss this action for failure to exhaust on July 1, 2002. Docket Nos. 30, 31. On July 18, 2002, for the first time, the plaintiff provided defendants and the Court what purported to be copies of grievances. Docket No. 34. This was four months after the dismissal of plaintiff's second civil rights action in Virginia for failure to exhaust was affirmed by the Fourth Circuit. At the time the plaintiff filed these "copies" he submitted them as if they were copies of originals, allowing the Court to perceive them as such. The grievances plaintiff produced were not copies of originals filed by him with the State of Connecticut Department of Correction and they were certainly not copies of grievances returned to him by the Connecticut DOC, properly recorded and given an IGP (Inmate Grievance Procedure) number, with a DOC response. See Docket No. 120, Attachment No. 1.

3

Rather, what plaintiff filed were handwritten recreated copies of documents plaintiff claims to have recreated from notes. Docket No. 120, Attchmt. 1.[1]

### III. Argument

**A.     Plaintiff's Argument that He Was Aware of Exhaustion not Relevant to Preclusion**

Plaintiff first argues that he "was aware of exhaustion issues prior to his Virginia lawsuit" and therefore defendants' evidence that plaintiff fabricated his grievances should be precluded. The plaintiff bases this assertion on a letter to the Connecticut Claims Commissioner dated August 24, 1999 in which the plaintiff informs the Claims Commission he wishes to notify that he will sue the State and seeks forms in order to exhaust. (See document attached to Docket No. 52 and to Plaintiff's Motion in Limine, No. 116). This document is certainly not dispositive of the issue of exhaustion, nor is it dispositive of the relevance of plaintiff's Virginia litigation documents. Both parties should be permitted to ask the fact-finder to draw its own conclusions from both the letter to the Claims Commissioner and the Virginia litigation. Plaintiff's argument that contrary evidence operates as a bar to defendants' evidence being admissible is, not

---

[1] Plaintiff claims that defendants have provided the Court no evidence as to why the Virginia Exhibits are probative. Defendants note that attached to their motion to bifurcate, Docket No. 120, they attach portions of plaintiff's deposition transcript in which he submitted "recreated copies" admittedly made months later and allegedly made from notes, but not actual machine-made copies, in the following colloquy under oath:

> Q:   You weren't trying to mislead the Court into thinking that these were copies of what had originally filed, were you?
> A: No, I was not. ...
> ...
> Q:   Did you say that to the court? Did you tell them how?
> A:   I clearly marked them all as copies. Not as originals, but as copies.
> Q:   Did you explain to the Court the manner in which the copies had been made?
> A:   No, I did not.
> Q:   Did you feel you had any obligation to be candid and honest with the Court in how you had made these copies?
> A:   No, I did not.

4

surprisingly, not supported by any authority and certainly fails on its face. Defendants urge the Court to admit all evidence related to the issue of exhaustion, and let plaintiff argue through counsel as to the weight, rather than the admissibility, of the evidence.

**B . Evidence of Plaintiff's Prior Litigation is Highly Relevant to PLRA Exhaustion**

Plaintiff was undisputedly involved in prior litigation as an inmate in Virginia. This Virginia litigation resulted in two appellate court opinions putting plaintiff on unequivocal notice that compliance with a prison grievance process is a prerequisite to a federal civil rights suit. Defendants seek to introduce this evidence to demonstrate plaintiff's actions and state of mind relating to the issue of exhaustion. Specifically, defendants argue that plaintiff's recent grievances are fraudulent and that he not only failed to exhaust but then contrived to demonstrate exhaustion. Defendants do not seek to introduce evidence of plaintiff's previous litigation for the mere purpose of demonstrating that plaintiff is litigious. Accordingly, the authority relied upon by plaintiff is inapposite. The evidence in question is relevant to the issue of exhaustion and is admissible under Rule 404(b) Federal Rules of Evidence[2] (evidence of other acts is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake

---

**Obviously, plaintiff's credibility as to when he filed his original grievances is at issue, and the timing of the Virginia decisions bears on this important credibility issue.**

[2] Rule 404 (b) F.R.E. provides: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

or accident). The evidence in question is also admissible under Rule 608(b) to impeach plaintiff's credibility.[3]

Plaintiff alleges in his *in limine* motion that introduction of evidence relating to his Virginia lawsuits would unfairly prejudice the jury against plaintiff by painting him as a "litigious character who lacks validity." See Pl. Motion at 4, *citing Eng. v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993). In *Eng*, however, the sole issue was whether defendants' use of force was excessive. *Id.* at 77. There was no contention that the proffered evidence in *Eng* bore upon the issue of excessive force in any way, and the defendants in *Eng* argued only that the previous litigation demonstrated Plaintiff's experience as a witness. *Id.* at 79. The plaintiff's experience as a witness in *Eng* was a far different matter than the dispositive issue of whether or not the plaintiff in this case exhausted his administrative remedies or merely contrived unfiled grievances after the fact in an effort to thwart the dismissals he had twice experienced. Thus, *Eng* does not support plaintiff's argument, but rather cuts in favor of the defendants and requires that the prior litigation of the plaintiff be admitted because it is inextricably intertwined with the defendants' affirmative defense that plaintiff failed to exhaust. The evidence defendants seek to introduce is obviously probative in this case in which plaintiff's exhaustion is outcome determinative and it is highly probative in light of plaintiff's admittedly "recreated copies."

---

[3] Rule 608(b) F.R.E. provides, in pertinent part: Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

As this Court is aware, the "Federal Rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Anderson*, 798 F.2d 919, 926 (7th Cir. 1986), *citing, Young v. Illinois v. Central Gulf Railroad Co.*, 618 F.2d 332, 337 (5th Cir. 1980); *see also United States v. Carranco*, 551 F.2d 1197 (10th Cir. 1977). "It is, as well, the general policy of the Federal Rules to favor the admission of relevant evidence, absent an *extremely strong showing that admission will lead to unfair prejudice.*" *Kehm v. The Proctor & Gamble Mnfcr. Co.*, 724 F.2d 613, 627-28 (8th Cir. 1983) (emphasis added), *citing United States v. Day*, 192 U.S. App. D.C. 252, 591 F.2d 861, 878 (D.C. Cir. 1978). The Second Circuit has long adhered to liberal admission of evidence, noting that the Federal Rules of Civil Procedure "provid[e] always for the widest rule of admissibility." *Dellefield v. Blockdel Realty Co.*, 128 F.2d 85, 93 (2d Cir. 1942). Indeed, even the United States Supreme Court has commented:

> The need to develop all relevant facts in the adversary system is both fundamental and comprehensive.... The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.

*United States v. Nixon*, 418 U.S. 683, 709 (1974).

Moreover, here, the Court can provide the jury with a limiting instruction, and indeed, provide the jury a Stipulation of Judicially Noticeable Facts, based on the relevant dates of activity in the two prior actions in Virginia. The Court can limit any undue prejudice to plaintiff by explaining to the jury that this evidence of prior lawsuits is not admitted for the purpose of showing plaintiff's litigiousness, (an improper purpose), but only as to whether plaintiff's present grievances are fraudulent or whether he properly exhausted his administrative grievance remedy within the DOC, a material fact in genuine dispute. See Ruling granting in part and

denying in part defendants' motion for summary judgment, (Doc. #85). The Second Circuit has likewise ruled frequently that the risk of jury misuse of evidence an be removed by appropriate jury instructions. *United States v. Kaplan*, 886 F.2d 536 (2d Cir. 1989).

### C. Any Prejudice Can Be Cured by a Court Decision Regarding Exhaustion.

It is the defendants' claim that the Second Circuit's exhaustion cases are wrongly decided and ignore the Supreme Court's holding in *Porter v. Nussle*, 534 U.S. 516 (2002). Instead of requiring exhaustion to be alleged by plaintiff as a statutory prerequisite to bringing the action, the Second Circuit's cases wrongly shift the burden to defendants to prove lack of exhaustion as an affirmative defense.[4] This shifting of burden to defendants is illogical in light of the plain language of the exhaustion requirement of the PLRA. In 1995, as part of the PLRA, Congress invigorated the exhaustion prescription. The revised exhaustion provision, titled "Suits by prisoners," states: "***No action shall be brought*** with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a) (1994 ed., Supp. V). See *Nussle*, 534 U.S. at 524 (emphasis added). It is inconsistent with the plain language of the PLRA exhaustion requirement to allow a case to go to

---

[4] In doing so, the Second Circuit cases rely on *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999), a case that incidentally in connection with a remand mentions exhaustion as an affirmative defense and which is a 1999 case effectively overruled by *Nussle*. In fact, in *Jenkins*, at 29, the Second Circuit remanded for reconsideration of whether plaintiff had stated a claim and whether any other affirmative defenses could be raised by way of a Rule 12(b)(6) motion, not as an affirmative defense at trial. As is obvious from the plaintiff's dismissals in the Western District of Virginia, which were affirmed by the Fourth Circuit, there is a split of authority in the Circuits on the exhaustion question and how the issue should be raised procedurally by defendant prison officials. *See e.g. Giano v. Goord*, 380 F.3d 670, 676 (2d Cir. 2004)(noting split of authority) ("[W]e join the Seventh Circuit in holding that the PLRA, like 28 U.S.C. § 2254, contains a procedural default concept within its exhaustion requirement."). The Sixth Circuit, in contrast, has rejected such a strict standard. *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003)).

8

trial, and then shift the burden to defendants to prove plaintiff's failure to exhaust, when Congress intended that the exhaustion requirement be a prerequisite to suit. Because this is an important material issue of fact in this case, evidence of plaintiff's prior litigation and the previous dismissals for precisely this failure to exhaust, are highly relevant to plaintiff's motivation to fabricate grievances to allow the instant case to survive summary judgment and proceed to trial.

To the extent the Court is unconvinced that a curative instruction in this matter will be sufficient to allow this evidence to go before a jury due to alleged prejudice, the Court can rule on the mixed fact-law question of exhaustion in this case in its entirety.

### D. Plaintiff's Prior Lawsuits Are Admissible As Prior Inconsistent Statements and Party Admissions

Rule 613(b) Fed. R. Evid. provides that evidence of prior inconsistent statements is admissible if the witness is provided an opportunity to explain or deny the statement.[5] Because the prior lawsuits were written by plaintiff, they are statements of a party opponent and may be used at trial as party admissions.

Rule 613(b), which governs the admissibility of extrinsic evidence of a prior inconsistent statement by a witness, "first requires that a prior statement be inconsistent." *United States v. Young*, 248 F.3d 260, 267 (4th Cir. 2001). A prior statement is inconsistent if it, "taken as a

---

[5] Rule 613(b) provides: Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in rule 801(d)(2).

9

whole, either by what it says or by what it omits to say affords some indication that the fact was different from the testimony of the witness whom it sought to contradict." *United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988) (internal citation omitted); Weinstein's Federal Evidence § 613.04[1] (2d ed. 2001) ("Any statement is inconsistent if under any rational theory it might lead to any relevant conclusion different from any other relevant conclusion resulting from anything the witness said."). Thus, plaintiff's assertion that he knew he had to exhaust administrative grievances within the prison in 1999 is contradicted by the inconsistent statements, plaintiff's federal lawsuits filed in Virginia in 2000, which completely omit any reference to the fact that plaintiff had exhausted. A prior statement is contradictory if it omits material information which plaintiff claims he was aware of, and such evidence will give the jury an indication that the facts are different from the proposed testimony of the plaintiff. It is for the jury to decide whether plaintiff exhausted his administrative grievance procedure under DOC A.D. 9.6 and the Virginia lawsuits are extremely probative of this material fact in dispute.

## IV. CONCLUSION

For all the foregoing reasons, the plaintiff's motion in limine to preclude evidence of plaintiff's Virginia lawsuits and other prior litigation should be denied.

DEFENDANTS
Barry Drummond, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

_____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
Federal Bar No. ct 01211

_____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford CT  06105
Tel. 860 808-5450
Fax. 860 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 14th day of January, 2005, to:

Henry K. Snyder (ct17242)
Daniel J. Richert (ct25302)
Kenneth A. Newby(ct26319)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT 06904

Lynn D. Wittenbrink
Assistant Attorney General