UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH BARILE                        :          CIVIL NO. 3:00CV2253 (HBF)
                                    :
        V.                          :
                                    :
BARRY DRUMMOND, ET AL.              :          JANUARY 25, 2005

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
EXHIBIT LIST**

The defendants, pursuant to paragraph 11 of this Court's Standing Order Regarding Trial

Memoranda in a civil case, respectfully object to plaintiff's exhibits listed below for the reasons

stated.  The defendants do not waive any and all objections as to relevance, but rather said

objections are preserved for trial.

**EXHIBITS 2, 3, 5, 7, 9, 10, 11, 12, 18, 19, 20, 21, 22, 23, 24, 25, and 26**

All depositions (except depositions of the four named defendants) are objected to for the

reason that the witnesses are all available, and the depositions are not admissible under Rule Fed.

R. Civ. P. 32.  The depositions are hearsay and do not meet any exception to have them admitted

as full exhibits.  Similarly, all of the affidavits are hearsay, and exception to the hearsay rule

would make them admissible.  Under Rule 801(d)(1)F.R.E. all of the prior statements are all

consistent statements and therefore inadmissible.

**Exhibits 1, 4, 6, 8, 13, 35, 36**

The defendants object to the use of all party depositions for the reason that the vast

majority of these depositions contains irrelevant matters, as well as confidential and privileged

matters, not likely to lead to admissible evidence.  The deposition transcripts are more confusing, and prejudicial than probative.  It is unreasonable to submit deposition transcripts, without enumerating specific pages, and the purpose therefore.  All of the defendants will be available at trial.  If a deposition transcript is consistent with trial testimony, then it is inadmissible. Defendants listed the plaintiff's deposition only to the extent that if there are prior inconsistent statements, those specific pages will be offered.  The interrogatory answers of Maciag and Villarini (Exh. 35, 36) will be the subject of live testimony.  Prior consistent testimony is inadmissible.  Moreover, the plaintiff's depositions of the defendants ventured into many irrelevant areas, and it would be unduly prejudicial, unnecessary, cumulative, redundant and unreasonable to provide the jury with these depositions when they will be testifying live for the jury to see, observe and assess demeanor, and credibility.

### Exhibits 14, 15

X-rays were provided as a courtesy to plaintiff's counsel, even though none of the defendants had control or possession of such films.  The defendants had no personal involvement in the taking of the x-rays, or in the scheduling of plaintiff for an x-ray.  It is undisputed that plaintiff had a broken arm and that it healed without incident.

### Exhibits 28, 29, 30

These exhibits are objected to as hearsay, for lack of foundation, lack of authenticity.

### Exhibits 37-50, 53

These DOC Administrative Directives are objected to as hearsay, irrelevant, and unduly redundant, confusing and a waste of time.  Whether or not state administrative agency policy was

followed or not is simply not material to the issues before the court. Again, plaintiff appears to want to bury the jury in a huge pile of paper solely to confuse the issues before the court. The volume of papers filed by the plaintiff, or which plaintiff intends to introduce as evidence is simply going to be a big waste of time and source of confusion for the jury. The classification manual (Exh. 53) is entirely unnecessary, and is hearsay. The defendants had no role in classifying the plaintiff, and it is entirely burdensome, confusing and unnecessary to introduce the entire classification manual in the rather simple failure to protect case.

## CONCLUSION

The plaintiffs are trying to make this case much bigger, longer and far more complicated than necessary, and mistakenly believe that the more paper they introduce at trial the more seriously the claims of the plaintiff will be taken. This is a relatively simple case and the Court should keep it so confined by sustaining the defendants' objections and eliminating unnecessary exhibits, hearsay and other confusing documents which will only draw the jury's attention away from real issues in the case.

DEFENDANTS
Barry Drummond, et al.


RICHARD BLUMENTHAL
ATTORNEY GENERAL



BY: _/s/_____
    Steven R. Strom
    Assistant Attorney General
    110 Sherman Street
    Hartford, CT  06105
    Tel.:  (860) 808-5450
    Fax:  (860) 808-5591
    Federal Bar No. #ct01211
    E-Mail:  steven.strom@po.state.ct.us



## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 25th day

of January, 2005:

    Henry K. Snyder
    Daniel J. Richert
    Kenneth A. Newby
    Pillsbury Winthrop LLP
    695 East Main Street
    Stamford, CT 06904


    _/s/_____
    Steven R. Strom
    Assistant Attorney General