UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | CIVIL NO. 3:00CV2253 (HBF) |
| | : | |
| v. | : | |
| | : | |
| BARRY DRUMMOND, ET AL. | : | JANUARY 24, 2005 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION, (Doc. #113), TO SET ASIDE ORDER FOR SECURITY FOR COSTS

The plaintiff has filed an "emergency" motion, (Doc. #113) seeking to set aside this court's order for security for costs. (Doc. #109). The plaintiff, ably represented by present counsel of record, has taken ten depositions, which have burdened the defendants with costs in excess of several thousand dollars. The defendants respectfully claim that should they prevail in this action, they will seek these costs from plaintiff pursuant to 28 U.S.C. §1915(f)(2)(A). There is no present "emergency." The defendants respectfully submit that the court can defer the ruling on the motion to set aside the order for security for costs, until after the trial. If the defendants prevail, then the court should rule that the defendants are entitled to costs, and the order directing plaintiff to pay security should immediately take effect. If plaintiff prevails, then obviously, the motion to set aside the order should be granted without objection. Indeed, if plaintiff prevails, plaintiffs' counsel may seek reasonable attorneys' fees under 42 U.S.C. §1988 at PLRA rates. Thus, it is only fair and equitable for plaintiff to have some financial consequences in connection with this action. However, there is no need to take up this motion at this point in time.

### DISCUSSION

The Second Circuit case law on this point is quite clear. In Forma Pauperis (IFP) status does not entitle an indigent prisoner litigant to avoid the costs and expenses associated with litigation. Under the PLRA even the initial filing fee has to be recovered by the court, by

escrowing for the court a portion of each month's deposits to the inmate's account. The IFP statute does not require an indigent prisoner to prepay litigation costs. See Whitfield v. Scully, 241 F.3d 264 (2d Cir. 2001), (discussing changes to the IFP statute after the PLRA, and holding that litigation costs may be assessed against an inmate at the conclusion of the litigation). Indigency per se does not automatically preclude an award of costs against the indigent litigant. See McGill v. Faulkner, 18 F.3d 456, 459-60 (7th Cir. 1994) cited in Whitfield with approval at 270.

In Whitfield, the Second Circuit noted as follows:

> But filing fees are conceptually distinct from costs. Filing fees are collected by the court at the outset of litigation even from plaintiffs who will ultimately prevail, whereas costs are awarded only at the end of litigation as a matter of equity to the prevailing party.

Importantly the Second Circuit in Whitfield noted that indigency is not a bar to collecting costs against an inmate, and that "When judgment is entered against a prisoner and costs against the prisoner are assessed, §1915(f)(2)(A) now requires that the prisoner pay the costs either in full, or in accordance with the payment process set forth in § 1915(b)(2). The prisoner's ability to pay the costs is no longer an issue. . . ." Whitfield v. Scully, supra, at 273. Further, the Second Circuit in Nussle v. Willette ,224 F.3d 95, 105 (2d Cir 2000) rev'd. sub nom Porter v. Nussle,534 U.S. 516 (2002) expressly noted that one purpose of the PLRA was to increase the costs and consequences to prisoners of litigation. The PLRA's sponsors broadly categorized the bill's provisions as being divided into two major sets of provisions, including those aimed at deterring frivolous suits by inmates by raising the cost to prisoners of engaging in "inmate litigation fun-and-games" (garnishment procedure in amendment to in forma pauperis provisions; exhaustion provisions; revocation of good-time credits for frivolous suits; prohibition against suing for

2

mental or emotional injury absent showing of physical injury). Like every litigant who is not incarcerated, financial decisions and consequences should factor into plaintiff's incentive to try this case to a final jury verdict.

There is no doubt that this court has discretion to waive the prepayment of security for costs, prior to the jury verdict. Feliciano v. Selsky, 205 F.3d 568, 570-71 (2d Cir. 2000). Federal courts have long enjoyed authority to waive the payment of fees or security at the commencement of a civil suit by a plaintiff who demonstrates his inability to pay. See id. at 571. However, the PLRA changes to the IFP statute require plaintiff to pay defendants' costs if he does not prevail at trial. Defendants reasonably believe they will use deposition transcripts to impeach witnesses and to prepare for trial of this case. Deposition costs are taxable and may be sought by a prevailing party under 28 U.S.C. § 1920. The courts of appeals have consistently interpreted this statute to permit the taxation of deposition expenses, when necessarily incurred for use of the deposition in the case. See, e.g., In re Baby Food Antitrust Litig., 166 F.3d 112, 138-39 (3d Cir. 1999). See generally 10 James Wm. Moore et al., Moore's Federal Practice P 54.103[3][c][i], at 54-180 (3d ed. 2000) (collecting circuit cases). Thus, if plaintiff prevails, defendants may be exposed to pay not only their own deposition costs, but may have to pay again for plaintiff's costs. It is entirely unreasonable to expose the defendants to multiple costs and burdens while the indigent plaintiff may litigate cost free and risk free. If that were the case, plaintiff would have nothing to lose and everything to gain by bringing numerous actions, even where, as in this case, the likelihood of recovering substantial money damages is quite remote.

Recently, Magistrate Judge Garfinkel, in Taylor v. Armstrong, 3:97cv973(WIG) ordered the prisoner plaintiff to pay security for costs. See docket sheet in 97cv973(WIG) (Doc. ##170. 178). Plaintiff moved for reconsideration (Doc. #192) and alleged he needed the money to obtain

witnesses, pay for subpoenas to be served and other trial preparation expenses. Defendants filed an objection (Doc. #208) noting that Mr. Taylor had settled a case recently for $2000 and had funds available to him. Judge Garfinkel heard arguments and agreed that plaintiff should be allowed to use his funds for trial preparation costs and as a result, Judge Garfinkel deferred the order directing plaintiff to pay security for costs until after trial. The court (Garfinkel, MJ) advised the plaintiff, Thaddeus Taylor, during oral argument on his motion for reconsideration, that he could not litigate cost free. Judge Garfinkel did not set aside the order directing security for costs, but instead elected to require Mr. Taylor to pay such costs after trial, and only if defendants prevailed. The defendants respectfully suggest the court should follow the same procedure in this case.

Accordingly, the plaintiff's motion should be denied without prejudice, and the issue of costs should be deferred until after trial.

> DEFENDANTS
> Barry Drummond, et al.
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
> _____
> Steven R. Strom
> Assistant Attorney General
> 110 Sherman Street
> Hartford CT 06105
> Tel.: (860) 808-5450
> Fax: (860) 808-5591
> Federal Bar No. ct 01211

**CERTIFICATION**

  I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this _____ day of January, 2005, to:

    Henry K. Snyder
    Daniel J. Richert
    Kenneth A. Newby
    Pillsbury Winthrop LLP
    695 East Main Street
    Stamford, CT 06904

               _____
               Steven R. Strom
               Assistant Attorney General