UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH BARILE | : |
| Plaintiff, | : CIVIL NO. 3:00CV2253 (HBF) |
| v. | : |
| C.O. DRUMMOND, ET AL., | : JANUARY 31, 2005 |
| Defendants. | : |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS
TO PLAINTIFF'S EXHIBIT LIST**

Plaintiff Keith Barile ("Plaintiff"), by his attorneys Pillsbury Winthrop LLP, hereby respectfully submits this response to Defendants' Objections to Plaintiff's Exhibit List dated January 25, 2005 (the "Objections"). In the Objections, Defendants have objected to the vast majority of Plaintiff's Exhibits. Remarkably, Defendants object to several exhibits that Defendants have listed on their own Revised List of Exhibits, as well as to several of Plaintiff's exhibits that are the exact same type of documents that Defendants have listed as exhibits. For the reasons set forth below, the Objections should be overruled and Plaintiff should be allowed to use Exhibits 1-15, 18-26, 28-30, 35-50 and 53 at trial.

**Statements Made Under Oath (Exhibits 1-13; 18-26; 35-36)**

Out of an abundance of caution, Plaintiff list as exhibits materials he may need to use at trial to impeach witnesses at trial. Additionally, Plaintiff listed the deposition transcripts of his witnesses (Exhibits 2, 5, 9, 10) in the event that such witnesses, despite having trial subpoenas issued, fail to appear at trial.

110166557v1

In the Objections, Defendants state: "Defendants listed the plaintiff's deposition only to the extent that if there are prior inconsistent statements, those specific pages will be offered." This is the exact reason Plaintiff listed Exhibits 1-13, 18-26, and 35-36. These objections are one of many instances where the pot is calling the kettle black. Under, *inter alia*, Federal Rules of Evidence 613 and 801, a witness may be impeached by prior inconsistent statements. Plaintiff, like Defendants, listed Exhibits containing prior statements in the event such statements were needed for impeachment.

Furthermore, Defendants predict in the Objections "that the witnesses are all available." Plaintiff, again in an abundance of caution, listed deposition transcripts in the event witnesses were not available and deposition testimony needed to be introduced into evidence under Federal Rule of Evidence 804(b)(1). Rule 804(b)(1) provides circumstances where deposition testimony is not hearsay and may be used at trial. Plaintiff reserves his right to introduce deposition testimony in the event witnesses are unavailable at the time of trial.

**Documents Listed by Defendants as Exhibits (Exhibits 1, 28-29, 40-41, 43, 45-46, 49)**

Defendants have objected to many documents that they have listed on their own revised list of exhibits. These exhibits are as follows: Plaintiff's Exhibit 1 is listed as Defendants' Exhibit 502; Plaintiff's Exhibits 28 and 29 are listed as Defendants' Exhibit 513; Plaintiff's Exhibit 40 is listed as Defendants' Exhibit 523; Plaintiff's Exhibit 41 is listed as Defendants' Exhibit 526; Plaintiff's Exhibit 43 is listed as Defendants' Exhibit 527; Plaintiff's Exhibit 45 is listed as Defendants' Exhibit 529; Plaintiff's Exhibit 46 is listed as Defendants' Exhibit 510; and Plaintiff's Exhibit 49 is listed as Defendants' Exhibit 528.

Defendants have waived any right to object to Exhibits 1, 28, 29, 40, 41, 43, 45, 46 or 49 as they have listed these as exhibits on Defendants' Revised List of Exhibits.

110166557v1

### Official Publications (Exhibits 37-39, 42, 44, 47, 48, 50, 53)

In addition to the Administrative Directives addressed above (Exhibits 40, 41, 43, 45, 46, 49), Defendants also object to five other Administrative Directives listed by Plaintiff as exhibits (42, 44, 47, 48, 50). Defendants make this objection despite the fact that they have also listed several Administrative Directives as exhibits. Defendants also apparently object to Exhibits 37-39, job descriptions for the Defendants, but they state no basis in the Objections as to the grounds for objecting to those exhibits. Defendants further object to the use of Plaintiff's Exhibit 53, an official publication relied upon by their "expert" Mr. Frederick Levesque on the basis that such document is "unnecessary" and "hearsay."

To the extent that Defendants object to the very class of documents (Administrative Directives, Exhibits 42, 44, 47, 48, 50) that they have listed themselves as exhibits, such objections should be overruled. As stated above, the Defendants have failed to state grounds for the exclusion of Exhibits 37-39. With regard to Exhibit 53, this is a document relied upon by a purported "expert" witness and as such may be inquired into during cross examination. *See* Fed. R. Evid. 705. It should also be noted that as all of these documents are official publications, they are self-authenticating under Federal Rule of Evidence 902(5).

### X-Rays (Exhibits 14-15)

Without articulating a clear basis for their objection, Defendants have objected to the use of x-rays taken of Plaintiff's arm. The injuries sustained by Plaintiff, including a broken left arm, are an important issue in this case. Plaintiff must prove at trial that his injuries constituted a serious medical need. The X-rays are relevant and would be instructive to the jury.

It is well established that X-rays may be admitted into evidence. *See* 29A Am. Jur. 2d Evidence § 977 (2d ed. 2004) ("X-ray pictures are properly admitted . . . to show the condition

3

of the interior tissues of an injured part of the body"); *Guthrie v. U.S.*, 207 F.2d 19, 25 (D.C. Cir. 1953) (it was not error to allow X-ray into evidence even though appellant conceded injury); *Harrison v. Sears, Roebuck & Co.*, 981 F.2d 25, 28-29 (1st Cir. 1992) (finding it proper to show X-ray to jury where there were no complex medical issues). Accordingly, Plaintiff should be allowed to use Exhibits 14 and 15 at trial.

**Letter to Claims Commissioner (Exhibit 30)**

Defendants object to Plaintiff's use of Exhibit 30 "as hearsay, for lack of foundation, lack of authenticity." Exhibit 30 is a letter that was sent by Plaintiff to the State of Connecticut Claims Commissioner that was returned to him with a handwritten note from the Office of the Claims Commissioner.[1] Defendants have alleged that Plaintiff fabricated copies of his grievances sometime after a lawsuits in Virginia was dismissed in August of 2000 for failing to allege exhaustion of administrative remedies. Exhibit 30 will be introduced: (i) to show that Plaintiff had know of the exhaustion requirement in 1999; and (ii) to rebut Defendants' claim that Plaintiff fabricated the copies of his grievances.

First, at trial Plaintiff will be able to provide a foundation for this document and can authenticate same. Second, Exhibit 30 is not hearsay. Hearsay is a statement "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Exhibit 30 is not offered for the truth of the matter asserted therein, but rather for the fact that Plaintiff was aware of his need to exhaust his administrative remedies. Furthermore, pursuant to Federal Rule of Evidence 801(d)(1), Exhibit 30 is not hearsay because it is a prior consistent statement offered to rebut a charge of fabrication. Tellingly, at oral argument before this Court on January 19, 2005,

---

[1] The Court may locate a copy of the letter to the Claims Commissioner at Exhibit B to Plaintiff's Memorandum of Law in Support of Motion in Limine to Preclude Evidence of Virginia Lawsuit and Other Litigation, dated January 3, 2005 (Dkt. No. 116).

4

110166557v1

counsel for Defendants acknowledged that Exhibit 30 was a piece of evidence the jury would consider in determining whether Plaintiff exhausted his administrative remedies.

## CONCLUSION

Forth the foregoing reasons, Plaintiff respectfully requests that the Objections be overruled and that Plaintiff be allowed to use Exhibits 1-15, 18-26, 28-30, 35-50 and 53 at trial.

Respectfully submitted,

PLAINTIFF
KEITH BARILE

By: _____
Henry K. Snyder (ct 17242)
Daniel J. Richert (ct 25302)
Kenneth A. Newby (ct 26319)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT 06904
Tel. 203-348-2300
Fax. 203-965-8226
hsnyder@pillsburywinthrop.com
drichert@pillsburywinthrop.com
knewby@pillsbuywinthrop.com

5

110166557v1

## CERTIFICATE OF SERVICE

I certify that on this 31st day of January, 2005, I caused an original copy of the attached Plaintiff's Response to Defendants' Objections to Plaintiff's Exhibit List to be served by First Class U.S. Mail upon the following counsel for Defendants:

>Steven R. Strom, Esq.
>Lynn D. Wittenbrink, Esq.
>Attorney General's Office
>110 Sherman Street
>Hartford, CT 06105

_____
Daniel J. Richert (ct 25302)

110166557v1