FILED

2005 JAN 31  A II:

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH BARILE                          :

                Plaintiff,            :        CIVIL NO. 3:00CV2253 (HBF)

        v.                            :

                                      :

C.O. DRUMMOND, ET AL.,                :        JANUARY 31, 2005

                Defendants.           :

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
## IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE
## EVIDENCE OF VIRGINIA LAWSUIT AND OTHER LITIGATION

Plaintiff Keith Barile ("Plaintiff"), by his attorneys Pillsbury Winthrop LLP, hereby

respectfully submits this supplemental memorandum in support of his Motion in Limine to

Preclude Evidence of Virginia Lawsuit and Other Litigation (the "Motion"). On January 25,

2005 counsel received an unsigned draft ruling on the Motion, requesting that the parties present

further information about the Virginia lawsuits to the Court. Such information is set forth below.

### The First Lawsuit

On August 30, 2000, Plaintiff filed a lawsuit in United States District Court for the

Western District of Virginia captioned *Barile v. Armstrong, et al.* (the "First Lawsuit"). On that

same day, the First Lawsuit was dismissed by the Court "for failure to comply [with] exhaustion

requirements under 1997e for filing a prisoner civil rights action in federal court." (*See* PACER

Civil Docket for Case 7:00-cv-00680 at #1, attached hereto as Exhibit A). The First Lawsuit was

110166560v1

thus dismissed because it was determined that Plaintiff failed to allege exhaustion of administrative remedies in his complaint.[1]

### The Second Lawsuit and Fourth Circuit Appeal

On September 25, 2000, Plaintiff filed another lawsuit in the United States District Court for the Western District of Virginia, captioned *Barile v. Young, et al.* (the "Second Lawsuit"). The Second Lawsuit, in the complaint, alleged that Plaintiff filed grievances and attached copies of the grievances. (*See* Complaint, attached hereto as Exhibit B). On or about January 29, 2001, a motion to dismiss was filed in the Second Lawsuit. (*See* PACER Civil Docket for Case 7:00-cv-00706 at #17, attached hereto as Exhibit C). On or about July 24, 2001, the court granted the motion to dismiss and dismissed the Second Lawsuit pursuant to 42 U.S.C. § 1997e(a). (*See* Exhibit C at #23). Accordingly, the Second Lawsuit was dismissed based upon a determination on the merits that Plaintiff did not properly exhaust his administrative remedies.

Plaintiff appealed the decision of the District Court to the Fourth Circuit Court of Appeals. (*See* Exhibit C at #24). The Fourth Circuit Court of Appeals affirmed the decision of the trial court, finding that Plaintiff "did not demonstrate to the district court that he had exhausted administrative remedies or that such remedies were not available...." *Barile v. Young*, 30 Fed. Appx. 109 (4th Cir. 2002) (copy attached as Exhibit D).

---

[1] At the time of this filing, counsel for Plaintiff did not have a copy of the complaint for the First Lawsuit.

110166560v1

## CONCLUSION

For the foregoing reasons, the reasons set forth in the Memorandum of Law in support of

Plaintiff Keith Barile's Motion In Limine to Preclude Evidence of Virginia Lawsuit and Other

Litigation [Dkt. No. 116], and based on the holding in the Court's draft ruling on this issue,

Plaintiff respectfully requests that Plaintiff's Motion be granted in its entirety.

Respectfully submitted,

PLAINTIFF,
KEITH BARILE

By: _____

Henry K. Snyder (ct 17242)
Daniel J. Richert (ct 25302)
Kenneth A. Newby (ct 26319)
Pillsbury Winthrop LLP
695 East Main Street
Stamford, CT  06904
Tel. 203-348-2300
Fax. 203-965-8226
hsnyder@pillsburywinthrop.com
drichert@pillsburywinthrop.com
knewby@pillsbuywinthrop.com

3

110166560v1

## CERTIFICATE OF SERVICE

I certify that on this 31st day of January, 2005, I caused an original copy of the attached

Plaintiff's Supplemental Memorandum in Support of Motion in Limine to Preclude Evidence of

Virginia Lawsuit and Other Litigation to be served by First Class U.S. Mail upon the following

counsel for Defendants:

> Steven R. Strom, Esq.
> Lynn D. Wittenbrink, Esq.
> Attorney General's Office
> 110 Sherman Street
> Hartford, CT  06105

Daniel J. Richert (ct 25302)

4

110166560v1

CLOSED

# U.S. District Court
## Western District of Virginia (Roanoke)
## CIVIL DOCKET FOR CASE #: 7:00-cv-00680-jlk-gc

Barile v. Armstrong, et al
Assigned to: Judge Jackson L. Kiser
Referred to: Magistrate Judge Glen E. Conrad(Magistrate)
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/30/2000
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Keith Barile**

represented by **Keith Barile**
277209
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219-0759
PRO SE

V.

**Defendant**

**John Armstrong**
*Commisssioner*

**Defendant**

**S. K. Young**

**Defendant**

**Ron Angelone**
*Director VCOC*

**Defendant**

**Jon Masella**

**Defendant**

**Jack Tokaiz**
*Deputy Commissioner*

**Defendant**

**Major Lynn Milling**
*Superviser*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/30/2000 | 1 | ORDER, Dismissing w/out prejudice for failure to comply exhaustion |

| | | requirement sunder 1997e for filing a prisoner civil rights action in federal court , and Striking this case from the active docket of this court. ( signed by Senior Judge Jackson L. Kiser ) [EOD Date 8/30/00] (lfc) |
|---|---|---|
| 08/30/2000 | 2 | COMPLAINT w/attachments (lfc) |
| 08/30/2000 | | Case closed (lfc) |
| 09/18/2000 | 3 | MOTION for Reconsideration of [1-1] order Dismissing w/out prejudice for failure to comply exhaustion requirement sunder 1997e for filing a prisoner civil rights action in federal court by Keith Barile (ssm) |
| 10/26/2000 | 4 | ORDER denying [3-1] motion for Reconsideration of [1-1] order Dismissing w/out prejudice for failure to comply exhaustion requirement sunder 1997e for filing a prisoner civil rights action in federal court ( signed by Senior Judge Jackson L. Kiser ) [EOD Date 10/26/00] (ssm) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/31/2005 09:15:08 | | |
| **PACER Login:** pw0572 | **Client Code:** | 099901-9800477 |
| **Description:** | Docket Report | **Search Criteria:** 7:00-cv-00680-jlk-gc |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

## FORM TO BE USED BY INMATES IN FILING A COMPLAINT
## UNDER CIVIL RIGHTS ACT, 42 USC 1983

NAME _Keith Barile_                    NUMBER _237196_

PLACE OF CONFINEMENT _MacDougall Correctional Institution_

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

SEP 25 2000

MORGAN E. SCOTT, JR., CLERK
BY: _____
DEPUTY CLERK

_Keith Barile_

ENTER FULL NAME                                         PLAINTIFF

m/amend 7:00c
AMENDED
COMPLAINT
JURY TRIAL
DEMANDED

VERSUS

_S.K. Young, Ron Angelone, Jen Maseila_
_H. Jordan, Jack Tokarz_

ENTER FULL NAME                                      DEFENDANT(S)

COMPLAINT/CASE NUMBER _7:00-CV.00706_ (TO BE SUPPLIED BY CLERK OF U.S. DISTRICT COURT)

A.   Have you begun other actions in state or federal court dealing with the same facts involved in
     this action or otherwise relating to your imprisonment?   YES ✓   NO _____

B.   If your answer to A is yes, describe the action in the spaces below. (If more than one action,
     describe the additional actions on the reverse side of this page.)
     1. Parties to the action: _The Commonwealth of Virginia +_

     2. Court (if a federal court, name the district. If a state court, name the city or county) _State-_
     _Wide County Va._
     3. Docket number _L00-273_
     4. Name of judge to whom case was assigned _Unknown_
     5. Disposition (for example: is the case still pending? If not, what was the ruling? Was the case
     appealed? If so what was the disposition? _Pending_

**Did you present the facts relating to your complaint in the state prison grievance procedure?**

YES ___X___ NO _____

1. If your answer is yes, what was the result? _I Submitted A written Grievance_
_To the Warden and That was Never answered. I Sub-_
_mitted An Emergency Grievance To the medical Dept._
_And was told That my Condition Did Not Meet The_
_Requirements For An emergency_

2. If your answer is no, explain. _____
_____
_____
_____
_____

## B.  STATEMENT OF CLAIM

State here briefly the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. Use as much space as you need; attach extra paper if necessary.

### CLAIM #1

**Supporting facts (tell your story briefly without citing cases or law)**

_1. on Dec. 14, 1989 The Plaintiff was Transferred To Wallens_
_Ridge State Prison, Big Stone Gap, Va. During in Process The_
_Plaintiff Complained of a Painful, Infected Tooth. Plaintiff was_
_Referred to The Dental Dept. 2) on Dec. 20, 1900 The Plaintiff_
_Submitted a written Request For Treatment of a Severly Infected_
_(cont.)_

### CLAIM #2

**Supporting facts (tell your story briefly without citing cases or law)**

_____
_____
_____
_____

### CLAIM #3

**Supporting facts (tell your story briefly without citing cases or law)**

_____
_____
_____
_____

**E. State what relief you seek from the court. Make no legal arguments; cite no cases or statutes.**

A. THE PLAINTIFF REQUESTS THAT THE COURT ISSUE A
DECLARATORY JUDGEMENT STATING THAT THE ACTIONS
OF DEFENDANTS YOUNG, ANGELONE, MASSILE, JORDAN
AND TOLACE VIOLATED THE PLAINTIFFS 8th Amendment
RIGHT TO BE FREE FROM CRUEL AND UNUSUL PUNISH-
MENT. B. AWARD COMPENSATORY DAMAGES IN THE (CONT.)

Signed this day __18th__ of __September__ year __2000__

_____
                    **Plaintiff or Plaintiffs**

## VERIFICATION

STATE OF __Connecticut__

COUNTY OF __Hartford__

__Keith Barile__ _____ says

that he is the plaintiff in this action and knows the content of the above complaint; that it is true
of his own knowledge, except as to those matters that are stated in it on his information and
belief, and as to those matters he believes them to be true

_____
                    **Signature of Affiant/Plaintiff**

## I DECLARE UNDER PENALTY OF
## PERJURY THAT THE FOREGOING
## IS TRUE AND CORRECT.

EXECUTED ON __9-18-00__
                    DATE

_____
        SIGNATURE

tooth and severe pain. The plaintiff's request was never answered by Wallens Ridge Medical Staff.

3.) On December 29, 1999 the plaintiff again wro. a request to the Wallens Ridge Prison Dental Departm. complaining of severe pain in an infected tooth. To plaintiff requested treatment and medication for the

4.) On January 5, 2000 the plaintiff recieved a rel from Defendant Jordan, R.D.A., stating that a had been placed on the waiting list for the tist and that something for the pain would be prescribed.

5.) On January 6, 2000 the plaintiff began to cieve 600 mg. of Motrin twice a day for the pain, but nothing for the infection.

6.) On January 16, 2000 the plaintiff ceased re cieving the prescribed Motrin for no apparent reason.

7.) On January 18, 2000 the plaintiff submitted a written grievance to the Wardens Office complaini. that the plaintiff's pain medication had stopped, a that it had been 6 weeks the plaintiff had suffered from this condition with virtually no tre ment.

8.) The written grievance was never answered.

9.) On or about January 19, 2000 the plaintiff spoke with Defendant Jon Masella, Ct. D.O.C. o. site Monitor at Wallens Ridge State Prison.

10.) At this time the plaintiff informed de ndant Masella of his serious medical conditi

AND OF THE LENGTHY DELAY HE HAD EXPERIEN
IN GETTING ANY TREATMENT.

11.) DEFENDANT Masella INFORMED THE PLAINTIFF
AT THAT TIME THAT HE WOULD "CHECK INTO 1.

12.) ON JAN. 20, 2000, WHILE WAITING FOR A RE
SPONSE TO THE WRITTEN GRIEVANCE AND VERBAL
REQUEST FOR TREATMENT, THE PLAINTIFF BEGAN ;
EXPERIENCE SWELLING ON THE LEFT SIDE OF HIS
FACE AND NECK ACCOMPANIED BY PAIN SO SEVERE
AS TO MAKE EATING OR SLEEPING ALMOST IMPOSSIB

13.) ON JAN. 24, 2000 THE PLAINTIFF AGAIN SPOKE
WITH DEFENDANT Masella, PLEADING FOR DENTAL
TREATMENT AND SHOWING THE DEFENDANT THE
Swelling IN HIS FACE AND NECK.

14.) DEFENDANT Masella's RESPONSE WAS THAT
" WAS CHECKING INTO WHY THERE WAS A DELA
AT THIS TIME THE DEFENDANT INFORMED THE
PLAINTIFF THAT HE BELIEVED THERE WAS NO
DENTIST EMPLOYED AT THAT TIME AT Walkens
Prock.

15.) ON JAN. 25, 2000 THE PLAINTIFF BEGAN TO EXPER
IENCE SEVERE HEADACHES AND PAIN IN HIS NECK
AND BACK.

16.) BY JAN. 29, 2000 THE PLAINTIFF BEGAN TO EXPERIE
SEVERE Swelling IN HIS FACE AND NECK, AND A
CONSTANT RINGING IN HIS EARS.

17.) ON FEBRUARY 1, 2000 THE PLAINTIFF FILED AN EMERG
GRIEVANCE WITH THE MEDICAL DEPARTMENT COMPLAINING
OF SEVERE PAIN AND AN INABILITY TO EAT.

18.) ON FEB. 1, 2000 THE PLAINTIFF RECIEVED A REPLY TO HIS EMERGENCY GRIEVANCE FROM DEFENDANT JORDAN.

19.) THE PLAINTIFF WAS INFORMED IN THE REPLY THAT HIS "GRIEVANCE DID NOT MEET THE DEFINITION FOR AN EMERGENCY."

20.) IN THE REPLY THE PLAINTIFF WAS INFORMED BY DEFENDANT JORDAN THAT THE REASON HIS GRIEVANCE DID NOT MEET THE CRITERIA WAS BECAUSE THE PLAINTIFF WOULD BE SCHEDULED TO SEE THE DENTIST AND WOULD GET SOMETHING FOR THE PAIN.

21.) ON FEB. 2, 2000 THE PLAINTIFF BEGAN TO RECIEVE 600 MG. OF MOTRIN TWICE A DAY AND AMOXICILLIN TWICE A DAY FOR THE INFECTION.

22.) ON FEB. 10, 2000 THE PLAINTIFF WAS TAKEN TO THE DENTAL DEPARTMENT.

23.) UPON ARRIVAL AT THE DENTAL DEPARTMENT, THE PLAINTIFF WAS TOLD BY DEFENDANT JORDAN THAT ONLY DENTAL EMERGENCIES WOULD BE TREATED AT WALLENS RIDGE.

24.) THE PLAINTIFF WAS ALSO TOLD AT THIS TIME BY DEFENDANT JORDAN THAT THE REASON HE HAD WAITED SO LONG WAS BECAUSE THERE HAD BEEN NO DENTIST AT WALLENS RIDGE FOR ALL OF JANUARY AND THAT FEB. 10, 2000 WAS THE NEW DENTIST FIRST DAY.

25.) ON FEB. 10, 2000 AT APPROXIMATELY 10:00 A.M. THE PLAINTIFFS TOOTH WAS EXTRACTED.

26.) THE PLAINTIFF ALLEDGES THAT DEFENDANTS JORDAN, MASELLA, YOUNG, ANGELONE AND TOKARZ KNEW THAT THERE WAS NO INSTITUTIONAL DENTIST FOR AN EXTENDED PERIOD OF TIME AT WALLENS RI STATE PRISON AND WERE ACCUTELY AWARE THE THE RISK OF HARM TO INMATES AT THAT INSTITU WAS SIGNIFICANT, FURTHER THE PLAINTIFF ALLEDGES THAT DEFENDANTS JORDAN, MASELLA AND YOUNG A HAD FIRST HAND KNOWLEDGE OF THE SEVERITY OF THE PLAINTIFF'S CONDITION, THE LENGTH OF THE DELAY THE PLAINTIFF WAS BEING FORCED TO EN DURE, THE SEVERITY OF THE PLAINTIFF'S PAIN AND SUFFERING AND THE LENGTHS THAT THE PLA TIFF HAD GONE TO IN HIS ATTEMPT TO SECURE TREATMENT FOR HIS SERIOUS MEDICAL CONDITION.

27.) THE INSTITUTIONAL DENTIST TOLD THE PLAINTIFF WHEN HE FINALLY JO SEE HIM THAT THE TOO HAD A VERY SEVERE ABCESS. THE PLAINTIFF ALLED. THAT THE DELAY IN TREATMENT CAUSED THE PL TIFF TO SUFFER THROUGH OVER 50 DAYS OF CONSTANT, EXCRUCIATING PAIN, AS WELL AS A SUB- STANTIAL RISK OF COMPLICATIONS CAUSED BY THE SEVERE PERIODONTAL INFECTION. DEFENDANT JORDAN, AS A REGISTERED DENTAL ASSISTANT, H UNDOUBTEDLY FIRST HAND KNOWLEDGE OF THE RISK OF COMPLICATIONS FROM SUCH AN INFECTION,

28.) THE PLAINTIFF ALLED'GES THAT DEFENDANTS MASELLA, YOUNG, ANGELONE AND TOKARZ ALL KNEW THE TERMS OF THE INTERSTATE COMPACT AGREE

MENT AND CHOSE TO IGNORE THE STIPULATION
THAT INMATES TRANSFERRED FROM CT. TO Vs.
WOULD RECIEVE MEDICAL TREATMENT FOR ANY
SERIOUS MEDICAL CONDITION COMMENSURATE TO TH
TREATMENT THEY WOULD HAVE RECIEVED HAD TH
NOT LEFT THE SENDING STATE. THE PLAINTIFF
ALLEDGES THAT NOT ONLY DID THESE DEFENDAN.
CHOSE TO IGNORE THIS RESPONSIBILITY, THEY
KNOWINGLY ATTEMPTED TO COVER UP THESE SHO
COMINGS BY IGNORING REPEATED REQUESTS FOR
INMATES FOR TREATMENT OF SERIOUS MEDICAL
CONDITIONS.

29.) THE PLAINTIFF ALLEDGES THAT DEFENDANTS
MASELLA AND TOKARZ, AS AGENTS FOR THE CT
D.O.C. AND AS THE ONLY ADVOCATES FOR INM.
HELD AT WALLENS RIDGE STATE PRISON, NOT ONLY
FAILED IN THEIR RESPONSIBILITIES TO PROTECT
THE CT. INMATES FROM MISTREATMENT FROM V.
D.O.C. PERSONNEL, BUT MAY WELL HAVE EN
TERED INTO COLLUSION WITH THE VA. D.O.C.
PERSONNEL IN AN ATTEMPT TO COVER UP MANY
VIOLATIONS OF INMATES CIVIL RIGHTS AT THE
WALLENS RIDGE STATE PRISON, AMONG THEM SUB-
STANDARD MEDICAL TREATMENT, FURTHER THE PLAINT.
ALLEDGES THAT DEFENDANT ORDAW KNEW OF THE PA
BEING SUFFERED BY THE DEFENDANT AS EVIDENCED BY
THE FACT THAT 600 mg MOTRIN WAS PRESCRIBED IN FCI.
JANUARY BUT WAS THEN CROELLY DISCONTINUED 10
DAYS LATER, A BLATANT EXAMPLE OF THE DELIBERATE

INDIFFERENCE EXERCISED BY ALL THE DEFENDANTS

## Denial of Medical Care

30.) THE ACTIONS OF ~~PLAINTIFF~~ DEFENDANT JORDAN IN DENYING
THE PLAINTIFFS REQUEST FOR EMERGENCY TREATMENT, AS
WELL AS REAPEATED REQUESTS FOR TREATMENT, WERE
CRUEL AND DELIBERATE. FURTHER, THE ACTION OF
DEFENDANT JORDON IN DISCONTINUING THE PLAINTIFF'S
MEDICATION FOR PAIN, EVEN AS THE PLAINTIFF COMPLA.
OF INCREASED PAIN AND DISCOMFORT, WAS DELIBERA
AND CRUEL. THE DEFENDANTS FAILURE TO ARRANGE
TREATMENT FOR THE PLAINTIFF, CAUSING A LENGTHY
DELAY AND PROLONGED PAIN AND SUFFERING TO THE
PLAINTIFF WERE DELIBERATE INDIFFERENCE TO THE
PLAINTIFF'S SERIOUS MEDICAL NEEDS. ALL OF DEFENDA
JORDANS ACTIONS CONSTITUTE CRUEL AND UNUSUAL
PUNISHMENT IN VIOLATION OF THE PLAINTIFF'S 8th
AMENDMENT RIGHTS.

31.) THE ACTIONS OF DEFENDANT JON MASELLA IN
FAILING TO PROCURE PROPER, TIMELY TREATMENT FOR
THE PLAINTIFF, DESPITE REPEATED REQUESTS FOR THE
DEFENDANT TO DO SO, WERE DELIBERATE INDIFFEREN
TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS. FURTHER
THE DEFENDANTS FAILURE TO INSURE THAT PROPER,
TIMELY MEDICAL TREATMENT WAS AVAILABLE TO
THE PLAINTIFF, AS THE DUTY OF THE CT. D.O.C.
ON-SITE-MONITOR DEMANDS, WAS DELIBERATE INDIFF.
TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS. THE DEFEND.
KNEW, OR SHOULD HAVE KNOWN, AS THE CT. D.O.C. C

SITE MONITOR; THAT THERE WAS NO DENTIST AVAIL
TO TREAT INMATES AT WALLENS RIDGE STATE PRISON. HE
CHOSE TO COVER THAT FACT UP WHILE COMMUNICATING W
THE PLAINTIFF, DISPLAYING DELIBERATE INDIFFERENCE
TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS ALL
OF DEFENDANT MASELLA'S ACTIONS CONSTITUTES
CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF
THE 8th AMENDMENT OF THE UNITED STATES CON
STITUTION.

32) THE ACTIONS OF DEFENDANT S.K. YOUNG, WARDEN
WALLENS RIDGE PRISON, IN FAILING TO HAVE PROCEDURE
IN PLACE TO PROVIDE FOR TIMELY, HUMANE TREATM
FOR INMATES REMANDED TO HIS CUSTODY CONSTITUTE
DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS
MEDICAL NEEDS. THE DEFENDANT, YOUNG, KNEW OR O
SHOULD HAVE KNOW OF THE LACK OF PERSONNEL TO
PROVIDE NECESSARY TREATMENT FOR SERIOUS MEDI
NEEDS AND FAILED TO PROVIDE TIMELY, HUMANE
ALTERNATIVES. FURTHER, DEFENDANT YOUNG KNEW O
OR SHOULD HAVE KNOWN OF THE PLAINTIFF'S NE
FOR TREATMENT OF A SERIOUS MEDICAL CONDITION,
THAT THE PLAINTIFF SENT A GRIEVANCE TO THE
DEFENDANTS OFFICE INFORMING HIM OF THE NEED
FOR TREATMENT, THE LENGTH OF DELAY, THE LACK
OF MEDICATION FOR PAIN, AND THE NUMBER OF REQUEST
PREVIOUSLY MADE TO THE MEDICAL DEPARTMENT FOR
TREATMENT. THE DEFENDANT CHOSE TO IGNORE THE
PLAINTIFF'S GRIEVANCE AND FAILED TO EVEN RESPON
TO THE PLAINTIFF, DISPLAYING A BLATANT DISREGA

FOR THE PLAINTIFF'S SERIOUS MEDICAL NEEDS AND HI-
ACTIONS AMOUNTED TO DELIBERATE INDIFFERENCE
TO THE PLAINTIFFS SERIOUS MEDICAL NEEDS, AND THA.
THIS DELIBERATE INDIFFERENCE CONSTITUTES CRUEL
AND UNUSUAL PUNISHMENT IN VIOLATION OF THE
PLAINTIFFS 8th CONSTITUTIONAL AMENDMENT RIGHT.

38.) THE ACTIONS OF RON ANGELONE, DIRECTOR OF T.
VIRGINIA DEPT. OF CORRECTIONS, IN FAILING TO PROPERLY
MONITOR AND CONTROL THE STAFFING, PROCEDURES, AN
PRACTICES AT WALLENS RIDGE STATE PRISON, DIRECTLY
LED TO THE PAIN AND SUFFERING INFLICTED UPON
THE PLAINTIFF. AS DIRECTOR OF VA. D.O.C., DEFENDANT
ANGELONE IS ULTIMATELY RESPONSIBLE TO INSURE THAT
EVERY INMATE REMANDED TO THE CUSTODY OF TH
VA. D.O.C IS PROVIDED WITH TIMELY, HUMANE
TREATMENT FOR SERIOUS MEDICAL NEEDS. FURTHER,
DEFENDANT ANGELONE KNEW OR SHOULD HAVE
KNOW, IN HIS CAPACITY AS DIRECTOR OF D.O.c
THAT THERE WAS NO DENTIST AT WALLENS
RIDGE AND THAT NO ALTERNATIVE HAD BEEN
ARRANGED FOR NECESSARY TREATMENT OF SERIOU.
MEDICAL NEEDS. RATHER THAN DISCONTINUES THE
FURTHER TRANSFER OF PRISONERS FROM CT. TO VA.
UNTIL PROPER STAFFING WAS ACHIEVED AT WALLE
RIDGE, DEFENDANT ANGELONE ALLOWED THE CONTINUE
TRANSFER OF CT. INMATES TO THE WALLENS RIDG
PRISON COMPOUNDING THE PROBLEM OF INCREASED NE
FOR TREATMENT WHILE STAFFING WAS STILL NOT
SUFFICIENT. DEFENDANT ANGELONES DELIBERATE

INDIFFERANCE TO THE SERIOUS MEDICAL NEEDS OF ALL INMATES AT WALLENS RIDGE DIRECTLY LED TO THE PAIN AND SUFFERING IMPOSED UPON THE PLAINTIFF AND CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE PLAINTIFF 8th AMENDMENT RIGHTS.

34) THE ACTIONS OF DEFENDANT JACK TOKARZ DEPUTY COMMISSIONER, CT. DO.C. IN ALLOWING CT. INMATES TO CONTINUE TO BE TRANSFERRED TO WALLENS RIDGE STATE PRISON WHEN HE KNEW OR SHOULD HAVE KNOWN THAT PROPER MEDICAL TREATMENT WAS NOT BEING PROVIDED TO INMATES TRANSFERRED TO VA. WAS DELIBERA. INDIFFERANCE TO THE PLAINTIFF'S SERIOUS MED. NEEDS FURTHER, AS DEPTY. COMMISSIONER, IT WAS DEFENDANT TOKARZ'S EXPRESS RESPONS. TO INSURE THAT ALL CT. INMATES TRANSFERR. TO VA. WERE PROVIDED WITH THE SAME LEVEL OF MEDICAL CARE AS THEY WOULD BE PROVID. WERE THEY STILL HELD IN THE SENDING STATE AS PER THE INTERSTATE COMPACT AGREEMEN. DEFENDANT TOKARZ'S FAILURE TO INSURE THIS DIRECTLY LED TO THE PLAINTIFF'S PAIN AND SUFFERING AND AMOUNT'S TO CRUEL AND UNUSUAL PUNISHMENT, ALL IN VIOLATION OF THE PLAINTIFFS RIGHTS UNDER THE 8th AMEND. OF THE U.S. CONSTITUTION.

FOLLOWING AMOUNTS:

1.) FROM DEFENDENTS YOUNG, ANGELONE, MASELLA, TOKARZ AND JORDAN, $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS) EACH.

C. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT.

1.) FROM DEFENDENTS YOUNG, ANGELONE, MASELLA, TOKARZ AND BROWN $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS) EACH.

D. ANY OTHER RELIEF THE COURT MAY DEEM APPROPRI.

# WALLENS RIDGE STATE PRISON
## REQUEST FOR SERVICES/COMPLAINT FORM

( ) REQUEST FOR SERVICES/INFORMATION
( ) COMPLAINT

### INSTRUCTIONS
Place a check mark next to the individual or department to whom you wish to respond to your request/complaint. Forward the form through the institutional mail.

PLEASE PRINT CLEARLY

Inmate Name _Keith Davis_ Date _12-20-99_

This request/complaint is directed to:

( ) Warden
( ) Assistant Warden of Operations
( ) Assistant Warden of Programs
( ) Chief of Security
( ) Treatment Program Supervisor
( ) Institutional Investigator
( ) Disciplinary Hearings Officer
( ) Mailroom
( ) Counselor ( name)_____
( ) Other (name)_____

( ) A Unit Security Supervisor
( ) B Unit Security Supervisor
( ) C Unit Security Supervisor
( ) D Unit Security Supervisor
( ) Personal Property
( ) Safety Officer
( ) Institutional Ombudsman
( ) Maintenance Dept.

( ) Medical Dept.
( ) Dentist
( ) Psychologist
( ) Laundry Manager
( ) Food Services
( ) Records Manager
( ) Business Manager
( ) Chaplain

Explain the reason for your request/complaint in the space provided.
Do not add attachments. Only one issue per form. Be specific

_I am a new inmate from CT Last week when we were Transfered I told the medical people I had a badly infected broken tooth. I still haven't seen a dentist. I am in sivere pain and have a sore swelling on the left side of my face. Can I please get something for the pain and infection Thank you._

Inmate signature/number _____ Date _12-20-99_

### Staff Response

Inmate Interviewed ( ) yes ( ) no
Action Taken_____

Staff Signature_____ Date_____

( ) COMPLAINT

Barile, Keith                                                    C 601

**INSTRUCTIONS:** Place a check mark next to the individual or department to whom you wish to respond to your request/complaint. Forward the form through the institutional mail. **Please print clearly.**

INMATE NAME/NUMBER _Keith BARILE  277209_                HOUSING _C 60_

This request/complaint is directed to:

( ) Warden                          ( ) A Unit Security Supervisor      ( ) Medical Dept. (Physician)
( ) Assistant Warden of Operations  ( ) B Unit Security Supervisor      (X) Dentist
( ) Assistant Warden of Programs    ( ) C Unit Security Supervisor      ( ) Psychologist
( ) Chief of Security               ( ) D Unit Security Supervisor      ( ) Laundry Manager
( ) Shift Commander                 ( ) Personal Property               ( ) Food Service Manager
( ) Treatment Program Supervisor    ( ) Safety Officer                  ( ) Records Manager
( ) Institutional Investigator      ( ) Institutional Ombudsman         ( ) Business Manager
( ) Disciplinary Hearings Officer   ( ) Recreation Supervisor           ( ) Chaplain
( ) Mailroom                        ( ) Maintenance Department
( ) Counselor (Name) _____
( ) Other (Name) _____                    RECEIVED JAN 0 3 2000

Explain the reason for your request/complaint in the space provided. **DO NOT ADD ATTACHMENTS. Be specific. One issue per form.**

I have 2 teeth that are infected and causing me severe pain. This has been going on since I got here 2½ weeks ago. This is my second request. I am in a great deal of pain almost all the time. Can I please get something to relieve the pain.

                    Thank you

Inmate Signature/Number _____          Date _12-29-99_

---------------------------- STAFF RESPONSE ----------------------------

INMATE INTERVIEWED: ( ) YES  (✓) NO          RECEIVED
ACTION TAKEN:                                 JAN 0 5 1999
                                              By _H. Jadan, RDA_

Your name has been placed on the dental list, and I will get you something for pain.

H. Jadan, RDA                                   1/5/00

LOG # _____

BARILE                 Keith        277209          C            6
LAST NAME              FIRST        NUMBER        BUILDING

WHAT IS YOUR COMPLAINT?   [PROVIDE INFORMATION FROM THE INFORMAL PROCESS: WHEN DID YOU SEE THEM. WHAT WAS D[

On Dec. 29, 1999 I submitted my second request to dental about 2 teeth of mine th[ ] are infected. My face and mouth are swollen becau[ ] of this. When we arrived here on Dec. 14th I inform[ ] the medical people at intake that I had 2 teeth th[ ] were infected. In answer to my second request on H. Jardim, RDA said my name was placed on a list and th[ ] I would get something for the pain. I was given Motrin fo[ ] about 2 weeks and on Sunday the 16th that was stopped. So now I am no longer receiving medication for the pain and I've never received medication for the infection. It [ ] now going on 6 weeks and I need something for the pain a[ ] the infection I don't understand why the Motrin was discontinued unless its just to charge me the $2.00 again for the Motrin.

WHAT ACTION DO YOU WANT TAKEN? I would like to get the Motrin and some anti-biotic for the pain and infection and I need these teeth removed.

_____

_____

_____

GRIEVANT'S SIGNATURE [signature]                    DATE SUBMITTED 01-18-00

## VIRGINIA DEPARTMENT OF CORRECTIONS
### EMERGENCY GRIEVANCE FORM

Log # N° 81138

**Definition:** Emergencies are defined as situations or conditions which may subject the inmate to immediate risk of serious personal injury or irreparable harm.

_Shirley_    _Keith_    _277209_    _C-601_    _601_

| Inmate Last Name | First | No. | Institution/Bldg. # | Cell # |

### PART A- INMATE CLAIM

What is the emergency? _I have an infected tooth that is causing me extreme pain and it almost impossible to eat_

_02-01-00_    _8:10 a m_

Date / Time

_[signature]_    _277209_

Signature of Inmate & Number

### PART B- STAFF RESPONSE
(This part is to be completed and returned to the inmate within eight (8) hours.)

[X] Your grievance does not meet the definition for an emergency. Reason/s: _You will be scheduled to see the dentist. We will get you something for pain._

[ ] Your grievance has been determined to be an emergency and the following action has been taken:

_____

_2/1/00_    _4:15 p.m._

Date / Time

_N Jordan, R.D.A_

Respondent / Title

**Distribution:** Original Grievance returned to Inmate
     Copy forwarded to Institutional Ombudsman/Grievance Coordinator

[Detach here]

CLOSED

# U.S. District Court
## Western District of Virginia (Roanoke)
### CIVIL DOCKET FOR CASE #: 7:00-cv-00706-jlk-gc

Barile v. Young, et al                          Date Filed: 09/08/2000
Assigned to: Judge Jackson L. Kiser             Jury Demand: Plaintiff
Referred to: Magistrate Judge Glen E. Conrad(Magistrate)    Nature of Suit: 550 Prisoner: Civil Rights
Demand: $0                                      Jurisdiction: Federal Question
Cause: 42:1983 Prisoner Civil Rights

**Plaintiff**

**Keith Barile**                represented by   **Keith Barile**
                                                237196
                                                McDougall Correctional Institution
                                                1153 East Street South
                                                Suffield, CT 06080
                                                PRO SE

V.

**Defendant**

**S. K. Young**                 represented by   **Banci Enga Tewolde**
                                                OFFICE OF THE ATTORNEY
                                                GENERAL
                                                900 EAST MAIN STREET
                                                RICHMOND, VA 23219
                                                804-786-8115
                                                Fax: 786-4239
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald J. Angelone**
*Director, VDOC*
*TERMINATED: 11/30/2000*

**Defendant**

**Jon Masella**
*on site monitor, Wallens Ridge State
Prison*

**Defendant**

**H. Jordon**                   represented by   **David Ernest Boelzner**
*R.D.A., Wallens Ridge State Prison*            WRIGHT, ROBINSON, OSTHIMER &
                                                TATUM
                                                4TH FLOOR

411 EAST FRANKLIN STREET
RICHMOND, VA 23219-2205
804-783-1100
Fax: 783-1138
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather M. Kofron**
WRIGHT, ROBINSON, OSTHIMER &
TATUM
4TH FLOOR
411 EAST FRANKLIN STREET
RICHMOND, VA 23219-2205
804-783-1100
Fax: 783-1138
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph P. Callahan**
RAWLS & MCNELIS, P.C.
PO BOX 2470
RICHMOND, VA 23218-2470
804-344-0038
Fax: 782-0133
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jack Tokarz**
*Deputy Commander, DOC*
*TERMINATED: 11/30/2000*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2000 | 1 | ORDER, FILING this action; ADVISING inmate as to 3 strikes rule of PLRA; ASSESSING a fee of $ 150.00; DEFERRING all action in this case; ADVISING inmate to comply within the allotted time and to notify of changes in address or risk dismissal; REFERRING case for all non-dispositive motions to USMJ Glen Conrad ( signed by Magistrate Judge Glen E. Conrad ) [EOD Date 9/8/00] (lfc) |
| 09/08/2000 | 2 | COMPLAINT w/attachments (lfc) |
| 09/08/2000 | 3 | VERIFIED STATEMENT w/ Attachments by Plaintiff (lfc) |
| 09/25/2000 | 4 | MOTION to Amend [2-1] complaint by Keith Barile (ssm) |
| 10/26/2000 | 5 | ORDER, entered DISMISSING this action without prejudice for failure of plaintiff to comply with court order directing plaintiff to pay or otherwise respond to filing fee order. ( signed by Senior Judge Jackson L. Kiser ) [EOD Date 10/26/00] (ssm) |
|  |  |  |

| 10/26/2000 | | Case closed (ssm) |
|---|---|---|
| 11/06/2000 | 6 | MOTION for Reconsideration of [5-1] order entered DISMISSING this action without prejudice for failure of plaintiff to comply with court order directing plaintiff to pay or otherwise respond to filing fee order. by Keith Barile (Attorney ) (ssm) |
| 11/06/2000 | 7 | CONSENT TO FEE by pltf/pet (ssm) |
| 11/30/2000 | 8 | MEMORANDUM OPINION ( signed by Senior Judge Jackson L. Kiser ) (rkc) |
| 11/30/2000 | 9 | ORDER ent 1) granting [6-1] Motion for Reconsideration of [5-1] Order entered DISMISSING this action, and Reinstating this case to the active docket , 2) Granting pltf's [4-1] Motion to Amend [2-1] Complaint, 3) Dismissing w/out prejudice allegations relating to defts Angelone and Tokarz ; and the remainder of the claims, as amended, may go forward and Directing the clerk to attempt service of process upon remaining defts: S K Young, Jon Masella and H Jordan ( signed by Senior Judge Jackson L. Kiser ) [EOD Date 11/30/00] (rkc) |
| 11/30/2000 | | Case reopened (rkc) |
| 11/30/2000 | | JURY DEMAND per Amended Complaint by Keith Barile (rkc) (Entered: 12/01/2000) |
| 11/30/2000 | | **Set Jury Demand flag. (rkc) (Entered: 12/01/2000) |
| 12/01/2000 | | NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS as to S. K. Young, Jon Masella, H. Jordon 12/1/00 Answer deadline projected for 1/30/01 for H. Jordon, for Jon Masella, for S. K. Young Waiver of Service due by 12/31/00 for H. Jordon, for Jon Masella, for S. K. Young (rkc) |
| 12/20/2000 | | WAIVER OF SERVICE Returned Executed as to S. K. Young (ssm) (Entered: 12/21/2000) |
| 12/20/2000 | 10 | Text not available. (Entered: 12/21/2000) |
| 12/26/2000 | 11 | MOTION for Appointment of Counsel by Keith Barile (ssm) |
| 12/28/2000 | 12 | ORDER denying [11-1] motion for Appointment of Counsel ( signed by Magistrate Judge Glen E. Conrad ) [EOD Date 12/28/00] (ssm) |
| 12/28/2000 | 13 | ORDER, ent. AUTHORIZING the Trust Accounts Office at MacDougall Corr. (CT) to begin fee collection in this case. ( signed by Magistrate Judge Glen E. Conrad ) [EOD Date 12/28/00] (ssm) |
| 12/28/2000 | | SECOND ATTEMPT in c/o Wallens Ridge State Prison -NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS as to Jon Masella, H. Jordon 12/28/00 (ssm) |
| 01/02/2001 | | WAIVER OF SERVICE Returned Executed as to H. Jordon (ssm) |
| 01/11/2001 | 14 | ANSWER to Complaint by H. Jordon (Attorney David Ernest Boelzner, Heather M. Kofron), (rkc) |
| 01/11/2001 | 15 | Roseboro Notice (rkc) |

| 01/22/2001 | | WAIVER OF SERVICE Returned Executed as to Jon Masella (ssm) |
|---|---|---|
| 01/26/2001 | 16 | RESPONSE by Keith Barile to [14-1] Answer by H. Jordon (rkc) (Entered: 01/29/2001) |
| 01/29/2001 | 17 | MOTION to Dismiss by S. K. Young (Attorney Banci Enga Tewolde) (rkc) |
| 01/29/2001 | 18 | BRIEF w/ exhibits in Support of [17-1] motion to Dismiss by S. K. Young (rkc) |
| 01/29/2001 | 19 | Roseboro Notice (rkc) |
| 02/20/2001 | 20 | RESPONSE by Keith Barile to [17-1] motion to Dismiss by S. K. Young (rkc) (Entered: 02/21/2001) |
| 04/27/2001 | 21 | MOTION for Default Judgment against S. K. Young by Keith Barile (ssm) |
| 07/24/2001 | 22 | MEMORANDUM OPINION ( signed by Senior Judge Jackson L. Kiser ) (rkc) |
| 07/24/2001 | 23 | ORDER denying pltf's [21-1] motion for Default Judgment against S. K. Young, granting defts' [17-1] motion to Dismiss and Dismissing this action purs to 42 USC 1997e(a) signed by Senior Judge Jackson L. Kiser ) [EOD Date 7/24/01] (rkc) |
| 07/24/2001 | | Case closed (rkc) |
| 08/27/2001 | 24 | NOTICE OF APPEAL by Keith Barile . , Inmate's mailing date of 08-19-01. Order appealed: Final Order by Judge Kiser) (ssm) |
| 08/28/2001 | | Transmittal Letter w/ Notice of Appeal and certified copy of docket to USCA: [24-1] appeal by Keith Barile (jcj) |
| 08/28/2001 | | RECORD ON APPEAL in 1 volumes sent to U.S. Court of Appeals: Re [24-1] appeal by Keith Barile (jcj) |
| 12/07/2001 | | NOTICE of Docketing ROA from USCA Re: [24-1] appeal by Keith Barile USCA Number: 01-8017 Docket Clerk D Daniel (ssm) |
| 03/01/2002 | | MEMORANDUM OPINION from 4th Circuit ent. AFFIRMING (Decided 2-27-02) (ssm) |
| 03/25/2002 | | RECORD ON APPEAL returned from U.S. Court of Appeals: [24-1] appeal (ssm) |
| 03/25/2002 | | MEMORANDUM OPINION from 4th Circuit ent. AFFIRMING (Decided 02-27-02) (ssm) (Entered: 03/26/2002) |
| 03/25/2002 | | JUDGMENT OF USCA (certified copy) AFFIRMING (ssm) (Entered: 03/26/2002) |
| 01/15/2004 | | Filing Fee Paid; FILING FEE $ 150.00 RECEIPT # 702336 (mka) |

## PACER Service Center

### Transaction Receipt


| 01/31/2005 09:15:51 | | | |
|---|---|---|---|
| **PACER Login:** | pw0572 | **Client Code:** | 099901-9800477 |
| **Description:** | Docket Report | **Search Criteria:** | 7:00-cv-00706-jlk-gc |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Westlaw.

30 Fed.Appx. 109
30 Fed.Appx. 109, 2002 WL 276489 (4th Cir.(Va.))
(Cite as: 30 Fed.Appx. 109, 2002 WL 276489 (4th Cir.(Va.)))

Page 1

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.

Keith BARILE, Plaintiff-Appellant,
v.
S.K. YOUNG; Jon Masella, on site monitor, Wallens Ridge State Prison; H.
Jordan, R.D.A., Wallens Ridge State Prison, Defendants-Appellees,
and
Ronald J. Angelone, Director, Virginia Department of Corrections; Jack Tokarz,
Deputy Commander, Department of Corrections, Defendants.

**No. 01-8017.**

Submitted Feb. 14, 2002.
Decided Feb. 27, 2002.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (CA-00- 706).

Keith Barile, Appellant Pro Se. Banci Enga Tewolde, Office of the Attorney General of Virginia, Richmond, Virginia; David Ernest Boelzner, Heather Marie Kofron, Wright, Robinson, Osthimer & Tatum, Richmond, Virginia; Joseph Patrick Callahan, Rawls & McNelis, P.C., Richmond, Virginia, for Appellees.

*110 Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

PER CURIAM.

**1 Keith Barile appeals the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp.2001) complaint without prejudice for failure to exhaust administrative remedies. The district court properly

required exhaustion of administrative remedies under 42 U.S.C.A. § 1997e(a) (West Supp.2001). Because Appellant did not demonstrate to the district court that he had exhausted administrative remedies or that such remedies were not available, the court's dismissal of the action, without prejudice, was not an abuse of discretion. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

30 Fed.Appx. 109, 2002 WL 276489 (4th Cir.(Va.))

**Briefs and Other Related Documents (Back to top)**
•            01-8017            (Docket)
(Dec. 05, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.