UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH BARILE | : | CIVIL NO. 3:00CV2253 (HBF) |
| | : | |
| v. | : | |
| | : | |
| BARRY DRUMMOND, ET AL. | : | FEBRUARY 4, 2005 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED**

**JURY INSTRUCTIONS**

Plaintiff Keith Barile, by his attorneys, respectfully requests that Defendants' Proposed Jury Instructions dated January 7, 2005 and sent to the court by email on February 3, 2005 be rejected in their entirety.

A. **DEFENDANTS' PROPOSED INSTRUCTION REGARDING 20/20 HINDSIGHT SHOULD BE REJECTED BECAUSE IT IS BASED ON INAPPLICABLE LAW**

Defendants have proposed the following language be included in the court's jury instruction on February 4, 2005:

> 26. In making any judgments with respect to plaintiff's Eighth Amendment claims, you shall not base your decision upon 20/20 hindsight. You must put yourselves in the place of the defendants during the very moments when these events were occurring and judge their actions as of that time and under those circumstances.

Despite the fact that Plaintiff seeks relief under the 8th and 14th Amendments of the Constitution for violations of his civil rights, Defendants cite to a search and seizure case under the 4th Amendment in support of their proposal of this instruction. *See Graham v. Connor*, 490 U.S. 392, 396 (1989) (claims of excessive force in course of investigatory stop properly analyzed under Fourth Amendment). The court in *Graham* held that under

the Fourth Amendment, "[t]he reasonableness of a particular use of force must be judge from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. Although cited by the Defendants in support of this instruction, *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d. Cir.), *cert. denied*, 414 U.S. 1033, (1973), which was overruled in part by *Graham*, does not contain any language regarding the 20/20 hindsight instruction.

>Further, Defendants propose the following instruction:
>
>27.    Keep in mind that corrections officials must make their decisions "in haste, under pressure, and frequently without the luxury of a second chance." Keep in mind also that prison life and relations "between the inmates and prison officials or staff, contain the ever-present potential for violent confrontation and conflagration."[1] Responsible prison officials must be permitted to take reasonable steps to forestall such a threat, and they must be permitted to act in a timely fashion so as to maintain safety and security. If you find that the defendants acted in a good-faith effort to maintain and restore discipline, no constitutional violation has occurred. Therefore, if you make such a finding you should find for the defendants.

However, this instruction is based on inapplicable case law cited by the Defendants relating to excessive force claims, *Hudson v. McMillian*, 503 U.S. 6, 7 (1992) (prisoner alleged excessive force by correctional officers during prison disturbance); *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (former inmate alleged use of excessive force officers in administering medication), and First Amendment claims, *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 132-33, 97 S.Ct. 2532, 2541 (1977) (labor union brought civil rights suit challenging regulations which prohibited inmates from forming a union). Plaintiff does not claim any excessive force by Defendants against

---

[1] Incidentally, the quote contained in Defendants' instruction from *Wolf v. McDonnell*, 418 U.S. 539, 561-62 (1974) is not found in that case, but is found in *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 132-33, 97 S.Ct. 2532, 2541 (1977).

Plaintiff, a claim wholly distinct from a deliberate indifference claim. Accordingly, the additional instruction proposed by the Defendants should be rejected by the court.

### B. PRISON OFFICIALS AND CORRECTIONAL OFFICERS HAVE AN OBLIGATION TO ENSURE THE SAFETY OF THEIR PRISONERS; THE COURT'S INSTRUCTION SHOULD NOT IMPLY OTHERWISE

Defendants further propose that the court instruct the jury: "You should recognize at the outset that neither prison officials nor correctional officers can absolutely guarantee the safety of their prisoners." Based on the case law cited by Defendants in support thereof, such an instruction is an incomplete, and therefore improper, statement of the law. A proper instruction based on those cases cited would be: "Although neither prison officials nor correctional officers can absolutely guarantee the safety of their prisoners, they are responsible for taking reasonable measures to insure the safety of inmates." *See Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999)("neither prison officials nor municipalities can absolutely guarantee the safety of their prisoners. They are, however, responsible for taking reasonable measures to insure the safety of inmates."); *Berry v. City of Muskogee*, 900 F.2d 1489, 1499 (10th Cir. 1990) ("The City, of course, cannot absolutely guarantee the safety of its prisoners, but it has a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity.") By omitting any reference of the duty of prison officials, the Defendants' proposed instruction improperly mitigates the duty Defendant Drummond owed Plaintiff.

More importantly, Plaintiff does not argue that any of the Defendants had an obligation to <u>guarantee</u> his safety, rather Plaintiff contends Defendant Drummond was deliberately indifferent to an obvious risk posed to Plaintiff by another inmate. It is undisputed that Defendant Drummond had an obligation to take reasonable measures to

protect Plaintiff from an obvious or known harm; therefore, Defendants' proposed instruction is unnecessary and should be rejected by the court.

## CONCLUSION

For the foregoing reasons, the court should reject Defendants' Proposed Jury Instructions.

    Respectfully submitted,

    PLAINTIFF
    KEITH BARILE

    Henry K. Snyder (ct 17242)
    Daniel J. Richert (ct 25302)
    Kenneth A. Newby (ct 26319)
    Pillsbury Winthrop LLP
    695 East Main Street
    Stamford, CT  06904
    Tel. 203-348-2300
    Fax. 203-965-8226
    hsnyder@pillsburywinthrop.com
    drichert@pillsburywinthrop.com
    knewby@pillsbuywinthrop.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was served by hand, this 4th day of February, 2005, to:

> Steven R. Strom
> Assistant Attorney General
> Office of the Attorney General
> 110 Sherman Street
> Hartford CT 06105
> Tel.: (860) 808-5450
> Fax: (860) 808-5591
> E-mail: steven.strom@po.state.ct.us
> Fed. Bar No. ct 01211

_____
Kenneth A. Newby