UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| KEITH BARILE | : | CIVIL NO. 3:00CV2253(HBF) |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| BARRY DRUMMOND, ET AL. | : | FEBRUARY 17, 2004 |

## DEFENDANTS' MEMORANDUM
## IN SUPPORT OF MOTION FOR COSTS

Plaintiff Keith Barile was ordered by this Court to pay $500.00 as security for costs in this action. See Doc. # 109 (Nov. 9, 2004). In response to plaintiff's "emergency" motion to set aside the November 9, 2004, Order, (Doc. #113) the Court deferred the payment of this $500.00 amount until 14 days after the Court rules on Motion #113. The defendants filed a memorandum in opposition to the plaintiff's motion to set aside the order re: security for costs, (Doc. #135), asking the Court to defer ruling on costs until after trial, to see what the judgment would be in this case.

On February 8, 2005, the Judgment in favor of the defendants signed by the Clerk of Court on February 7, 2005 was filed. (Doc. # 154). The defendants, who throughout the pretrial proceedings had advised the plaintiff of their intention to recover costs for the depositions taken, filed a timely motion for costs on February 16, 2005, together with an affidavit of counsel, and a Bill of Costs. The Second Circuit has clearly held that payment of costs by an in forma pauperis prisoner litigant is authorized by federal statute, stating:

> When judgment is entered against a prisoner and costs against the prisoner
> are assessed, § 1915(f)(2)(A) now requires that the prisoner pay the costs
> either in full, or in accordance with the payment process set forth in §1915(b)(2).
> The prisoner's ability to pay the costs is no longer an issue. . . .
> Whitfield v. Scully,  241 F.3d 264  (2d Cir. 2001)

1

The Second Circuit in <u>Whitfield</u>, 241 F.3d at 272-273 continued as follows:

> But good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs, let alone require an appellate court to vacate a district court's award of costs. See <u>Aerotech, Inc. v. Estes,</u> 110 F.3d 1523, 1527 (10th Cir. 1997) (finding that a denial of costs is not warranted simply because a lawsuit was not brought in bad faith, since "all parties to a federal action have an obligation to act in good faith and with proper purpose"). See generally 10 James Wm. Moore et al., Moore's Federal Practice P 54.101[1][b], at 54-152 (3d ed. 2000) (collecting circuit decisions). There is also widespread agreement among the courts of appeals that indigency per se does not preclude an award of costs against an unsuccessful litigant, see <u>Feliciano,</u> 205 F.3d at 571, unless the United States is a party to the proceeding, see <u>Maida v. Callahan,</u> 148 F.3d 190, 193 (2d Cir. 1998) (per curiam).

The 1996 PLRA amendments to § 1915 have undercut the ability of prisoners to appeal an award of costs on the ground of indigency. Indeed, § 1915(f)(2)(A) as amended clearly states that "if the judgment against a prisoner includes the payment of costs under this subsection, <u>the prisoner shall be required to pay the full amount of the costs ordered</u>" (emphases added). The defendants reasonably incurred several thousands of dollars in costs. The pending motion only seeks $1,295.08, which should be paid in full by plaintiff, who recently received a two thousand dollar settlement from the state.

Under the PLRA amendments, courts continue to have the authority to assess costs against an indigent prisoner. However, the PLRA has added a provision to the in forma pauperis statute requiring payment for costs in the same manner as the payment of the filing fee. See 28 U.S.C. § 1915 (f)(2)(A) & (B); <u>Tucker v. Branker,</u> 330 U.S. App. D.C. 67, 142 F.3d 1294, 1296-97 (D.C. Cir. 1998). "Because a prisoner can no longer challenge the assessment of fees . . .on the grounds that the prisoner is unable to pay the assessment, if a court chooses to tax a prisoner costs, the prisoner is required to pay the assessment in full." <u>Talley-Bey v. Knebl,</u> 168 F.3d 884, 886 (6th Cir. 1999) (citations omitted).

Although the defendants could have asked for far more than the $1,295.08, (for example for charging costs for the hundreds of pages of copies given to plaintiff in excess of the 500 pages billed as costs, and the copy of the x-ray films of plaintiff's back) they reasonably reduced the amount to lesson the burden on the incarcerated plaintiff, who should be ordered to commence payment of costs immediately.

## CONCLUSION

For all the foregoing reasons, the plaintiff's objection to the motion for costs should be overruled, and the motion for costs should be granted.

>                    DEFENDANTS
>                    Barry Drummond, et.al.
>
>                    RICHARD BLUMENTHAL
>                    ATTORNEY GENERAL
>
>               BY:__/s/_____
>                    Steven R. Strom
>                    Assistant Attorney General
>                    110 Sherman Street
>                    Hartford, CT  06105
>                    Federal Bar #ct01211
>                    E-Mail: steven.strom@po.state.ct.us
>                    Tel.: (860) 808-5450
>                    Fax: (860) 808-5591

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed in accordance with Rule 5(b), Fed. R. Civ. P., this 17th day of February, 2005 to:

> Henry K. Snyder
> Daniel J. Richert
> Kenneth A. Newby
> Pillsbury Winthrop LLP
> 695 East Main Street
> Stamford, CT 06904

                                            __/s/_____
                                            Steven R. Strom
                                            Assistant Attorney General