```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                    :
KEITH BARILE                        :
                                    :
v.                                  :    CIV. NO. 3:00CV2253 (HBF)
                                    :
JOHN ARMSTRONG, ET AL.              :
                                    :
                                    :
```

RULING ON DEFENDANTS' MOTION FOR COSTS [DOC. #156]

On November 9, 2004, plaintiff was ordered by the Court to pay $500.00 as security for costs. [Doc. # 109]. Upon plaintiff's request, payment of this $500.00 security was deferred until after the court ruled on plaintiff's Motion to Set Aside the Order Granting the Motion for Security for Costs. [Doc. # 114]. The defendants then requested that any ruling regarding costs be deferred until after trial. [Doc. # 135].

On February 4, 2005, the jury returned a verdict in favor of Defendants, [Doc. # 153], and judgment entered on February 8, 2005. [Doc. # 154]. On February 18, 2005, Defendants filed a Motion for Costs together with a Bill of Costs and exhibits. [Docs. # 156 and 157]. Plaintiff has failed to file an objection.

Fed. R. Civ. P. Rule 54(d) generally governs the taxation of costs against an unsuccessful litigant. Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001). 28 U.S.C. § 1915, et seq., governs taxation of costs relative to suits by prisoners. 28 U.S.C.

1

§ 1915(f)(1) provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings ...."

However, a district court may deny a motion for costs based on a litigant's indigency, but "indigency *per se* does not automatically preclude an award of costs." <u>Whitfield</u>, 214 F.3d at 270, citing <u>McGill v. Faulkner</u>, 18 F.3d 456, 459-60 (7th Cir. 1994). Nor is a district court required to deny a motion for costs solely because the suit was brought in good faith, without frivolity. <u>Whitfield</u>, 241 F.3d at 272, citing <u>AeroTech, Inc. V. Estes</u>, 110 F.3d 1523, 1527 (10th Cir. 1997). Whether to grant or deny a motion for costs is within the sound discretion of the district court. <u>Whitfield</u>, 241 F.3d at 269.

Although the plaintiff in this matter was granted *in forma pauperis* status, plaintiff has not claimed an inability to pay costs, and in fact, has failed to object to the defendants' motion for costs. For the reasons stated below, defendants' Motion for Costs is **GRANTED**.

### Deposition of Keith Barile

Defendants submit a claim for the cost of the deposition transcript of Keith Barile in the amount of $525.30.

The cost of the original and one copy of deposition transcripts are recoverable if they are necessarily obtained for the preparation of the case and not for the convenience of counsel. D. Conn. L. Civ. R. 54(c)(2)(ii). Court reporter's

fees are taxed at the prevailing page rate pursuant to D. Conn. L. Civ. R. 80.  Maximum transcript rates for an original and one copy are $3.75 per page.  In addition, appearance fees of the court reporter at the deposition are taxable as costs.  D. Conn. L. Civ. R. 54(c)(2)(ii).

Because Mr. Barile was a party to the case, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is recoverable.  Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page.  The invoice indicates that this deposition transcript was 114 pages, which when calculated at $3.75 per page totals $427.50.

The invoice submitted also indicates that the court reporter charged an appearance fee of $75.00.  Pursuant to D. Conn. L. Civ. R. 54(c)(2)(ii), defendants are entitled to recover this expense.

Deposition costs are awarded in the amount of **$502.50** on the present record.

**Deposition of Anthony Crumb**

Defendants submit a claim for the cost of the deposition transcript of Anthony Crumb in the amount of $377.55.

Anthony Crumb was a trial witness for the plaintiff and was identified by the plaintiff as a witness to the alleged events. Consequently, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost.  Accordingly, the Court will allow this cost up to

the prevailing page rate of $3.75 per page. The invoice indicates that this deposition transcript was 69 pages, which when calculated at $3.75 per page totals $258.75.

The invoice submitted also indicates that the court reporter charged an appearance fee of $75.00. Pursuant to D. Conn. L. Civ. R. 54(c)(2)(ii), defendants are entitled to recover this expense.

Lastly, the invoice submitted indicates a "multipage condensed" version of the transcript at a cost of $30.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover this expense.

Costs are awarded in the amount of **$333.75** on the present record.

### Depositions of Ossie Channer, Robin Maciag, and Antonio Villarini

Defendants submit a claim for the cost of the deposition transcripts of Ossie Channer, Robin Maciag, and Antonio Villarini in the amount of $511.00.

Ossie Channer and Antonio Villarini were Correctional Officers at MacDougall/Walker Correctional Institution and Robin Maciag was a Registered Nurser for the Department of Corrections. As the above-named individuals had first-hand knowledge of the Department of Corrections policies and procedures applicable to this case, the Court finds that they were deposed out of necessity and, thus, the cost of the deposition transcripts are taxable costs. Accordingly, the Court will allow these costs up

to the prevailing page rate of $3.75 per page.  The invoice indicates that the deposition transcript for Ossie Channer was 105 pages, the deposition transcript for Robin Maciag was 73 pages, and the deposition transcript for Antonio Villarini was 35 pages -- for a total of 213 pages.  The court reporter charged a rate of $2.00 per page, for a total of $426.00.

The invoice submitted also indicates "multipage condensed" versions of the transcripts at a cost of $75.00, together with a delivery charge of $10.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of **$426.00** on the present record.

### Deposition of Barry Drummond

Defendants submit a claim for the cost of the deposition transcript of Barry Drummond in the amount of $367.82.

Barry Drummond, a Correctional Officer at the HCC in Hartford, Connecticut, was an expert/fact witness as to Department of Correction policies and procedures applicable to this dispute.  Consequently, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost.  Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page.  The invoice indicates that the deposition transcript for Mr. Drummond was 155 pages, at cost of $2.00 per page, for a total of $310.00.

The invoice submitted also indicates a "multipage condensed"

version of the transcript at a cost of $25.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of **$310.00** on the present record.

### Deposition of Jennifer B. Gavin

Defendants submit a claim for the cost of the deposition transcript of Jennifer B. Gavin in the amount of $115.54.

Jennifer Gavin, a Registered Nurse and Nurse Consultant for the Department of Corrections, was a witness as to plaintiff's condition, medical records, and Correctional policy and procedures.  The Court finds that she was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost.  Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page.  The invoice indicates that the deposition transcript for Ms. Gavin was 36 pages, at a cost of $2.00 per page, for a total of $72.00.

The invoice submitted also indicates a "multipage condensed" version of the transcript at a cost of $25.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of **$72.00** on the present record.

### Depositions of Kenneth Olszta, Sharon Brown, Fred Kurtz, Theresa Pemberton, and Stacy Smith

Defendants submit a claim for the cost of the deposition transcripts of Kenneth Olszta, Sharon Brown, Fred Kurtz, Theresa Pemberton, and Stacy Smith in the amount of $627.00.

Mr. Olszta is the Lieutenant who investigated this dispute; Ms. Brown is a Nurse Correctional Supervisor with knowledge of the medical grievance process; Mr. Kurtz is a former retired employee of the HCC in Hartford, Connecticut testifying relative to log book policies and procedures; and Ms. Pemberton and Ms. Smith are Counselor Supervisors at the York Correctional Institute in Niantic, Connecticut.  As the above-named individuals had first-hand knowledge of issues applicable to this case, the Court finds that they were deposed out of necessity and, thus, the cost of the deposition transcripts are a taxable cost.  Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page.  The invoice indicates that the deposition transcript for Mr. Olszta was 118 pages; the deposition transcript for Ms. Brown was 26 pages; the deposition transcript for Mr. Kurtz was 26 pages; the deposition transcript of Ms. Pemberton was 35 pages; and the deposition transcript of Ms. Smith was 40 pages -- for a total of 245 pages.  The court reporter charged a rate of $2.00 per page for a total of $490.00.

The invoice submitted also indicates "multipage condensed" versions of the transcripts at a cost of $125.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c)

indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of **$490.00** on the present record.

### Deposition of James McKenna

Defendants submit a claim for the cost of the deposition transcript of Dr. James McKenna in the amount of $168.54.

Dr. McKenna was an expert/fact witness as to the type of injury sustained by plaintiff and the claims made by plaintiff. The Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost. Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page.  The invoice indicates that the deposition transcript for Mr. McKenna was 61 pages, at a cost of $2.00 per page, for a total of $122.00.

The invoice submitted also indicates a "multipage condensed" version of the transcripts at a cost of $25.00, together with a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of **$122.00** on the present record.

### Deposition of Frederick Levesque

Defendants submit a claim for the cost of the deposition transcript of Fred Levesque in the amount of $375.00.

Mr. Levesque, Director of Offender Classification and Population Management at MacDougall/Walker Correctional Institution, testified as to his observations and review of plaintiff's file as well as to Department of Correction policies and procedures.  Therefore, the Court finds that he was deposed out of necessity and, thus, the cost of the deposition transcript is a taxable cost.  Accordingly, the Court will allow this cost up to the prevailing page rate of $3.75 per page.  The invoice indicates that the deposition transcript for Mr. McKenna was 72 pages. At the prevailing rate of $3.75, the total recoverable cost is $270.00.

The invoice submitted also indicates a "multipage condensed" version of the transcript at a cost of $25.00; an e-mail charge of $25.00; and a delivery charge of $12.00. Nothing in D. Conn. L. Civ. R. 54(c) indicates that the defendants are entitled to recover these expenses.

Costs are awarded in the amount of **$270.00** on the present record.

### Witness Fee for Anthony Crumb

Defendants submit a claim for witness fees for Anthony Crumb, the plaintiff's witness, who testified at a deposition and at trial.

Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial, and witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost.  D. Conn. L. Civ. R. 54(c)(4)(I).

Under D. Conn. L. Civ. R. 54(c)(2)(ii), fees for nonparty deponents, including mileage and subsistence, are taxable at the same rate as for attendance at trial, where the deposition is a taxable cost. Pursuant to 42 U.S.C. § 1821(b), a witness is to be paid an attendance fee of $40.00 per day for each day's attendance and for the time necessarily occupied in going to and returning from the place of attendance.  Mileage is taxable at the statutory rate.  D. Conn. L. Civ. R. 54(c)(4)(iii).

Defendants submit a check issued to Mr. Crumb on August 24, 2004 in the amount of $52.00 together with a Marshal's Invoice for Service in the amount of $40.90.  The statutory attendance fee of $40.00 per day is allowed.  The defendants, however, failed to submit an invoice indicating the mileage and/or cost to Mr. Crumb to attend the deposition.  Accordingly, defendants are entitled to witness fees of $40 at the present time.  If the defendants determine the cost for mileage paid to Mr. Crumb, the parties may petition the Court for further review in the event of a dispute as to the amount of this cost.

Additionally, the costs of service of process for discovery subpoenas are recoverable.  D. Conn. L. Civ. R. 54(c)(1).  The defendants have submitted a Marshal's invoice in the amount of $40.90. Therefore, costs are awarded for the appearance of Mr. Crumb at his scheduled deposition total **$80.90.**

Summary

For the reasons previously stated, Defendants' bill of costs is allowed as follows:

| | |
|---|---|
| Transcript/Appearance Fees of the Court Reporter | $2,526.25 |
| Fees for Witnesses | $80.90 |
| **TOTAL** | **$2,607.15** |

SO ORDERED at Bridgeport this 29th day of September, 2005.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE