Keith Barile                    :       3:00CV2253(HBF)
  Plaintiff                     :
                                :
    v.                          :       2005 DEC -5 P 2: 22
                                :
Barry Drummond et al.           :       U.S. DISTRICT COURT
  Defendant                             November 29, 2005

**Memorandum in Support of Plaintiff's
Motion in Opposition**

On Feb. 16, 2005, the defendants in the above referenced case filed a motion for costs, pursuant to Rule 54, Fed. R. Civ. Proc., in the amount of $3,160.65. In their memorandum, dated Feb. 17, 2005, they claimed only $1,295.08 (see Def. Memorandum, pg.2, ¶2) in costs, which they claimed should be paid in full because the plaintiff "recently recieved a $2,000.00 settlement from the state." The defendants further claimed that they "reasonably reduced the amount to lesson the burden on the incarcerated plaintiff." This court, in an order dated Sept. 29, 2005, granted costs to the defendants in the amount of $2,607.15.

In its ruling, this court stated that the plaintiff failed to file an objection (see Ruling, pg.1, ¶2) and that the plaintiff, although granted informa pauperis status, had not claimed an inability to pay (see Ruling, pg.2, ¶3). For the following reasons the plaintiff opposes the defendants motion for costs.

This plaintiff filed a motion in opposition with this court via the inmate mail system at Cheshire Corr. Inst. on March 2, 2005. While the court, in it's ruling, stated that the palintiff failed to object to the motion, the March 2, 2005 motion by the plaintiff clearly states his objections and claims of indigency (see Motion in Opp.).

In their Memorandum, the defendants reference <u>Whitfield v. Scully</u> 241 F. 3d 264 (2nd Cir), which they claim shows the 2nd Circuits clear holding that payment of costs by an informa pauperis prisoner litigant is authorized by Fed. statute. However the particular portion of this decision that they reference refers to the means by which an assessment shall be collected, not wether an assessment is appropriate. This reference is therefore inappropriate in this case as the question at hand is not how to collect, but wether an assessment should be made at all.

In <u>Whitfield</u>, the court states that "indigency, per se, does not preclude an award of costs..." The Oxford dictionary defines "per se" as "in and of itself" or simply, alone. When indigency alone is the claim, and it is the only consideration, it does not preclude an award. It does not necessarily require one either.

<u>Whitfield</u> further cites <u>Aerotech, Inc. v. Estes</u> 110 F. 3d 1523, 1527 (10th Cir) in claiming that a district court is not required to deny a motion for costs "based solely because the suit was brought in good faith" again making the clear distinction that this deals with a situation where good faith is the only consideration.

In this case, however, there is more than one mitigating factor and so none of these considerations stands alone, as is the case with the cited case law. In their totality, the mitigating factors provide a sound base for denial of this motion for costs.

The plaintiff in this case was awarded informa pauperis status because he was in fact indigent. The plaintiff currently earns ¢.75 per day, has for the past 5 years and will fot the next 11 years. This is not even sufficient to cover the costs of bare essentials not provided for by the D.O.C., such as soap, shampoo, toothpaste, toothbrushes, socks, shoes, T-shirts, boxers, pens, papers, envelopes as well as co-payments for all dental, medical and optical care. The plaintiff contends that his

is the textbook definition of indigent, and as such should be given more consideration.

Further, this court found that the plaintiff's claim had merit and was brought in good faith when it allowed the plaintiff to go forward to trial, and when it did not dismiss the complaint after a motion by the defendants claimed, in part, that the plaintiff had filed the claim in bad faith.

In addition to the above mentioned arguments, the plaintiff asserts that the defendants, in their Memorandum in Supp. of their motion attempted to mislead this court about both their intentions and about the plaintiff's ability to pay.

In their Memorandum, the defendants claim that the plaintiff "recently recieved a two thousand dollar settlement from the state"(see Memor. pg.2,¶2) This claim is simply a fabrication. No such settlement was ever received by this plaintiff and the plaintiff challenges the defendants to offer proof that there ever was such an award. In the absence of any such proof, the plaintiff accuses the defendants of attempting to inflame this court with fraudulent claims and misrepresntations. This bad faith action should also be taken into account by this court when it decides wether the defendants deserve an award of costs.

In their Memorandum, the defendants claim that they "reasonably reduced the amount to lesson the burden on the incarcerated plaintiff", but then asked for a greater amount in their motion, and then attempted to mislead this court into believing that the plaintiff had access to assets that were a fabrication of the defendants. These actions, again, were a clear indication of their bad faith motives.

The plaintiff asserts that the motion for costs was brought in retaliation and with bad faith. This was made all the more evident when the defendants claimed that they had "throughout the trial advised the plaintiff of their intention to recover costs.", in a thinly veiled attempt to

intimidate the plaintiff into dropping the case, thus setting a dangerous precedent with which they could further intimidate other inmate litigants. Awarding costs against inmates who have absolutely no resources on which to draw, in cases where there is cause shown, acted on in good faith, makes no common sense and sends a message to every inmate who contemplates an action that, should he file an action, even when justified, he will or may be burdened with a lifelong debt because he chose to exercise his Constitutional rights. If this is allowed, it wont be long before the presonnel of the D.O.C. can do whatever they choose with impunity because of the prevailing fear of an obligation that cannot be met by indigent inmates. To send the message that if an inmate fails to prevail he will spend the rest of his life paying for the exercise of his right is wrong and not what I believe the legislators intended.

  Because the defendants acted in bad faith when they attempted to mislead this court as to the plaintiff's financial abilities and becuase the palintiff is ,in fact, indigent and because the plaintiff brought this case in good faith, the totality of these factors allows for the denial of the defendants motion for costs. In this case, this court should give considerable weight to the fact that the plaintiff will be indigent for at least the next 11 years and that the defendants in this case attempted to mislead and defraud this court. With that in mind, the plaintiff respectfully requests this court deny the defendants motion for costs.

_____
Keith Barile   #237196

C E R T I F I C A T I O N

This is to certify that a copy of the foregoing was mailed in accordance with Rule 5(b) Fed. R. Civ. Proc. this _29th_ day of _November_, 2005.

Steven Strom
Asst. Atty. General
110 Sherman St.
Hartford, Ct. 06105

_____
Keith Bardle    #237196