Keith Barile
   Plaintiff

   v.

Barry Drummond et al.
   Defendant

3:00CV2253(HBF)

FILED

March 1, 2005
2005 DEC 22  P 3: 38

U.S. DISTRICT COURT
BRIDGEPORT. CONN

### Motion in Opposition to Defendants
### Motion for Costs

On Feb. 16, 2005, the defendants in the above referenced case
filed a motion for costs, pursuant to Rule 54, Fed. R. Civ. Proc., in
the amount of $3,160.65. The plaintiff, Keith Barile, pro-se, opposes
that motion and respectfully requests this court deny that motion for
the following reasons.

The defendants, in their memorandum in support of their motion
reference Whitfield v. Scully 241 F. 3d 264 (2nd Cir. 2001), which they
claim shows that payment of costs by an informa-pauperis inmate litigant
is authorized by federal statutes. However, this particular reference
refers to an award that has already been assessed by the court rather
than a reference as to wether it is appropriate to award costs in the
first place. The portion to which the defendants refer simply outlines
the method by which the costs, having already been imposed, can be col-
lected. It is therefore inappropriate in this case, as costs have yet to
be awarded. The question before the court in this case is wether to
assess costs, not how to collect them.

In Whitfield, the court states that "indigency, per se, does
not preclude an award of costs against an unsuccessful litigant". The
Oxford Dictionary defines "per se" as "by or in and of itself" or
simply, by itself. When indigency alone is the claim and the only con-
sideration, it does not neccessarily preclude an award. Whitfield also

cites <u>Aerotech, Inc. v. Estes</u>, 110 F. 3d 1523,1527 (10th Cir. 1997), in claiming that a district court is not required to " deny a motion for costs based solely because the suit was brought in good faith, without frivolity." Again making the clear distinction that this deals with a situation where the only consideration is the absence of bad faith.

In the instant case, there are several mitigating factors that must be considered. None of them stands alone, as is the case in the cited cases, and because of this, the court must give due consideration to the claims of the plaintiff in their totality.

The plaintiff in this case was awarded informa pauperis status because he was, in fact, truly indigent. The plaintiff is currently incar-cerated, has been for over 7 years and will be for another 11 years. At his present job he earns ¢.75 per day, for a total of $21.00 per month. This sum does not even cover the costs of basic necessities not provided by the Department of Corrections, such as toothpaste, toothbrushes, soap, shampoo, socks, t-shirts, boxers, shoes, aspirin, paper, pens, pencils, envelopes, as well as co-payments for all medical, dental and optical care. The plaintiff asserts that it would be impossible to believe that this is not the textbook definition of indigent, and as such, the court must give considerable weight to the fact that the plaintiff could not make even a slight dent in any award the court might impose.

This court found that the plaintiffs complaint had merit when it allowed the plaintiff to go forward to trial. It also found that the complaint was brought in good faith when it did not dismiss the complaint. This coupled with the fact that the plaintiff is indigent should provide enough cause for the court to deny the defendants motion.

The plaintiff asserts that this motion by the defendants is purely a retaliatory action and should be denied just no that basis. The defendnats

made this evident when they claimed that they had "throughout the trial advised the plaintiff of their intention to recover costs", an obvious attempt to intimidate the plaintiff into dropping the case. The defendants wish to set a dangerous precedent here, which they can then use to further intimidate other inmate litigants from exercising their rights. Awarding costs against inmates who have little or no resources not only makes no common sense, but also send a bad message to other litigants. This kind of message will deter inmates from filing even legitimate claims for fear of losing what little they have. If this kind of thinking is allowed to prevail, it won't be long before D.O.C. personnel are doing whatever they want with even more impunity than they already enjoy. It is ludicrous to believe that there are never any violations worthy of litigation and to send the message that if you don't prevail you will spend the rest of your life paying for the exercise of your rights is wrong and not what I believe the legislators intended.

In considering wether to impose costs on the plaintiff, this plaintiff asks that the court consider three things: One, that this plaintiff has virtually no resource on which to draw to pay costs if they are imposed, two, that this court allowed this case to go forward because it saw merit, and three, that awarding costs will deter other inmates with valid, credible claims from litigating, thus allowing for the possibility that at some point in time D.O.C. personnel will be able to violate inmates rights without fear of retribution. Please send the message that just because an inmate loses an action, he will not neccessarily be punished by the burden of an award of costs.

The law says that the court cannot deny costs based solely on one or the other of these claims, but in their totality these claims provide sufficient cause to deny costs in this case. For these reasons this can and must find for the plaintiff and deny costs to the defendants.

Respectfully submitted,

_____
Keith Barile #237196


# C E R T I F I C A T I O N

This is to certify that a copy of the foregoing was mailed this _2nd_ day of _March_, 2005 to:

Steven Strom
Assistant Atty. General
110 Sherman Street
Hartford, Ct. 06105

_____
Keith Barile #237196