```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                         :
KEITH BARILE                             :
                                         :
v.                                       :  CIV. NO. 3:00CV2253 (HBF)
                                         :
BARRY DRUMMOND, et al                    :
```

## RULING ON PLAINTIFF'S MOTION
## TO VACATE COURT ORDER

I.  Factual Background

On November 9, 2004, plaintiff was ordered by the Court to pay $500 as security for costs. [Doc. # 109]. Upon plaintiff's request, payment of this $500 security was deferred until after the court ruled on plaintiff's Motion to Set Aside the Order Granting the Motion for Security for Costs. [Doc. # 114]. The defendants then requested that any ruling regarding costs be deferred until after trial. [Doc. # 135]. Thus, plaintiff was allowed to litigate this case without posting security for costs.

On February 4, 2005, the jury returned a verdict in favor of Defendants, [Doc. # 153], and judgment entered on February 8, 2005. [Doc. # 154]. On February 18, 2005, Defendants filed a Motion for Costs, together with a Bill of Costs and supporting exhibits. [Docs. # 156 and 157]. The Court granted the Motion for Costs on September 29, 2005, awarding the defendants 2,607.15. No opposition had been filed.

On December 5, 2005, approximately nine months after the Motion for Costs was filed, the plaintiff filed an objection to

the motion. Additionally, on December 22, 2005, plaintiff filed a Motion to Vacate the Court Order granting costs [Doc. # 160]. In support of his Motion to Vacate, plaintiff claims: 1) that he mailed an objection to the Motion for Costs in March of 2005[1]; 2) that he is indigent and cannot afford to pay costs; and 3) that his lawsuit was filed in good faith. Defendants objected to this motion to vacate. [Doc. #162]. For the reasons set forth below, plaintiff's Motion to Vacate [Doc. #160] is **DENIED**.

II. Standard of Review

    A. Rule 60(b)(1)

Pursuant to the Connecticut Local Rules of Civil Procedure, the period of time for filing an objection to a Motion for Costs is ten (10) days. D. Conn. L. Civ. P. 54(b). However, when the period of time proscribed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays are omitted. Fed. R. Civ. P. 6(a). Additionally, when service is made by mail, three days are added onto the proscribed period. Fed. R. Civ. P. 6(e). The defendants filed their Motion and Bill of Costs on February 18, 2005. Plaintiff's opposition was due on or before March 4, 2005, and if mailed, by March 7, 2005. The plaintiff claims to have mailed an objection on March 2, 2005.

---

[1] No objection was received or docketed by the Court in March of 2005. In fact, the first notice the Court had of plaintiff's objection to the Motion for Costs came in December of 2005, two months after the Court entered an Order granting the Motion.

However, no objection was received or docketed by the Court until December 5, 2005.

Under Fed. R. Civ. P. 60(b)(1), a court may relieve a party from an order for "mistake inadvertence, surprise, or excusable neglect."  "Courts repeatedly deny relief when they find that the facts and circumstance demonstrate a lack of diligence in pursuing or defending litigation."  12 James Wm. Moore, Moore's Federal Practice §60.41 at 60-90 (3d Ed. 1997).  Plaintiff's opposition, allegedly sent on March 2, 2005, was not received by either the Court or opposing counsel.  Plaintiff failed to explain the means used to forward the original to the Court and a copy to opposing counsel.  Plaintiff has also failed to adequately explain why he waited until December of 2005 to file a Motion to Vacate the Order granting costs issued by the Court on September 29, 2005.  Plaintiff has not shown "good cause or exceptional circumstances justifying [his] failure to do so."  Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 249 (2d Cir. 1997).  "[U]nder Rule 60(b)(1), there must be sufficient evidence of mistake, inadvertence, surprise, or excusable neglect and the motion must be timely filed."  In re Barth, 109 B.R. 570, 573 (Bankr. D. Conn. 1990); see First Nat'l Life Ins. Co. v. California Pacific Life Ins. Co., 876 F.2d 877, 882 (11th Cir. 1989) (affirming district court's ruling denying motion under 60(b)(1) because FNL failed to demonstrate that the proffered materials could not have been provided earlier), reh'g denied, 887 F.2d 1093 (11th Cir. 1989); Chavez v. Public Defender Dept.

3

State of New Mexico, 946 F.2d 900, 1991 WL 214683,*1 (10th Cir. 1991) ("[o]ther than this bald assertion, appellant's counsel made no explanation of the reason why mistake or inadvertence occurred."). Plaintiff has failed to produce any evidence to support any claim that his failure to comply with the filing deadlines is excusable. See Canfield, 127 F.3d at 251 (counsel's failure to read and obey an unambiguous court rule was not excusable); Home Box Office, a Div. of Time Warner Entertainment Co., L.P. v. Champs of New Haven, Inc., 837 F. Supp. 480, 483 (D. Conn. 1993) (finding that defendant's failure to defend this action properly and to comply with court orders and deadlines does not constitute "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1)). Accordingly, Plaintiff's Motion to Vacate [Doc. # 160] is denied.

    B.   The Plaintiff has not Offered Any Arguments that would Alter the Court's Order Granting Costs

In his December 5, 2005, objection to the Motion for Costs and the December 22, 2005, Motion to Vacate, plaintiff claims that the Order granting costs was improper because: 1) he was indigent, and 2) because he brought his civil action in good faith. Plaintiff also claims that the defendants' assertion that he received a $2,000 settlement from the State of Connecticut is incorrect. In its reply to plaintiff's motion to vacate, the defendants admit that the plaintiff never received any settlement money from the State. Instead, defendants allege that the inclusion of this language in its original motion for costs was a

"cut and paste" error and was not discovered when proofread.

"In exercising its discretion to tax costs, ... a district court should bear in mind that Rule 54(d) allows costs 'as of course' [and] such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Owen v. Georgia-Pacific Corp., No. 3:03cv378 (DJS), 2005 WL 3542407, at *2 (D. Conn. Nov. 28, 2005) (citing Simpson v. Denardo, No. 3:02cv1471 (MRK), 2004 WL 2713230, at *1 (D. Conn. Nov. 22, 2004 and Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001)). As noted in this Court's September 29, 2005 Order, "indigency per se does not automatically preclude an award of costs." Id. at 269. Nor is a district court required to deny a motion for costs solely because the suit was brought in good faith, without frivolity. Id. at 272. The losing party "has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Id. at 270. Whether to grant or deny a motion for costs is within the sound discretion of the district court. Id. at 269.

This Court made a conscious and deliberate decision to exercise its discretion to award reasonable costs to the prevailing defendants in this case. Plaintiff has offered no documentary evidence supporting his claim that he is unable to pay costs, now or in the future. In fact, crediting plaintiff's assertion that he earns $21.00 per month, the maximum that could

be deducted each month and placed in plaintiff's PLRA escrow account is 20 percent, or $4.20.  28 U.S.C. §§ 1915(b)(1) and (2).  While the PLRA imposes significant restrictions on prisoners who litigate, in this regard, the PLRA affords prisoners more protections for the payment of assessed costs than are available to non-prisoner litigants.  Additionally, plaintiff was aware of the possibility of having to pay costs if the defendants prevailed, as he was ordered to post $500 as security for costs.  Plaintiff was also advised on numerous occasions by defendants' counsel during discovery of their intent to seek costs.

Due to the lack of evidence presented by the plaintiff, the Court does not find that it would be inequitable to uphold its previous Order granting costs to the defendants in the amount of $2,607.15.  Undoubtedly, the defendants will agree to allow the plaintiff to pay these costs under some established repayment plan.

III. CONCLUSION

Based on the foregoing, plaintiff's Motion to Vacate **[Doc. #160]** is **DENIED**.


ENTERED at Bridgeport this 21st day of March 2006.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE